# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Linda Cruz-Packer<br>4800 Megan Drive<br>Clinton, Maryland 20735 | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| Department of Youth<br>Rehabilitation Services<br>Youth Services Center<br>1000 Mt. Olivet Road, N.E.<br>Washington, D.C. 20002 | )<br>)<br>)<br>)<br>)<br>) |
| Vincent Schiraldi, Director<br>1000 Mt. Olivet Road, N.E.<br>Washington, D.C. 20002 | )<br>)<br>)   Civil Action No.: _____ |
| David Brown, Deputy Director,<br>8300 Riverton Court<br>Laurel, Maryland  20724 | )<br>)<br>)<br>) |
| Mark Schindler, Chief of Staff<br>8300 Riverton Court<br>Laurel, Maryland  20724 | )<br>)<br>)<br>) |
| LaVern Evans, Superintendent<br>8300 Riverton Court<br>Laurel, Maryland  20724 | )<br>)<br>) |
| Pili Robinson, Senior Consultant to the<br>Department of Youth Rehabilitation<br>The Missouri Youth Service Institute<br>1906 Hayselton, Drive<br>Jefferson City, MO 65109 | )<br>)<br>)<br>) |
| Fitzgerald Fant, Human Resources<br>Manager<br>/EEO Officer<br>8300 Riverton Court<br>Laurel, Maryland  20724 | )<br>)<br>)<br>)<br>) |

**D.J. Thomas, Deputy Superintendent** )
**of Operations** )
**8300 Riverton Court** )
**Laurel, Maryland 20724** )


**Dexter Dunbar, Deputy Superintendent** )
**of Treatment** )
**8300 Riverton Court** )
**Laurel, Maryland 20724** )
)
)
           **Defendants.** )
_____ )

## NOTICE OF REMOVAL

The Department of Youth Rehabilitation Services, Vincent Schiraldi, David Brown, Mark Schindler, LaVern Evans, Dexter Dunbar, D.J. Thomas and Fitzgerald Fant, are defendants in the case Linda Cruz-Packer *v. District of Columbia, et al.,* Civil Action No. 06-8419, now pending in the Superior Court of the District of Columbia. Pursuant to 28 U.S.C. §§1441 and 1446, these defendants remove the above action from the Superior Court of the District of Columbia to this Honorable Court because the claims raised in plaintiff's complaint present federal questions appropriate for this Court.

Causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removable without regard to the citizenship or residence of the parties. See 28 U.S.C. § 1441(b). Pursuant to 28 U.S.C. § 1446, parties have 30 days after the receipt of the complaint, through service or otherwise, to file its removal of an action to the Untied States District Court. The herein named defendants received a copy of the Summons and Complaint on or about December 4, 2006. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received by undersigned counsel in this matter are attached hereto and incorporated by reference herein.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_/s/_

PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_/s/_

LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7854; (202) 724-7854; (202) 727-6295
leah.taylor@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this day of December 2006, a copy of the foregoing

Notice of Removal was mailed, postage prepaid to:

**Linda Cruz-Packer**
**4800 Megan Drive**
**Clinton, Maryland 20735**

**Pili Robinson**
**Andrew T. Wise, Esq.**
**Miller & Chevalier Chartered**
**655 15th Street NW**
**Suite 900**
**Washington, DC 20005**

Leah Brownlee Taylor
Assistant Attorney General

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Linda Cruz-Packer )
             Plaintiff(s) )
             )     Civil Action No.
             )
vs. )
             )
           Defendant(s) )
Dexter Dunbar )

### AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

     I, Linda Cruz-Packer , under oath do hereby state the following:

     That my age and birth date are as follows: _____
55 years     May 20, 1951
     That my residential or business address is:
4800 Megan Drive, Clinton, Maryland 20735
     That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant _____
Dexter Dunbar by registered/certified mail.
     That the return receipt attached hereto was signed by _____, the Defendant herein or Bernadette Akinreye , a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as _____
11/29/06 .

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

### SPECIFIC FACTS


                         Signature

Subscribed and sworn to before me this 11th day of DEC 2006

                         Deputy Clerk/Notary Public

Case: 2006 CA 008419 R
DET: CIVASSC

CYNTHIA A MASON
Notary Public, State of Maryland
Charles County
My Commission Expires July 2, 2009

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name)　C. Date of Delivery |
| 1. Article Addressed to:<br><br>Dexter Dunbar<br>Deputy Supt Treatment<br>8300 Riverton Court<br>Lawel, Md 20724 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br><br>3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7006 0100 0003 3530 4301 |

PS Form 3811, February 2004　　Domestic Return Receipt　　102595-02-M-1540

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

DEC 1 1 2006

*Linda Cruz-Packer*
        Plaintiff(s)        Civil Action No. _X-11 06_

vs.

        Defendant(s)

*David J. Thomas*

### AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, _Linda Cruz-Packer_, under oath do hereby state the following:

That my age and birth date are as follows: _____
_55 years_ _MAY 20, 1951_

That my residential or business address is: _____
_4800 Megan Drive, Clinton, Maryland 20735_

That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant _David J. Thomas_ by registered/certified mail.

That the return receipt attached hereto was signed by _____, the Defendant herein or _Bernadette Akinreye_, a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as _____
_11/24/06_ .

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

### SPECIFIC FACTS

_Linda Cruz-Packer_
Signature

Subscribed and sworn to before me this _11th_ day of _DEC_ 20 _2006_

_Cynthia A Mason_
Deputy Clerk/Notary Public

CYNTHIA A. MASON
Notary Public, State of Maryland
Charles County
My Commission Expires

1935829 VANCES 12/12/2006 3:48:27 PM

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent  ☐ Addressee<br>B. Received by (*Printed Name*)  C. Date of Delivery |
| 1. Article Addressed to:<br><br>D. J. Thomas, Deputy<br>Supt Operations<br>8300 Riverton Court<br>Laurel, Md 20724 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7006 0100 0003 3530 4295 |

PS Form 3811, February 2004          Domestic Return Receipt                    102595-02-M-1540

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA  DEC 1 1 2006

CIVIL DIVISION

Linda Cruz-Packer )
                  )
        Plaintiff(s)  )          Civil Action No. _____
                  )
                  )
        vs.       )
                  )
        Defendant(s)  )
David Browne      )
                  )

## AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, _____Linda Cruz-Packer_____, under oath do
hereby state the following:
        That my age and birth date are as follows: _____
_55 years_____MAY 20, 1951_____
        That my residential or business address is: _____
_4800 Megan Drive Clinton, Maryland 20735_.
        That a copy of the Initial Order, Complaint and Summons
was mailed by the affiant to the above named defendant _____
_DAVID BROWN_____ by registered/certified mail.
        That the return receipt attached hereto was signed by
_____, the Defendant herein or
_BERNADETTE AKINREYE____, a person of suitable age
and discretion residing therein at the Defendant's usual place of
abode, and the said receipt show the date of delivery as _____
_11/29/06_____.

If return receipt does not purport to be signed by the party named
in the Summons, then state specific facts from which the Court can
determine that the person who signed the receipt meets the
appropriate qualifications for receipt of process as required by
SCR (Civil) 4(e)(2) and 4(c)(3).

## SPECIFIC FACTS

_Linda Cruz-Packer_
                Signature

Subscribed and sworn to before me this _11th_day of _DEC_ 20 _2006_

_Cynthia A. Mason_
Deputy Clerk/Notary Public

CYNTHIA A. MASON
Notary Public, State of Maryland
Charles County
My Commission Expires July 20, 2009

1935829 VANCES 12/12/2006 3:48:27 PM

Case: 2006 CA 008419 B
DKT: CIVASSC

i

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by. ( Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>DAVID BROWNE, Dept<br>Sup Treatment<br>8300 Riverton Cf<br>Laurel, Md 20724 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
|  | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7006 0100 0003 3530 4325 |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

_Linda Cruz-Packer_                  )                  OO8419-06
                Plaintiff(s)         )         Civil Action No. _____
                                     )
                                     )
            vs.                      )
                                     )
_Department of Youth_  Defendant(s)  )
_Rehabilitation Services_            )

AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, _Linda Cruz-Packer_ , under oath do hereby state the following:
            That my age and birth date are as follows: _____
_55 years    May 20, 1951_
            That my residential or business address is:
_4800 Megan Drive, Clinton, Maryland 20735_
            That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant _____
_Dept of Youth Reh Service_ by registered/certified mail.
            That the return receipt attached hereto was signed by
_____, the Defendant herein or
_W. Montague_ , a person of suitable age
and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as _____
_11/29/06_ .

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS

_Linda Cruz-Packer_
                    Signature

Subscribed and sworn to before me this _11th_ day of _DEC_ 19 _2006_

_Cynthia A. Mason_
Deputy Clerk/Notary Public

CYNTHIA A. MASON
Notary Public, State of Maryland
Charles County
My Commission Expires July 26, 2009

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _M. Montague_  ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name)  C. Date of Delivery<br>_W. Montague_   _11-29-06_<br>D. Is delivery address different from item 1?  ☐ Yes<br>   If YES, enter delivery address below:  ☐ No |
| 1. Article Addressed to:<br><br>Department of Youth Rehab.<br>Services, ~~Parole~~<br>Youth Services Center<br>1000 Mt. Olivet Road, N.E.<br>Wash, DC. 20002 | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*  ☐ Yes |
| 2. Article Number<br> *(Transfer from service label)* | 7006 0100 0003 3530 4264 |
| PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-1540 |

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA DEC 1 1 2006

CIVIL DIVISION

Linda Cruz-Packer )
                   )
         Plaintiff(s)  )          Civil Action No. _____
                   )
                   )
         vs.       )
                   )
         Defendant(s) )
Fitzgerald Font    )

## AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, Linda Cruz-Packer _____, under oath do hereby state the following:
That my age and birth date are as follows: _____
55 years          May 20, 1951
That my residential or business address is: _____
4800 Megan Drive, Clinton, Maryland 20735
That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant _____
_____ by registered/certified mail.
That the return receipt attached hereto was signed by
_____, the Defendant herein or
Bernadette Akinroye _____, a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as _____
11/29/06 _____.

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

## SPECIFIC FACTS

_Linda Cruz-Packer_
Signature

Subscribed and sworn to before me this 11th day of DEC 20 2006

_Cynthia A. Mason_
Deputy Clerk/Notary Public

Case: 2006 CA 008419 R

CYNTHIA A. MASON
Notary Public, State of Maryland
Charles County
My Commission Expires: June 28, 2009

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X. _____ ☐ Agent / ☐ Addressee<br>B. Received by (Printed Name)     C. Date of Delivery<br>D-Ak-I-Wewe |
| 1. Article Addressed to:<br><br>Fitzgerald Fant<br>Human Resources Mgr.<br>8300 Riverton Court<br>Laurel, Md 20724 | D. Is delivery address different from Item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7006 0100 0003 3530 4271 |

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Linda Cruz-Packer )
         Plaintiff(s) )
          )
          )  Civil Action No. 0084114-06
          )
    vs. )
          )
        Defendant(s) )
La Vern Evans )

**AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL**

    I, Linda Cruz-Packer , under oath do hereby state the following:

    That my age and birth date are as follows: _____
55 years    May 20, 1951

    That my residential or business address is: 4800 Megan Drive, Clinton, Maryland 20735

    That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant _____ LaVern Evans by registered/certified mail.

    That the return receipt attached hereto was signed by Bernadette Akinreye , the Defendant herein or _____, a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as _____ 11/29/06 .

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

**SPECIFIC FACTS**

                         Linda Cruz-Packer
                            Signature

Subscribed and sworn to before me this 11th day of DEC 20 2006

               Cynthia A Mason
               Deputy Clerk/Notary Public

CYNTHIA A. MASON
Notary Public, State of Maryland
Charles County
My Commission Expires July 28, 2009

Case: 2006 CA 008419 B
DKT: CIVASSC

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _____ ☐ Agent ☐ Addressee <br> B. Received by ( *Printed Name* )    C. Date of Delivery <br> Angel Wolf |
| 1. Article Addressed to: <br><br> David Brown <br> 8300 Riverton Court <br> Laurel, MD 20724 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br> NOV 3 0 2006 <br><br> 3. Service Type <br> ☐ Certified   ☐ Express Mail <br> ☐ Registered   ☐ Return Receipt for Merchandise <br> ☐ Insured Mail   ☐ C.O.D. <br> 4. Restricted Delivery? (*Extra Fee*)    ☐ Yes |
| 2. Article Number <br> (*Transfer from service la*) | 7006 0810 0003 8143 2522 |
| PS Form 3811, February 2004     Domestic Return Receipt | 102595-02-M-1540 |

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA    DEC 1 1 2006

CIVIL DIVISION

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

Linda Cruz-Packer )
                Plaintiff(s) )          CA 008419-06
                             )      Civil Action No. _____
                             )
        vs.                  )
                             )
                Defendant(s) )
Pili Robinson                )

### AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, _Linda Cruz-Packer_____, under oath do
hereby state the following:
        That my age and birth date are as follows: _____
_55 years    May 20, 1951_____
                That my residential or business address is:
_4800 Megan Drive, Clinton, Maryland 20735_____
        That a copy of the Initial Order, Complaint and Summons
was mailed by the affiant to the above named defendant _____
_Pili Robinson_____ by registered/certified mail.
        That the return receipt attached hereto was signed by
_____, the Defendant herein or
_Mark Stewart_____, a person of suitable age
and discretion residing therein at the Defendant's usual place of
abode, and the said receipt show the date of delivery as _____
_12/4/06_____.

If return receipt does not purport to be signed by the party named
in the Summons, then state specific facts from which the Court can
determine that the person who signed the receipt meets the
appropriate qualifications for receipt of process as required by
SCR (Civil) 4(e)(2) and 4(c)(3).

### SPECIFIC FACTS

_Linda Cruz-Packer_
                                Signature

Subscribed and sworn to before me this _11th_ day of _Dec_ 19 _2006_

_Cynthia A. Mason_
                Deputy Clerk/Notary Public

Case: 2006 CA 008419 B

**CYNTHIA A. MASON**
Notary Public, State of Maryland
Charles County
My Commission Expires July 28, 2009

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Pili Robinson
The Missouri VSI
1906 Hayselton Drive
Jefferson City, MO
65109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
                                 12-4

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7006 0100 0003 3530 4288

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA DEC 11 2006

CIVIL DIVISION

*Linda Cruz-Packer* )
           Plaintiff(s) )
)
                    vs. )
*MARK Schindler* )
           Defendant(s) )
)

Civil Action No. *deca CC 8414*

## AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, *Linda Cruz-Packer* , under oath do hereby state the following:

    That my age and birth date are as follows: _____
*55 years*      *MAY 20, 1951*
    That my residential or business address is: _____
*4800 MEGAN DRIVE, Clinton, Maryland 20735*
    That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant _____
*MARK Schindler* by registered/certified mail.
    That the return receipt attached hereto was signed by _____, the Defendant herein or
*BERNADETTE ARKIN Reese* , a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as _____
*11/29/06* .

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

## SPECIFIC FACTS

*Linda Cruz-Packer*
Signature

Subscribed and sworn to before me this *11th* day of *DEC* No *2006*

*Cynthia A. Mason*
Deputy Clerk/Notary Public

Case 2006 CA 008419 B
*barcode*
B002669225
DKT: CIVRSSC

CYNTHIA A. MASON
Notary Public, State of Maryland
Charles County
My Commission Expires Feb 28 2009

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3. Also complete Item 4 If Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mark Schindler
Chief of STAff
8300 Riverton Court
Laurel, Md 20724

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)    7006 0100 0003 3530 4349

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

FILED
DEC 11 2006

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Linda Cruz-Packer )
                   )
        Plaintiff(s) )        Civil Action No. _____
                   )
                   )
    vs.            )
                   )
Vincent Schiraldi  Defendant(s) )
                   )

AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

        I, Linda Cruz-Packer , under oath do hereby state the following:

        That my age and birth date are as follows: _____
55 years    MAY 20, 1951
        That my residential or business address is: _____
_____ 4800 MEGAN DRIVE, CLINTON, Maryland 20735
        That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant _____
_____ by registered/certified mail.
        That the return receipt attached hereto was signed by
_____, the Defendant herein or
_____ W. Montague _____, a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as _____
11/29/06 .

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS

_____ Linda Cruz-Packer _____
                     Signature

Subscribed and sworn to before me this 11th day of DEC ᵗᵒ 2006

_____ Cynthia A. Mason _____
Deputy Clerk/Notary Public

CYNTHIA A. MASON
Notary Public, State of Maryland
Charles County
My Commission Expires: July 28, 2009

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Vincent Schiraldi, Dir
YSC
1000 mt. Olivet Rd, NE
Wash, DC 20002

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by ( Printed Name)

W. Montague

C. Date of Delivery

1.29.06

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article Number
(Transfer from service label)

7006 0100 0003 3530 4332

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

**Linda Cruz-Packer,**
**4800 Megan Drive**
**Clinton, Maryland 20735**

*Plaintiff*

v.

**Department of Youth Rehabilitation**
**Services, et al**
Youth Services Center
1000 Mt. Olivet Road N.E.
Washington, D.C. 20002

**Vincent Schiraldi, Director**
Youth Services Center
1000 Mt. Olivet Road, N. E.
Washington, DC 20002

**David Brown, Deputy Director**
8300 Riverton Court
Laurel, Maryland 20724

**Mark Schindler, Chief of Staff**
8300 Riverton Court
Laurel, Maryland 20724

**LaVern Evans, Superintendent**
8300 Riverton Court
Laurel, Maryland 20724

Civil Action No. _____

FILED
CIVIL ACTIONS BRANCH
NOV 21 2006
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC



Case: 2006 CA 008419 B

Linda Cruz-Packer v. Department of Youth Rehabilitation Services, et al
November 20, 2006

**Pili Robinson, Senior Consultant**
The Missouri Youth Service Institute
1906 Hayselton Drive
Jefferson City, Mo 65109

**Fitzterald Fant, Human Resources Mgr.**
8300 Riverton Court
Laurel, Maryland 20724

**D.J. Thomas, Deputy Superintendent of
Operations**
8300 Riverton Court
Laurel, Maryland 20724

**Dexter Dunbar, Deputy Superintendent
Treatment**
8300 Riverton Court
Laurel. Maryland 20724

*Defendants*

Linda Cruz-Packer v. Department of Youth Rehabilitation Services, et al
November 20, 2006

## COMPLAINT

Plaintiff, Linda Cruz-Packer, complains of defendant, Department of Youth Rehabilitation Services, et al as follows:

1.  This court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1331, as this action involves federal violations.

2.  Venue properly rests with this court, pursuant to 28 U.S.C. Section 1391(e), as the Defendant is an agency of the District of Columbia and the Plaintiff is a former employee of the Defendant.

## PARTIES

3.  Pro se litigant, Linda Cruz-Packer (hereinafter "Plaintiff).

4.  The Defendant is the Department of Youth Rehabilitation Services, et al, (hereinafter "DYRS"), an agency of the District of Columbia.

5.  Plaintiff was terminated in mass firing with nine managers, terminating more than 33% of the management workforce at the Oak Hill Youth Center.

I.  Statement of the Case

This complaint is before the Superior Court of the District of Columbia on the grounds of wrongful termination. The Plaintiff contends that her termination was motivated by discrimination on the basis of the Plaintiff's race, age, sex, retaliatory based on her participation in the administrative complaint process investigation conducted by a Ms. Geiger, identifying discrepancies and mismanagement by Deputy Superintendent Dunbar and Senior Consultant Robinson, constantly requesting investigations into matters of concerns at Oak Hill, which required management to actually work in violation of her First Amendment Rights, the 1994 Fair Employment practices, the National Labor Relations Act of 1935, anti retaliation laws, civil service laws.

Wherefore, the Plaintiff demands judgment against Defendant(s) in the sum of $850,000.00, and reinstatement of a career service status position within the agency for which she is qualified.

The Plaintiff contends the termination to be a wrongful termination and that the defendants' actions were adversarial, malicious, and retaliative, resulting in discrimination, actionable retaliation to activity that affected the terms and conditions of the Plaintiff's employment, intentional infliction of emotional stress, negligent infliction of emotional stress, retaliatory

Linda Cruz-Packer  v. Department of Youth Rehabilitation Services, et al
November 20, 2006

discharge, and defamation of the Plaintiff's character.

The termination decision as well as the inauspicious actions of the defendants have caused personal injury to the Plaintiff, causing emotional stress, economic losses, and other punitive damages, and for the reasons expressed below, the Plaintiff concludes that the Department of Youth Rehabilitation Services' charge upon which the termination decision was based is a wrongful termination.

Wrongful discharge actions for violating public policy can be premised on one of three grounds:
    a) Explicit legislative statements prohibiting discharge, discrimination or adverse treatment of employees who act in accordance with the statutory right or duty;

    b) "Legislative expression of policy" - for example, discharging an employee for refusing to violate the law during employment; or,

    c) Retaliatory discharge.

Title VII of the Civil Rights Act of 1964 forbids employment discrimination against "any individual" based on that individual's "race, color, religion, sex, or national origin." Pub. L. 88-352, §704, 78 Stat.257, as amended, 42 U.S.C. §2000e-2(a).  A separate action of the Act – its anti-retaliation provision – forbids an employer from "discriminat[ing] against" an employee or job applicant because that individual "opposed any practice" made unlawful by Title VII or "made a charge, testified, assisted, or participated in" a Title VII proceeding of investigation.  §2000e-3(a).

In Philip's v Butterball Farms Co, 448 Mich 239 (1995), the Michigan Supreme Court resolved a conflict in the Court of Appeals and held that a claim of retaliatory discharge sounds in tort and not in contract. Consequently, the full tort remedies are available for a retaliatory discharge in violation of public policy.


II.    Background and Director's Decision

A.    The Facts

    The facts, which are set forth in the Director's decision, are briefly summarized here.  The Director terminated the Plaintiff on October 19, 2006, at approximately 12:30 p.m., for "no cause" and because the Plaintiff was classified as an at-will employee under the Management Supervisory Service (MSS).

Mark Schindler, Chief of Staff, Dexter Dunbar, Deputy Superintendent of Treatment, and

4

**Linda Cruz-Packer v. Department of Youth Rehabilitation Services, et al**
November 20, 2006

Fitzgerald Fant, Human Resources Manager were present at time of termination.

In September, 2006, the Plaintiff informed the Superintendent of work-related issues she was experiencing under the supervision of Deputy Director Dunbar and the Consultant, Pili Robinson. The Superintendent immediately called a meeting with all of the female Unit Mangers, to discuss the same work place issues. As a consequence, the Plaintiff was terminated.

October 19, 2006, Plaintiff received written notice of termination, effective November 3, 2006 signed by Vincent Schiraldi and a copy of an acknowledgement of termination letter signed by David Brown and Lavern Evans. Plaintiff was informed that the termination was neither grievable nor appealable and prohibited from returning to her work site to retrieve her personal property, and asked to turnover all DYRS' keys and property. The Plaintiff responded accordingly. Plaintiff was informed by Mark Schindler that several mangers were going to be terminated that day.

October 19, 2006, the Plaintiff and Dr, Monika Wilson-Greene, former employee terminated during the October 19, 2006 mass firing, made a three-way call to Vincent Schiraldi on his cell phone (202-369-7171) requesting an exit interview, requesting an explanation for the terminations and a description of the process he used to determine whom to terminate at-will. The Director responded " I am aware of the terminations, I approved them. I will contact you if Mark Schindler tells me it is necessary to meet with you for an exit interview."

October 19, 2006, Vincent Schiraldi, David Brown, Mark Schindler, LaVern, Evans, Dexter Dunbar, D. J. Thomas, and Fitzgerald Fant, Human Resources Director at DYRS, made a public announcement to the DYRS staff at the OHYC the Plaintiff had been terminated and that the Plaintiff was no longer allowed on the premises, and that the Plaintiff failed to follow the direction the Director was taken the agency.

October 20, 2006 Plaintiff requested a copy of official personnel file.

October 20, 2006, Vincent Schiraldi, David Brown, Mark Schindler, LaVern, Evans, Dexter Dunbar, D. J. Thomas, and Fitzgerald Fant, Human Resources Director at DYRS, made a public announcement to the DYRS staff in a town hall meeting, that the Plaintiff had been terminated and that the Plaintiff was no longer allowed on the premises, and that the Plaintiff failed to follow the direction the Director was taken the agency.

October 20, 2006, the Plaintiff and several managers terminated in the October 19, 2006 mass firing, contacted the District of Columbia City Council, informing them of the mass firing that took place on October 19, 2006.

October 21, 2006, the Plaintiff requested a meeting with the Director to discuss the process he used in deciding to terminate the Plaintiff.

5

Linda Cruz-Packer v. Department of Youth Rehabilitation Services, et al
November 20, 2006

October 23, 2006, Councilmember Marion Barry requested an explanation form Director Schiraldi of the rationale for the mass firing on October 19, 2006.

October 24, 2006 (on or about), Mark Schindler, Chief of Staff, in response to Councilmember Barry's request, reported via telephone, to E. Faye Williams, Esq., then Chief of Staff for Councilmember Barry, that *the Plaintiff was terminated because she was incompetent and rarely came to work.*

October 25, 2006, Mayor Elect and Chairman of the Human Services Committee, **Adrian Fenty,** requested an investigation of the rationale for the mass firings on October 19, 2006.

October 25, 2006 (on or about), the Plaintiff and several managers terminated in the October 19, 2006 mass firing, contacted Judge Herbert Dixon, overseer of the Jerry M. Consent Decree that the DYRS is governed by in part, informing him of the mass firing that took place placing the DYRS out of compliance with the consent decree.

October 26, 2006, Director responded to Plaintiff's request via email, denying the Plaintiff's request for a meeting and suggesting that he had spoken with several staff, residents, and their families about the Plaintiff's performance as it relates to progress at the OHYC, and used this information in part, as the basis for his decision to terminate the Plaintiff.

On November 13, 2006, Ms. Cruz-Packer called to inquire about her personal items that management had failed to allow her to retrieve prior to her termination. Ms Cruz-Packer was told that her personal belonging whereabouts where unknown.

## History

On April 3, 2006, Ms. Cruz-Packer was improperly hired as a Supervisory Correctional Officer, MSS 11/04, at a salary of $51,387.00. Ms. Cruz-Packer immediately notified Fitzgerald Font, Human Resource Manager of this mistake. She also requested specialty pay to accommodate and adjust her low salary. **Ms. Cruz-Packer applied for a MSS-12, and was certified on the MSS-12 list. Furthermore, Ms. Cruz-Packer never applied for an MSS-11 position.** Ms. Cruz-Packer also submitted her federal form SF-50 showing her last grade was a GS-14, with a salary of $105,000.00. Numerous disparities in pay and grade was done in hiring males in particular white males who were brought in at higher salaries who had less experience, less education than Ms. Cruz-Packer. In addition, Ms. Cruz-Packer phoned, e-mailed, and spoke in person to Mr. Font and Mark Schindler to correct this oversight. Neither bothered to respond either orally or in writing. In addition, after a three month period had gone by, Font refused to do a pay adjustment.

On April 17, 2006, Ms. Cruz-Packer was assigned as the Unit Manager to Unit 8A & 8B, at the DYRS Oak Hill Facility. Within less than a month Ms. Cruz-Packer was reassigned as the evening Shift Commander (OD) with one days notice. Ms. Cruz-Packer received no training in any of her positions. Management barely spoke to her and when they did it was mostly due to crisis incidents/situations. **Ms. Cruz-Packer**

**Linda Cruz-Packer v. Department of Youth Rehabilitation Services, et al**
November 20, 2006

was the only female OD at Oak Hill, and when she started reporting deficiencies with the numerous written reports she generated, Ms. Cruz-Packer was retaliated against and removed from the OD position. On July 21, 2006, Ms. Cruz-Packer, was reassigned to MOD II, and given four days to transition. Mr. Henry Davis was assigned as the OD in her place. When she inquired about the disparity treatment between herself and the other male OD's she was told she was lucky to have a job. Later, supossively according to Superintendent Evans, Ms. Cruz-Packer was removed to prevent another staff person (Sommerville) from obtaining a Unit Manager position in Unit 7A.

In addition, Ms. Cruz-Packer was moved an additional three times. She was assigned to Mod, 7A and Genesis. No other manager was moved 5 times in a six month period. Each move was done chaotically with little time normally one day period for transition with no explanation provided for the change.

Watch Commander Corbitt and Deputy Superintendent David J. Thomas. During the end of June 2006 while Superintendent Evans was out on personal leave relating to his father, Ms. Cruz-Packer was question concerning investigations of possible retaliation and reprisal actions by attorney Andrea Geiger. Later upon Superintendent Evans return from his leave, Ms. Cruz-Packer was summoned to his office and in the presence of the subjects of the aforementioned investigations (Ms. Corbitt and Deputy Supt. David J. Thomas) Superintendent solicited information concerning said investigations.

Evans asked the questions in such a manner that she could truthfully answer in the negative. However, his inquiries into this matter was a violation of confidentiality and compromised the investigation, and made Ms. Cruz-Packer feel intimidated and fearful for her job if these senior managers learned of her cooperating in any way with Ms.Geigers investigation. Ms. Cruz-Packer now feels that the pretext of her removal was merely a pretext to discriminate against Ms. Cruz-Packer on the basis of her sex, age and race and retaliate against her for participating in an administrative investigation relating to Senior Management at Oak Hill.

On several occasions Deputy Superintendent Dunbar denied Ms. Cruz-Packer request for leave or Flex time contrary to the DPM. In addition, he required her to give one to two weeks notifications. During October, Ms. Cruz-Packer's son became ill and had to be hospitalized. Dunbar denied her request for leave, which was a violation of the Family Medical Leave Act and Ms. Cruz-Packer had to take sick leave which was later commuted to compensatory time due to Ms. Cruz-Packer's compensatory time accumulated when she was serving as the evening OD which was over 100 hours. Dunbar refused to allow Ms. Cruz-Packer to use Flex time, however other managers were allowed. Mr. Dunbar harassed Ms. Cruz-Packer regarding time and attendance, when in actuality he was allowed two weeks leave when he had only been a staff member for less than a month.

Deputy Superintendent Dunbar repeatedly accused Ms. Cruz-Packer of falsifying her work hours because he supposedly observed her leave the facility on a few occasions, mainly on Tuesdays, when she and several other managers left for lunch. It should be noted that Ms. Cruz-Packer seldom took lunch or left the facility on the other four days she was scheduled to work. Dunbar's constant harassment and accusations against her led her to file a formal complaint with Superintendent Evans. Sign in Times, lunch breaks became a constant topic of Dunbar and often he would refuse to sign off on time sheets because of his wrong perception against Ms. Cruz-Packer.

Deputy Superintendent Dunbar maliciously lied to Superintendent Evans about many things regarding the

7

**Linda Cruz-Packer v. Department of Youth Rehabilitation Services, et al**
November 20, 2006

professional conduct of Ms. Cruz-Packer in an effort to sabotage her position as the Unit Manager in Genesis. Among those actions credited to Ms. Cruz-Packer falsely were the following:

- She copied and provided copies to the residents of Genesis a level sheet indicating that there were only four levels as opposed to six which were presented in October of 2006 by Dunbar and Consultant Robinson. This change in level status brought on mass confusion amongst the staff and residents which in actuality was authored and presented to the residents by Dunbar and Robinson.

- She took two to three hour lunches several times a week. When Ms. Cruz-Packer seldom took lunch breaks except on Tuesday after Management meeting when she and several other managers left the facility to eat lunch off campus. Ms. Cruz-Packer was often admonished for partaking in lengthy lunch breaks, when in actuality she had left the campus to provide information on various investigations conducted by either Andrea Geiger or Keith Grimes. On those occasions that were related to lunches, Ms. Cruz-Packer was confronted by Dunbar, but the other managers were not, indicating extreme discrimination and animosity on the part of Deputy Superintendent Dunbar towards Ms. Cruz-Packer.

- She violated the confidentiality of a female Genesis staff member by identifying that person as having been placed on administrative leave in the Genesis Overview. When in actuality the AM OD Evans had made the announcement in roll call, and management staff had her escorted off campus for all to observe.

On September 28, 2006, after being shown a copy of the Genesis Overview, that Ms. Cruz-Packer wrote, Deputy Superintendent Dexter Dunbar became enraged. He stated in front of most of the Genesis staff, that Ms. Cruz-Packer should be fired for authoring the overview. Dunbar was so angry that he swore and cursed when he made the aforementioned statement.

On Tuesday October 3, 2006, Dunbar was in his car leaving the facility when he observed Ms. Cruz-Packer and several other Managers returning back to the facility. He literally turned his car around to confront Ms. Cruz-Packer. Dunbar asked Ms. Cruz-Packer under whose authority did she author the Genesis Overview?

Ms. Cruz-Packer replied by asking Dunbar was that a directive or was he asking me a question. When Dunbar responded by stating it was a question, Ms. Cruz-Packer responded by stating, she preferred not to answer. This response angered Dunbar even more.

Subsequently, at the October 5, 2006, Staff meeting Dunbar once again stated that Ms. Cruz-Packer should be fired for allowing residents to make phone calls, based on information provided by staff without allowing Ms. Cruz-Packer an opportunity to respond to her reasons for allowing the phone calls. No male staff was ever reprimanded in this manner. When attempts were made by Ms. Cruz-Packer to explain her actions Dunbar refused to meet with her to discuss the matter. To her knowledge no other male manager has been subjected to such degrading treatment.

8

**Linda Cruz-Packer v. Department of Youth Rehabilitation Services, et al**
**November 20, 2006**

Mr. Dunbar swore and made several derogatory comments concerning Ms. Cruz-Packer, including stating at the September 28th and October 5th meeting that Ms. Cruz-Packer should be fired for authoring the Overview of the Genesis Program.

On another occasion at the October 5th meeting Dunbar stated that he would take disciplinary actions against Ms. Cruz-Packer for allowing a resident to make a phone call. Discussions of anticipated disciplinary actions against a manager should not have been discussed in an open forum with staff that Ms. Cruz-Packer supervised. This was retaliatory and unprofessional in nature. Male supervisors are not treated in this manner.

That all of the upper management that Ms. Cruz-Packer reports to are males. That the above referenced males condone and maintain a hostile work environment for its female staff. That the above reference management condone and perpetuated a hostile work environment at OHYC, by allowing non-supervisory employees to be promoted/and or assigned or placed in positions that are created for them and getting assignments without competing for the positions.

B.    The Director's Decision

The Director reports that he concurred with the recommendation of Superintendent Evans.

The Director reported via termination letter that he terminated the Plaintiff in accordance with §3818 of the District Personnel Manual (DPM); via Chief of Staff as a result of the Plaintiff's incompetence and failure to report to work; and via direct email as a result of numerous reports of the Plaintiff's poor performance and progress at OHYC. The reasons cited by the DYRS for the Plaintiff's termination are ambiguous and violate the D.C. Official Code, numerous employment laws, and several of the DYRS policies. Therefore, it was impossible for the Plaintiff to receive fair and unbiased treatment through the termination process implemented by the Director.

The Director identified performance issues and attendance issues as reasons, in part, for terminating the Plaintiff. The Director failed to provide any documented proof of poor performance of the Plaintiff in her official capacity of Supervisory Correctional Officer/Unit Manager. The Plaintiff enforced policy where conduct of the residents were out of compliance. In addition the Plaintiff has never been absent form woek without approved leave since her hire. Therefore, the validity of what is alleged by the DYRS depends on credibility and motivation.

The Director failed to follow the parameters of the performance management program, D.C. Official Code § § 1-609.51 through 1-609.58 (2001), which is the systematic process by which an agency involves its employees, as individuals and members of a group, in improving performance in the accomplishment of agency mission and goals (DPM 1402.1). Subsequently, the Director failed to a) Communicate and clarify organizational goals to employees; (b) Identify individual and, where applicable, team responsibilities and accountability for accomplishing organizational goals; (c) Identify and address developmental needs for individuals and, where applicable, teams;

Linda Cruz-Packer  v. Department of Youth Rehabilitation Services, et al
November 20, 2006

(d) Assess and improve individual, team, and organizational performance; (e) Use appropriate
measures of performance as the basis for recognizing and rewarding accomplishments; and (f)
Use the results of performance appraisal as a basis for appropriate personnel actions (DPM
1402.2a-f).

Further, as an employee of the District of Columbia government, the Plaintiff was never informed
of any deficiencies in her work performance in a timely manner, throughout the rating period so
that, to the extent possible, she is given an opportunity to overcome such deficiencies and improve
her performance (DPM 1402.3a). Each supervisor shall complete a Performance Plan outlining
what is expected for each covered employee (DPM 1406.1). The Plaintiff was not given a
Performance Plan as dictated in the DPM. Therefore, the reason of poor performance is not valid
if the DYRS has failed to identify and discuss with the Plaintiff performance competencies, and
how each competency would relate to the Plaintiff's job. (DPM 1406.1 through 1409.3).

Based on the facts presented by the Plaintiff, the Plaintiff was in compliance and committed no
wrong doings. Further, the inclusion of the stated events as a basis, in part, for the termination of
the Plaintiff is not supported by any factual information of any wrong doing. Therefore, the
Plaintiff contends that the termination of the Plaintiff was indeed a wrongful termination.

In respect to the Director's report of numerous meetings and debates regarding the Plaintiff's
termination, the Plaintiff contends that the recommendations the Director reports of having
received regarding the Plaintiff, are based upon the personal opinions and word of mouth of the
Executive Management team, few staff, and few residents as opposed to fact. Further, the
Director does not include any input from the Plaintiff, as logic, and *fair* employment practices
dictate. Overall, the Director's decision to terminate the Plaintiff reflects the biased opinions and
distorted interpretations of the Executive Management team. The Director has failed to show any
documented proof of any alleged poor performance of the Plaintiff as it relates to the OHYC
progress and program operations of the Plaintiff. Therefore, the Plaintiff contends that the
termination decision executed by the Director is indeed a wrongful termination.

The Director further implies that he additionally spoke with line staff, cooks, maintenance
workers, mental health staff, parents, and youth, regarding the Plaintiff's performance of her
duties. The Plaintiff views this action as hostile and discriminatory. This action of the Director
also suggests that the Director conducted an evaluation of the Plaintiff's performance in her
official position of Supervisory Correctional Officer/Unit Manager and used the information
gathered from the line staff, cooks, maintenance workers, mental health staff, parents, and youth,
in part, as his basis for her termination.

The Plaintiff contends that when she accepted the offer of employment from DYRS, there was no
statement or other indication of her being subjected to an evaluation of her performance by
anyone other than her immediate supervisor (DPM 1412.3). Further, the Plaintiff was not given
any other documentation or orientation, training, etc. that indicated the Director had the authority

to evaluate an employee based upon the comments of any person he questioned about the employee's performance, nor is there any written documentation of this *policy/procedure* for evaluation, by anyone the Director selects, in the DPM. In addition, the Plaintiff is not aware of any other manager in the DYRS that has been evaluated by persons other than their immediate supervisor, and *the* evaluation used as a basis to determine if the manager should be terminated. This is discrimination and it contributed to the creation of a hostile work environment for the Plaintiff.

The fact that the Plaintiff does not have a current performance evaluation from the DYRS that reflects any deficiencies in program operations or management functions is evident that the Plaintiff's job performance is not the issue as implied by the DYRS. Therefore, the Plaintiff contends that the Director's decision to terminate her was malicious as well as discriminatory.

Therefore, the Plaintiff contends that the Director discriminated against her when he solicited comments and evaluations from the Plaintiff's staff, colleagues, and residents of her job performance with the intended purpose of using the results as a basis in part, for firing her. Further, this behavior warrants an in depth look into the rationality behind the decision to terminate the Plaintiff. The Director has violated the DC Human Rights Act and failed to act appropriately and in adherence to the *DPM* in making his decision to terminate the Plaintiff. Therefore the Plaintiff contends that the Director's termination decision was indeed a wrongful termination.

III.    The Plaintiff's Exceptions

A.    Discrimination

The Plaintiff contends that she was terminated for reporting mismanagement and harassment by Deputy Superintendent Dunbar. Specifically, the Plaintiff submitted a detailed report documenting the inefficiencies of the Genesis Program and the poor supervision of Dunbar and Consultant, Pili Robinson. The Plaintiff as a government employee had the right *not to be* terminated without sufficient justification. The Plaintiff had the right not to be disciplined or fired based on speech that involves matters of public concern.

Title VII of the Civil Rights Act of 1964 forbids employment discrimination against "any individual" based on that individual's "race, color, religion, sex, or national origin." Pub. L. 88-352, §704, 78 Stat.257, as amended, 42 U.S.C. §2000e-2(a). A separate action of the Act – its anti-retaliation provision – forbids an employer from "discriminat[ing] against" an employee or job applicant because that individual "opposed any practice" made unlawful by Title VII or "made a charge, testified, assisted, or participated in" a Title VII proceeding of investigation. §2000e-3(a).

11

**Linda Cruz-Packer  v. Department of Youth Rehabilitation Services, et al**
November 20, 2006

The National Labor Relations Act, to which the Court has "drawn analogies … in ot other Title VII contexts," *Hishon* v. *King & Spalding,* 467 U. S. 69 , n. 8 (1984), provides an illustrative example. Compare 29 U. S. C. §158(a)(3) (substantive provision prohibiting employer "discrimination in regard to … any term or condition of employment to encourage or discourage membership in any labor organization") with §158(a)(4) (retaliation provision making it unlawful for an employer to "discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this subchapter"); see also *Bill Johnson's Restaurants, Inc.* v. *NLRB,* 461 U. S. 731, 740 (1983) (construing anti-retaliation provision to "prohibi[t] a wide variety of employer conduct that is intended to restrain, or that has the likely effect of restraining, employees in the exercise of protected activities," including the retaliatory filing of a lawsuit against an employee); *NLRB* v. *Scrivener,* 405 U. S. 117, 121–122 (1972) (purpose of the anti-retaliation provision is to ensure that employees are " 'completely free from coercion against reporting' " unlawful practices).

When the Plaintiff accepted the offer of employment she considered it an implied covenant of good faith, fair dealing, and an expectation to work. However, the rights and obligations set forth in the DPM, §3818 Management Supervisory Service Part 1 has unresolved and/or ambiguous and conflicting policy regarding the rights and expectations of MSS employees.

The Director failed to act in good faith and follow procedures that are appropriate under the circumstances. There is such a thing called "investigative fairness," which involves listening to both sides and providing employees a fair opportunity to present their positions and to correct or contradict relevant statements prejudicial to their employment, without the procedural formalities of a trial.

Currently, MSS employees have no appeal or grievance rights. In this case, the Director formed a quasi-investigation committee consisting of himself, the Deputy Director of DYRS, the Superintendent of OHYC, the Deputy Director of Treatment, the Deputy Director of Operations, line staff, cooks, maintenance workers, mental health staff, residents and parents soliciting [evaluative] information to be used as the basis for terminating the Plaintiff. An investigation of this severity leading to the ultimate termination of the Plaintiff warranted the investigative skills of a disinterested- designee in all fairness. The interviewing process appears to have been biased as implied by the Director in his response to the Plaintiff "…*I want to assure you that I gave it a great deal of consideration before endorsing this recommendation. In addition to those meetings, I'm sure you are aware that I am "inside the fence" frequently at Oak Hill, talking about progress there with line staff, middle-managers, cooks, maintenance workers, mental health staff, parents and youth, in addition to the superintendent and his deputies. I have a great many sources of information because I believe it is wrong to rely on just one or two sources".*

Since the Director refused to meet with the Plaintiff regarding the decision to terminate her, and act fairly with respect to the termination process, the Plaintiff can only assume that during the

12

Linda Cruz-Packer v. Department of Youth Rehabilitation Services, et al
November 20, 2006

collection of information from his sources, he [the Director] asked open-ended, leading questions
that elicited speculation and opinion, rather than facts. The Director, failed to inform the Plaintiff
of the investigation into her job performance nor did he give the Plaintiff the opportunity to
comment on what the investigation had revealed. The Defendant's actions were harmful to the
point that they could well dissuade a reasonable worker from making or supporting a charge of
discrimination.


B.      Retaliatory Discharge

The Plaintiff contends that she was terminated for taking steps seeking to enforce her legal rights.
The laws prohibiting discrimination in the work place also prohibit retaliatory action being taken
against an employee by an employer because the employee has asserted rights or made complaints
under those laws.

The Defendant's actions prohibited by the anti-retaliation provision of Title VII adversely affect
the Plaintiff's compensation, terms, conditions, and privileges of employment.

Section 704(a) sets forth Title VII's anti-retaliation provision in the following terms:

> "It shall be an unlawful employment practice for an employer *to
> discriminate against* any of his employees or applicants for employment
> … because he has opposed any practice made an unlawful employment
> practice by this subchapter, or because he has made a charge, testified,
> assisted, or participated in any manner in an investigation, proceeding,
> or hearing under this subchapter." §2000e–3(a) (emphasis added).

The anti-retaliation provision seeks to secure that primary objective by preventing an
employer from interfering (through retaliation) with an employee's efforts to secure
or advance enforcement of the Act's basic guarantees. The substantive provision
seeks to prevent injury to individuals based on who they are, *i.e.*, their status. The
anti-retaliation provision seeks to prevent harm to individuals based on what they do,
*i.e.*, their conduct.

The Plaintiff was particularly vulnerable, however, when it came to making her
complaint. The Plaintiff's economic livelihood depended on the Defendant, which
held the authority to discipline and discharge her. Understandably, the Plaintiff was
somewhat reluctant to stand up for her rights, or make the complaint, for fear that she
would lose her job. Enforcing her rights includes filing a complaint with the agency
that enforces the law.

Ironically, the Superintendent, who is also named in a sexual harassment complaint against an

13

**Linda Cruz-Packer v. Department of Youth Rehabilitation Services, et al**
November 20, 2006

employee is the same Superintendent who the Director claims recommended the Plaintiff's termination. The Plaintiff therefore contends, that the DYRS, et al violated its own employee rules in meting out the discipline.

Most rights are extended to all of an agency's employees. Making rights an individualized benefit, applicable to one employee but not others is technically infeasible because doing so causes too great a violation of workers', employers', or society's sense of justice.

C.    Defamation - Slander

The Plaintiff contends that the Director and Mark Schindler, Chief of Staff published a defamatory statement(s) of and concerning the Plaintiff, the statement(s) were false, the Director and Mark Schindler were both negligent in publishing the false and defamatory statement(s), and the Plaintiff has suffered actual injury/harm as a result of the publication.

During their meeting with the staff at the Plaintiff's work site, and in response to Councilmember Barry's request, the Director, and Mark Schindler, repeated defaming statements made to them as they gathered information from the "many resources" the Director proclaimed to have in the institution. These statements were/are defamatory because they hold the Plaintiff up to scorn, hatred, ridicule, and contempt in the minds of any considerable and respectable segment of the community.

The Director and Mark Shindler were negligent in publishing the defamatory statement(s). The defamatory statement(s)was/were published as a result of their failure to exercise the degree of care in ascertaining whether the information was true, false, or defamatory, that would be exercised by a reasonably prudent person in the same or similar circumstances. Under this standard, the Director and Mark Schindler were required to act reasonably in checking on the truth or falsity or the defamatory character of the statement(s) before publishing it.

The Plaintiff takes this issue of defamation very seriously. This was not a case to be determined in haste. There was no report of the presence or absence of time constraints against verification. A review of the information gathered to support the Director's decision, should reveal whether or not the persons comprised of the quasi-investigative committee have adequate note taking and research skills, as well as the clarity and reliability of the notes themselves, and reliability of the source of the information. These factors should be taken into consideration in determining whether the Director and Mark Schindler acted as a reasonably prudent person under the circumstances.

The Plaintiff contends that Mark Schindler's verbal report to Councilmember Barry's Chief of Staff is comprised of false statements that have damaged the Plaintiff's reputation.

14

**Linda Cruz-Packer  v. Department of Youth Rehabilitation Services, et al**
**November 20, 2006**

IV.    Conclusions

As a pro se litigant the Plaintiffs need not be "exact." Haines v. Kerner 404 U.S. 519 (1972).
However, the Plaintiff has been quite specific in alleging that the Defendant wrongfully
terminated her and utilized disinformation, public defamation of character, and intimidation, to
encourage public support for regulations under the color of which the Defendant has deprived the
Plaintiff of rights and privileges guaranteed under the Constitution of the United States.

The actions of the Director may be deemed appropriate if the evidence points but one way and is
susceptible to no reasonable inferences which may support the Plaintiff's position. Moreover, the
integrity of the investigation and the fairness of the termination decision are highly questionable.

The Director has failed to prove that the findings from his investigation are factual. Further, the
actions of the Director were damaging toward the Plaintiff. The Director violated the Plaintiff's
rights under the First Amendment, severely punished the Plaintiff for exercising her rights, and
published defamatory statement(s) about the Plaintiff that have caused her emotional distress.
More importantly, through examination of the Director's decision, the Plaintiff has discovered
that the Director's termination decision of the Plaintiff was also a result of her adhering to policy.
In addition, the termination process was severely flawed. It did not allow for a fair and unbiased
process to take place.

An important fact to note is that the Director throughout his quest for information regarding the
Plaintiff's job performance, created a very hostile working environment for the Plaintiff. Through
poor management decisions such as directly taking part in the information gathering process, and
allowing the Executive Managers to also take part in the information gathering process, the
residents quickly decided that they did not have to follow the direction of the staff at the
Plaintiff's work site, instead, they would take all their issues and concerns to the Superintendent
or the Director; and seeking information from the Plaintiff's colleagues and staff for the purpose
of using that information to terminate her. This placed the Plaintiff at a clear disadvantage in
performing her duties.

The Defendant engaged in behavior that clearly discriminated and undermined the responsibility
of the Plaintiff and penalized her for adhering to the agency policy. Moreover, about July 2006,
the Superintendent deceived the Plaintiff about her employment status stating that some people
were going to lose their jobs but she was not one of them. The Plaintiff was never afforded the
opportunity to correct any complaints and allegations of poor performance.

The entire termination/investigative process was based on unethical practices. These actions,
warrants the just resolution of compensatory and punitive damages for the Plaintiff.

15

**Linda Cruz-Packer v. Department of Youth Rehabilitation Services, et al**
November 20, 2006

Further, the DYRS, et al stated that the Plaintiff is incompetent and rarely came to work. This is a gross slandering of the character of the Plaintiff. The Plaintiff has documented as well as verbally reported, the illegal and unethical behavior of other management staff and submitted it to the Superintendent. It appears that the decision of termination only applies in cases where the Superintendent is the initiator of a complaint.

The Plaintiff believes that the Court has the exclusive functioning of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact. The line is drawn by the laws of logic.

Finally, the Plaintiff has documented proof to support all the statements made in this complaint. However, the law suggests that the burden of proof is not on the Plaintiff to her innocence, but on the employer to prove her guilt. In this country, the Plaintiff is presumed innocent until proven guilty. The DYRS et al has not supplied through any of the information given to the Plaintiff factual data that would support even a part of the termination decision.

Therefore, the Plaintiff respectfully request that the Court correct this matter of wrongful termination and make the Plaintiff whole. The Plaintiff requests that she be awarded compensatory and punitive damages in the combined total of $850,000.00 for the defendants misconduct and violations of public policy, and reinstatement of a career service status position within the agency for which she is qualified.

*Linda Cruz-Packer*
4800 Megan Drive
Clinton, Md 20735

16

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Linda Cruz-Packer<br>4800 Megan Drive<br>Clinton, Maryland 20735 | Department of Youth Rehabilitation Services, Vincent Schiraldi, David Brown, Mark Schindler, LaVern Evans, Dexter Dunbar, D.J. Thomas, and Cathy Ohler |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| | LETICIAL VALDES [0461327]<br>LEAH BROWNLEE TAYLOR [433298]<br>Assistant Attorney General<br>441 4th Street, N.W.<br>Sixth Floor South<br>Washington, D.C. 20001<br>(202) 442-9845; (202) 727-6295 |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 3 Federal Question
(U.S. Government Not a Party)

○ 2 U.S. Government Defendant

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**     OR     ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original
Proceeding
◉ 2 Removed
from State
Court
○ 3 Remanded from
Appellate Court
○ 4 Reinstated
or Reopened
○ 5 Transferred from
another district
(specify)
○ 6 Multi district
Litigation
○ 7 Appeal to
District Judge
from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. §§1441 and 1446.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____  Check YES only if demanded in complaint
JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 10/29/06   SIGNATURE OF ATTORNEY OF RECORD  _(signature)_

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.       COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.      CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.      CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# Superior Court of the District of Columbia

## CIVIL DIVISION

_Linda Cruz-Packer_

Plaintiff

vs.

_Department of Youth Rehabilitation_
_Services, et al_

FILED
CIVIL ACTIONS BRANCH
NOV 21 2006
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

Defendant

Case No. _____

## MOTION TO PROCEED IN FORMA PAUPERIS

Comes now the _Plaintiff, Linda Cruz-Packer_ _____ and respectfully request this honorable court to allow them to proceed without prepayment of costs for the following reason(s):

_unemployed - No funds available to pay court cost_
_Recent widower with two children_

| | |
|---|---|
| Printed name: _Linda Cruz-Packer_ | Signature: _Linda Cruz-Packer_ |
| Address: _4800 Magan Drive_ _Clinton, Md 20735_ | Home phone no. _301 284-0097_ Business phone no. _(Cell) 240 603-4579_ |

## CERTIFICATE OF SERVICE

I certify that a copy of the above was mailed, postage prepaid, on _____, 20 _____,

To:

| | |
|---|---|
| Name: | Name: |
| Address: | Address: |
| | _( Linda) Cruz-Packer_ Signature |

## POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

_Linda Cruz-Packer_
Signature

Form CV(5)-1806/Apr.88

Case: 2006 CA 008419 B
00826/2/604
Dkt: CIVAIFP

8-2968 (wd-277)

# Superior Court of the District of Columbia

## CIVIL DIVISION

Linda Cruz-Packer,
Plaintiff

vs.                    Civil Action No. _____

Department of Youth Rehabilitation Services, et al
Defendant

## AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS

   I further swear that the responses which I have made to questions and instructions below relating to my ability to pay the cost of proceeding in this action are true.

1. Are you presently employed?    Yes_____    No__✓__
   a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer.

   will be applying for unemployment benefits

   b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received

   Nov 3, 2006    $3,000 per month

2. Have you received within the past twelve months any money from any of the following sources?
   a. Business, profession or form of self-employment?    Yes_____    No__✓__
   b. Rent payments, interest or dividends?    Yes_____    No__✓__
   c. Pensions, annuities or life insurance payments?    Yes__✓__    No~~✗~~
   d. Gifts or inheritance?    Yes_____    No__✓__
   e. Any other sources?    Yes_____    No__✓__

   If the answer to any of the above is yes, describe each source of money and state the amount received form each during the past twelve months.

   $489.00 husband's pension

   _____

   _____

   _____

# Superior Court of the District of Columbia

## CIVIL DIVISION

_Linda Cruz-Packer_

_____

**Plaintiff(s)**

Civil Action No. _____

vs.

_Department of Youth Rehabilitation_
_Services et al_

**Defendant(s)**

FILED
CIVIL ACTIONS BRANCH

NOV 2 1 2006

SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

**ORDER**

Upon consideration of _Linda Cruz-Packer_ motion to proceed _in forma pauperis_, it is this _____

day of _____ _November_ _____, 20 _0 6,_

ORDERED that said motion is

☒ Granted, and the prepayment of court costs is hereby waived _for filing fee but Plaintiff_
  _shall notify court when financial situation improves_
☐ Denied without prejudice, on the grounds that _from unemployment_
  _compensation or employment._

It is further ORDERED that

Copies to:



JUDGE

# Superior Court of the District of Columbia

## CIVIL DIVISION

Janice P. Ruffin

_____

Plaintiff(s)

vs.

District of Columbia / Department of
Youth Rehabilitative Services

_____

Defendant(s)

FILED
CIVIL ACTIONS BRANCH
DEC 0 1 2006
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

Case No.

## MOTION TO PROCEED IN FORMA PAUPERIS

Comes now the _____Janice Ruffin_____ and respectfully request this honorable court to allow them to proceed without prepayment of costs for the following reason(s):

Plaintiff is unemployed due to unlawful termination by Dept of Youth Rehabilitative Services. Plaintiff is also seeking [unclear] services at this time.

| | |
|---|---|
| Printed name: Janice P. Ruffin | Signature: |
| Address: 7710 Klaustro Dr Ft Wash MD 20744 | Home phone no. (301) 248 6319 |
| | Business phone no. (202) 257 1717 |

## CERTIFICATE OF SERVICE

I certify that a copy of the above was mailed, postage prepaid, on _____, 20 _____,

To:

| Name: | Name: |
|---|---|
| Address: | Address: |
| | Signature |

## POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

Case: 2006 CA 008637 B
[barcode]
0002680288
Det: CIVAIFP

# Superior Court of the District of Columbia
## CIVIL DIVISION

_Janice P. Ruffin_,
                              _Plaintiff_

vs.                          Civil Action No. _____

_District of Columbia and Juvenile Services_
_Department Youth Rehabilitation_
                              _Defendant_

## AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS

I further swear that the responses which I have made to questions and instructions below relating to my ability to pay the cost of proceeding in this action are true.

1.  Are you presently employed? Yes_____ No___✓___
    a.  If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer.

    _____

    _____

    b.  If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received

    _October 19, 2006_    _$3400.00_____

    _____

2.  Have you received within the past twelve months any money from any of the following sources?
    a.  Business, profession or form of self-employment? Yes_____ No___✓___
    b.  Rent payments, interest or dividends? Yes_____ No___✓___
    c.  Pensions, annuities or life insurance payments? Yes_____ No___✓___
    d.  Gifts or inheritance? Yes_____ No___✓___
    e.  Any other sources? Yes_____ No___✓___

If the answer to any of the above is yes, describe each source of money and state the amount received form each during the past twelve months.

    _____

    _____

    _____

    _____

Form CV(6)-694/Nov. 88                          9-1473 wd-314

3. Do you own any cash, or do you have money in checking or savings account? Yes __✓__ No_____ (Include any funds in prision accounts). If the answer is yes, state the total value of the items owned.

_____ $ 170.⁰⁰ _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? Yes __✓__ No_____ If the answer is yes describe the property and state its approximate value.

Home that I reside ; automobile that I use only

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

Self + one grandchild

   I have read and subscribed to the above and swear, under oath, that the information is true and correct.  I understand that a false statement or answer to any question in this affidavit will subject me to penalties for perjury.

_____
                              *(Plaintiff's signature)*

_____, being first duly sworn under oath, presents that he has read and subscribed to the above and states that the information herein is true and correct.

_____
                              *(Plaintiff's signature)*

SUBSCRIBED AND SWORN TO before me this

____30ᵗʰ____ day of __November_____, 20 06 .

_____
        *Notary Public or other person*
        *Authorized to administer an oath*

# Superior Court of the District of Columbia

## CIVIL DIVISION

JANICE P. RUFFIN

7710 KLOVSTAD DR. FT WASH MD 20744

*Plaintiff(s)*

vs.

District of Columbia / Department of

Youth Rehabilitative Services

*Defendant(s)*

Civil Action No. _____

FILED
CIVIL ACTIONS BRANCH

DEC 0 1 2006

SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

Upon consideration of _Janice Ruffin_ **ORDER** motion to proceed *in forma pauperis*, it is this _1_

day of _November 30_____, 20 _06_ ,

ORDERED that said motion is

☑  Granted, and the prepayment of court costs is hereby waived.

☐  Denied without prejudice, on the grounds that

It is further ORDERED that

Copies to:

_Bruce D. Beaudin_

**JUDGE**

CV-636/Nov. 02