**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2007 JAN 31  PM 4: 45

NANCY M.
MAYER-WHITTINGTON
CLERK

| | |
|---|---|
| Linda Cruz-Packer ) | |
| 4800 Megan Drive ) | |
| Clinton, Maryland 20735 ) | |
|   ) | |
|   Plaintiff ) | |
|   ) | |
|   v. ) | |
|   ) | |
| **Department of Youth** ) | **Civil Action No: 06-2263** |
| **Rehabilitation Services** ) | RWR |
| Youth Services Center ) | |
| 1000 Mt. Olivet Road, N.E. ) | |
| Washington, D.C. 20002 ) | |
|   ) | |
|   ) | |
| **Vincent Schiraldi, Director** ) | |
| 1000 Mt. Olivet Road, N.E. ) | |
| Washington, D.C. 20002 ) | |
|   ) | |
| **David Brown, Deputy Director** ) | |
| 8300 Riverton Court ) | |
| Laurel, Maryland 20724 ) | |
|   ) | |
| **Mark Schindler, Chief of Staff** ) | |
| 8300 Riverton Court ) | |
| Laurel, Maryland 20724 ) | |
|   ) | |
| **LaVern Evans, Superintendent** ) | |
| 8300 Riverton Court ) | |
| Laurel, Maryland 20724 ) | |
|   ) | |
| **Dexter Dunbar, Deputy** ) | |
| **Superintendent Of Treatment** ) | |
| 8300 Riverton Court ) | |
| Laurel, Maryland 20724 ) | |

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

| | |
|---|---|
| **Fitzgerald Fant, Human Resources Manager/EEO Officer** 8300 Riverton Court Laurel, Maryland 20724 | ) ) ) ) ) |
| **Pili Robinson, Senior Consultant to the** Department of Youth Rehabilitation The Missouri Youth Service Institute 1906 Hayselton, Drive Jefferson City, MO 65109 | ) ) ) ) ) |
| **David J. Thomas, Deputy Superintendent** Of Operations 8300 Riverton Court Laurel, Maryland 20724 **Defendants** | ) ) ) ) ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

The plaintiff, Linda Cruz-Packer, herby strongly opposes the January 18, 2007, motion of the defendant put forth to dismiss the above complaint against her pursuant to CIV. P. Rule 12(b) (5) (6) and other arguments, filed by Attorney, Leah Brownlee Taylor, Assistant Attorney General.

## MEMORANDUM OF POINTS AND AUTHORITIES DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff, **LINDA CRUZ-PACKER,** acting on her own behalf, submits the following points and authorities in support of her opposition to the defendant's motion to dismiss the complaint in the above caption case.

2

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

1. This complaint is before the United States District Court for the District of Columbia on the grounds of wrongful termination, due to the defendant's attorney requesting this case to be moved due to federal law questions.

2.  The Plaintiff contends that her termination was motivated by discrimination on the basis of the Plaintiff's race (African-American), age (55), sex (Female). In addition retaliation based on her participation in the administrative complaint process investigation conducted by a Ms. Geiger, identifying discrepancies and mismanagement by Deputy Superintendent Dunbar and Senior Consultant Robinson, and her constantly requests for investigations into matters of concerns at Oak Hill, which required management to actually work in violation of her First Amendment Rights, the 1994 Fair Employment practices, the National Labor Relations Act of 1935, anti retaliation laws, and civil service laws.

3. Wherefore, the Plaintiff demands judgment against Defendant(s) in the sum of $950,000.00, and reinstatement of a career service status position within the agency for which she is qualified.

4. The Plaintiff contends the termination to be a wrongful termination and

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

that the defendants' actions were adversarial, malicious, and retaliative, resulting in discrimination, actionable retaliation to activity that affected the terms and conditions of the Plaintiff's employment, intentional infliction of emotional stress, negligent infliction of emotional stress, retaliatory discharge, and defamation of the Plaintiff's character.

5. The termination decision as well as the inauspicious actions of the defendants has caused personal injury to the Plaintiff, causing emotional stress, economic losses, and other punitive damages.

6. For the reasons expressed below, the Plaintiff concludes that the Department of Youth Rehabilitation Services' charge upon which the termination decision was based, is a wrongful termination.

Wrongful discharge actions for violating public policy which can be premised on one of three grounds:

a) Explicit legislative statements prohibiting discharge, discrimination or adverse treatment of employees who act in accordance with the statutory right or duty;

b) "Legislative expression of policy" - for example, discharging an employee for refusing to violate the law during employment; or,

c) Retaliatory discharge.

7. Service of process was completed by mailing a copy of the complaint, summons, and initial order by certified mail, return receipt requested (SCR-

4

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007
CIV.4(e)(2) to the defendants

8. On November 29, 2006, Plaintiff filed amendment to complaint.

9. Mark Stewart, Bernadette Askinseye, and Wendy Montaque, the persons authorized to sign and receive mail delivered to the respected defendant's place of business, due to the business being in accessible to the public due to their status as locked down, gated, secured, or barbed wired facilities, signed for and received the copy of the summons, complaint and initial order mailed to the defendants.

10. In Clair v. District of Columbia Department of Employment Services, the proper measures in a public-policy wrongful discharge action is the sum of any wages that an employee actually earned or could have earned with reasonable diligence, additionally, an employee may recover for any other tangible benefit lost as a result of the termination.


Title VII of the Civil Rights Act of 1964 forbids employment discrimination against "any individual" based on that individual's "race, color, religion, sex, or national origin." Pub. L. 88-352, §704, 78 Stat.257, as amended, 42 U.S.C. §2000e-2(a). A separate action of the Act – its anti-retaliation provision – forbids an employer from "discriminat[ing] against" an employee or job applicant because that individual "opposed any practice" made

5

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

unlawful by Title VII or "made a charge, testified, assisted, or participated in"

a Title VII proceeding of investigation.  §2000e-3(a).


In Philip's v Butterball Farms Co, 448 Mich 239 (1995), the Michigan

Supreme Court resolved a conflict in the Court of Appeals and held that a

claim of retaliatory discharge sounds in tort and not in contract.

Consequently, the full tort remedies are available for a retaliatory discharge

in violation of public policy.


## ARGUMENT

Defendant's argues that the "Complaint should be dismissed

against them for the following reasons: 1) plaintiff has failed

to effectuate proper service under Fed. R. Civ.P. 4 (e) against

the individually named defendants; (2) plaintiff Complaint

does not meet the requirements of Fed. P. Civ. R. 10; (3)

plaintiff may not maintain her lawsuit against defendant

Department of Youth Rehabilitation Services because the

agency is non sui juris; (4) the individually named defendants

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

cannot be held liable for civil rights violations under title VII;

(5) plaintiff has failed to state a claim for a 5th amendment

due process violation, and (6) plaintiff has failed to exhaust

her administration remedies.


A. **Standard for not granting Motion to Dismiss**

Defendants argue that plaintiff has failed to effectuate proper service under

fed r. Civ.P. 4 ( c ).

It should be noted that the defendants work at two separate facilities

identified as DYRS, located physically at 8300 Riverton Court, Laurel,

Maryland and 1000 Mt. Olivet Road, Washington, DC. Both facilities are

guarded, gated, barbed wired locked down facilities, where one has to show

identification, be patted down, be searched and specify the reason for ones

visit. It would be near impossible for a process server to gain entry to serve

the defendants.  The most efficient option therefore,was to use certified,

return receipt method to serve the defendants.

Rule 4 (j) 2 of the Federal Rules of Civil Procedure governs service of

process "upon state, municipal corporation, or other government

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

organization." The rule states that service shall be effected by delivering a

copy of the summons and the complaint to the chief executive office (of the

Mayor of the District of Columbia) or by serving the summons and complaint

in the manner prescribed by the law of the state for the service of summons

or other like process upon any such defendant.

Prior to making any attempts to serve the defendants, plaintiff took the

following actions:

1.) Plaintiff called the Mayor's Office and Corporate Counsel Office to

determine who was authorized to sign and received the summons and

complaint regarding this case. Even though the Mayor was not a

defendant in this matter the court advise that a copy must be sent to

the Mayor's office and the Corporate Counsel Office to advise them that

a suit had been filed.

2.) Plaintiff was present and in the company of another former MSS

employee, on November 21, 2006, when she asked the receptionist,

Bernadette Akinseye, information specialist/receptionist, who was

authorized to received certified, return receipt mail for the defendants.

Akinseye stated she was authorized to sign for mail for the defendants

in this specific case, and that task was part of her job responsibilities

since she was just recently hired. (see affidavit of MSS employee

8

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007
             1____)

Therefore, on November 23, 2006, plaintiff sent the summons and complaint

by certified mail, return receipt request to the defendants, in addition the

Mayor's Office and Corporate Counsel were notified and sent copies as well

(see copies of USPS receipts exhibit __2____). Defendants cannot now

complain that the person who signed for the defendant's was not authorized

by them to sign now, when the plaintiff made proper inquiry of the

defendant's own employees, and mailed the summons according to the

person who herself stated she was authorize to sign for mail for the

defendants. Whitehead v. CBS/Viacom, Inc., 221F.R.D.1, 4 &n.6(D.D.C.

2004) (citing Zen Music, Inc. v. CVS Corp. 1998 WL 912102, at *3 (S.D.N.Y.

1998).  Defendants did not respond until January 18, 2007, more than (55)

fifty-five days after I filed, when they filed a motion to dismiss for improper

service of process. It should be duly noted that paragraph ( c ) (3) states that

"as to any defendant described in subdivision ...(J) service also may be

effected by mailing a copy of the summons, complaint and in.... der to the

person to be served by registered or certified mail, return receipt requested"

D.C. SUPER. CT CIV. R. 4( c ) (3).

In this case a motion to dismiss for failure to state a claim upon which relief

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6), the

court must construe the allegations and facts in the complaint in the light

most favorable to the plaintiff and must grant the Plaintiff the benefit of the

inferences that can be derived from the alleged facts. *Conley v. Gibson*, 355

U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271,

1276 (D.C.Cir.1994). However, the court need not accept inferences or

conclusory allegations that are unsupported by the facts set forth in the

complaint. *Kowal*, 16 F.3d at 1276. In deciding whether to dismiss a claim

under Rule 12(b)(6), the court can only consider the facts alleged in the

complaint, documents attached as exhibits or incorporated by reference in

the complaint, and matters about which the Court may take judicial notice.

*E.E.O.C. v. St. Francis Xavier Paraochial Sch.*, 117 F. 3d 621, 624-25 (D.

C.Cir.1997). Under this standard, a court may dismiss a claim pursuant to

R....  ⁻(b)(6) if the defendant can demonstrate "beyond doubt that the

plaintiff can prove no set of facts in support of his/her claim which would

entitle him to relief." Conley, 355 U.S. at 45-46.

Defendant Pili Robinson is known to the plaintiff as a Senior Consultant hired

by DYRS to provide services and training related the Missouri Treatment

Concept. Mr. Robinson as the point person for the Missouri Project at Oak

10

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

Hill, which is being developed, instituted and established as the primary

Treatment Modality for the residents at DYRS Juvenile Facilities. The

defendant Robinson passed out business cards listing a business address in

Jefferson City, Missouri, Department of Social Services, Division of Youth

Services, and a phone number was also identified. An inquiry and phone

called to that number to determined the person authorized to signed for mail

sent to Robinson and to verify the correct address, revealed that the person

authorized to sign for said mail delivered to the defendant's place of business

in Jefferson City, as Mark Stewart of 1906 Hayselton Drive, Jefferson City,

MO 65109, was the correct address for certified mail for this purpose.  In

addition, when the Plaintiff received a motion to dismiss from Mr. Robinson's

attorney, Andrew T. Wise, MILLER & CHEVALIER CHID, he further established

that Robinson's address was The Missouri Youth Service Institute, 1906

Hayselton Drive, Jefferson City, Mo 65109, the same address where the

summons and complaints were mailed by the Plaintiff certified, registered

mail returned receipt requested.  Thus the plaintiff and any reasonable

person would assume that the defendant wished all business matters to be

forwarded to the above identified address. Further, the defendant received

the summons and complaint, the initial order and the amended complaint and

11

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

responded to the complaint in a judicious manner by having his attorney file

a motion to dismiss the complaint.

Based on the points discussed above, all of the defendant's arguments

of insufficiency of service of process are not valid.

## B. Plaintiff Effectuate Proper Service

The Defendants argues that they received notices of the Complaint but

plaintiff failed to follow the procedures as set forth in Fed R. Civil P. 4(e) 2,

a plaintiff must personally serve the individual or their agent with a copy

of the summons, complaint and initial order. Rule 4 ( c) of the D,C.

Superior Court Rules permits service to be effected upon an individual "by

mailing a copy of the summons, complaint and initial order to the person

to be served by registered or certified mail, return receipt requested. D.C.

SUPER CT. CIV. R 4 (c ) (3). Leaving a copy of the complaint and

summons at an individual's defendant's place of business constitutes valid

service if it is left in the hands of "an agent authorized by      :ment or

by law to receive service of process." FED.                   - /·

Bernadette Akinseye, information specialist/receptionist, was identified as

the person authorized to sign for mail delivered to defendant's David

Brown, Mark Schindler, LaVern Evans, Fitgerald Fant, David J. Thomas,

12

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

Dexter Dunbar, who worked or had offices at 8300 Riverton Court, Laurel,

Maryland 20724; Wendy Montague, was the person authorized to sign for

mail delivered to defendant's Vincent Schiraldi who worked or had an

office at 1000 Mt. Olivet Road, NE, Washington, DC 20002; and Mark

Stewart was identified as the person authorized at the defendant's Pili

Robinson's place of business to receive and sign for mail addressed to the

defendant. See Parker v. Frank Emmet Real Estate, 451 A.2d 62 (DC

1982); Morfessis v. Marvins Credit. 77 A.2d 178, 179 (DC 1950).  The

plaintiffs were served through an authorized agent of the defendants and

properly served pursuant to the mandatory provisions set forth in Fed. R.

Civ.P. 4 ( e ) (2). (see attached  certified returned receipts sent to

defendants exhibit _3_)

## C. Plaintiff's Complaint Comported with Fed. P. R. 10 and Dismissal is not appropriate

Defendant's argues that the plaintiff filed a 16-page report that was not

made in numbered paragraphs to comport with Fed. P. Civ. R. 10.  The

Defendant's attorney had the case transferred from Superior Court to this

District Court as is.  The case format was accepted in its official format for

Superior Court.  The plaintiff was not aware she had to resubmit her

13

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

complaint when it was the defendant's who requested that the case be transferred to this court. The plaintiff is a pro se litigant and it is her first time filing a civil law suit and she set forth her claims in a fashion she knew would be acceptable to the court where she initially filed her complaint Superior Court.  I ask the court's leniency in this matter because I was not aware of the conditions relevant to Fed. P. CIF R 10(b), and I had no idea that the defendant's would request that the case be transfer to your court's where the requirements for submission of complaints differ. However, a review of the document submitted will show that most of the document contained numbered a part thereof for all purposes." Similarly when a complaint's factual allegations are expressly linked to – and admittedly dependent upon- a document (the authenticity of which is not challenged), that document effectively merges the pleading and the court can review it in deciding a motion to dismiss under rule 12(b) (6). "Beddall v. State St. Bank and Trust Co., 137 F. 3D 12.17 (1 Cir., 1998) see also Black stone Realty LLC v. Federal Deposit Insurance Corporation, 244 F.3d 193, 195 n.1 (1 Cir. 2001). Therefore, I respectfully request that the court show leniency and allow my complaint not to be dismiss for the plaintiff not comporting with Fed. P. Civ. R. 10.

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

## D. **Defendant Department of Youth Rehabilitation Services is Non Sui Juries and Dismissal of Plaintiff's Complaint Against these Defendants should not be granted**

Defendant stated that in this jurisdiction, it has been held **generally** that bodies within the District of Columbia government agencies are simply not suitable as separate entities absent statutory provisions for it to and be sued. The operate word is generally.  As an employee working in a District Government agency it applies because you are to be protected from harassment, disparate treatment, staff threatening you, etc.  The defendants failed to protect the plaintiff from those things and many more.  In addition, there were no notifications/postings anywhere informing the plaintiff and other OHYC employees how to contact authorities if we needed assistant (i.e., EEOC posters, workman's comp info).

 Employers are required to post notices to all employees advising them of their rights under the laws EEOC enforces and their right to be free from retaliation. Such notices must be accessible, as needed, to persons with visual or other disabilities that affect reading. The plaintiff contends that OHYC DYRS facility has no notices posted advising him/her how, where, when

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007
or who to file an EEOC complaint against which is a violation of the federal

laws relating to EEOC.

According to D.C. Code § 1- 616.04(b), "Any individual or class of

individuals may commence a civil action on his or her or their own behalf

against any employee or employees in any agency for breach of a fiduciary

duty upon showing that said employee or employees by his or her  or their

acts or omissions has or have exposed said individual or class of individuals

to an injury or harm, or risk of injury or harm, from which they are to be

protected by the employee or employees".


Civil Rights Act 11.  371 "While supervisory employee may be joined as party

defendant in Title VII action that employer must be viewed as being sued in

his capacity as agent of employer, who is alone liable for violation of Title VII.

Civil Right Act of 1964, $ 701 et seq. as amended, 42 U.S.C.A. $ 2000e et

seq.


## E. **INDIVIDUAL Named Defendants Can be Held Liable Under Title VII**

Defendants argue that individuals cannot be sued under Title VII. However

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

the plaintiff disagrees. Title VII of the Civil Rights Act of 1964 forbids

employment discrimination against "any individual" based on that individual's

"race, color, religion, sex, or national origin." Pub. L. 88-352, §704, 78

Stat.257, as amended, 42 U.S.C. §2000e-2(a). A separate action of the Act

– its anti-retaliation provision – forbids an employer from "discriminat[ing]

against" an employee or job applicant because that individual "opposed any

practice" made unlawful by Title VII or "made a charge, testified, assisted, or

participated in" a Title VII proceeding of investigation. §2000e-3(a).


Federal statute, 42 U.S.C. Section 1983 does not create new civil rights.

Instead, it allows individuals to sue state actors in federal courts for civil

rights violations. To gain federal jurisdiction, i.e., access to a court, the

individual must point to a federal civil right that has been allegedly violated.

These rights are encoded in the U.S. Constitution and federal statutes.

The statute reads:

Every person who under color of any statute, ordinance, regulation, custom,

or usage, of any State or Territory or the District of Columbia, subjects, or

causes to be subjected, any citizen of the United States or other person

within the jurisdiction thereof to the deprivation of any rights, privileges, or

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

immunities secured by the Constitution and laws, shall be liable to the party

injured in an action at law, Suit in equity, or other proper proceeding for

redress, except that in any action brought against a judicial officer for an act

or omission taken in such officer's judicial capacity, injunctive relief shall not

be granted unless a declaratory decree was violated or declaratory relief was

unavailable. For the purposes of this section, any Act of Congress applicable

exclusively to the District of Columbia shall be considered to be a statute of

the District of Columbia.

For most of its history, the Act had very little effect. The legal community did

not think the statute served as a check on state officials, and did not often

litigate under the statute. However, this changed in 1961 when the Supreme

Court of the United States decided *Monroe v. Pape*, 365 U.S. 167. In that

case, the Court articulated three purposes that underlay the statute: "1) 'to

override certain kinds of state laws'; 2) to provide 'a remedy where state law

was inadequate'; and 3) to provide 'a federal remedy where the state

remedy, though adequate in theory, was not available in practice.'" Blum &

Urbonya, Section 1983 Litigation, p. 2 (Federal Judicial Center, 1998)

(quoting *Monroe v. Pape*). *Pape* opened the door for renewed interest in

Section 1983.

18

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

Now the statute stands as one of the most powerful authorities with which federal courts may protect those whose rights are deprived. It is most often used to sue police and other state officials who allegedly deprived a plaintiff of Constitutional rights within the criminal justice system. Section 1983 of the Civil Rights Act provides a way individuals can sue to redress violations of federally protected rights, like the First Amendment, Fourteenth Amendment and Equal Protection Clause of the Constitution. Section 1983 prohibits public sector employment discrimination based on race, color, national origin, sex and religion.

Another federal statute, 42 U.S.C. § 1983, conf 2002ers a cause of action for violations of the Constitution and federal laws. *E.g. Wright v. Roanoke Housing Authority*, 479 U.S. 418 (1987); *Maine v. Thiboutot*, 448 U.S. 1 (1980) (discussing Social Security Act). To determine whether a federal law is enforceable pursuant to § 1983, the Supreme Court asks: (1) whether the statute creates an enforceable right and (2) whether Congress has foreclosed enforcement of the statute in the enactment itself. *Wilder v. Virginia Hospital Ass'n*, 496 U.S. 498, 508 (1990)

19

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

The Plaintiff contends that her termination was motivated by discrimination on the basis of the Plaintiff's race (African-American), age (55), sex (female). In addition, retaliation based on her participation in the administrative complaint process investigation conducted by a Ms. Geiger, identifying discrepancies and mismanagement by Deputy Superintendent Dunbar and Senior Consultant Robinson, constantly requesting investigations into matters of concerns at Oak Hill, which required management to actually work in violation of her First Amendment Rights, the 1994 Fair Employment practices, the National Labor Relations Act of 1935, anti retaliation laws, civil service laws.

The Plaintiff contends that the Director Schiraldi allowed  Superintendent Evans and his Senior Management team to identify her and several other MSS employees for wrongful termination, based on intentional discrimination motivated by premeditated animus expressed statements or comments, and harmful actions. The plaintiff believes that she has established a prima facie case given OHYC management engaged in a pattern of discriminatory practice denying the plaintiff her full exercise of rights guaranteed by the statue. Illegal discrimination activity was the standard operating procedure of the defendants. (See e.g. Feazell v. Trapicana Prods, Inc. 819 F.2d 1036,

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

1040 (11th Cir. 1987.  Plaintiff maintains that she was fired for reporting

deficiencies and negligence in Management over sight within the Genesis

Program at the OHYC, which resulted in a wrongful discharge of the plaintiff

and the defendants taking part in defaming the plaintiff by engaging in

negative remarks publicly.

**Therefore**, Mr. Shiraldi, as the Director must be held personally responsible

for breach of the defendant's fiduciary duties or other state laws causes of

action if the agency is harmed as a result of their discriminatory practices.

In addition, the Director has not required or provided limited if any training

for the defendants, or established any process to monitor the policies and

practices relating to establishing continued effectiveness in preventing

discrimination at OHYC.


## F. **Plaintiff Has 5th Amendment Due Process Claim As an At Will Employee**

Defendants are correct when they state to sustain a 5th amendment

due process claim; the plaintiff must establish that he has a legitimate

expectation of confined employment.

On October 19, 2006, the plaintiff received written notification that she

21

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

was being terminated, chapter 38 of **the District Personnel Manual**

**(DPM)** for "no cause", and because the plaintiff was classified as an at-

will employee under Management Supervisory Service (MSS). (see

letter exhibit __4__)


On October 23, 2006, Council member Marion Barry requested an

explanation from Director Schiraldi of the rationale for the mass firing

of MSS employees on October 19, 2006.


On October 24,2006, Mark Schindler, Chief of Staff, in response to

Council member Marion Barry's request reported via telephone to E.

Faye Williams, Esquire, the Chief of Staff for Council member Barry,

that the Plaintiff was terminated because she was incompetent and

rarely came to work. However this explanation is entirely different than

what was cited in the letter provided to the plaintiff on October 19,

2006. (see affidavit of E. Faye Williams exhibit __5__)

October 25, 2006, Mayor Elect and Chairman of the Human Services

Committee, Adrian Fenty requested an investigation of the rationale

for the mass firings on October 19, 2006.

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

On October 26, 2006, Director Schiraldi responded to the plaintiff's request for the process he used in deciding to terminate the plaintiff via email. He suggested that he had spoken with several staff, residents, and their families about the plaintiff's job performance as it relates to progress at OHYC, and used this information in part, as the basis for his decision to terminate the plaintiff. Here again is additional mitigating information that the plaintiff had no opportunity to respond or to defend herself. (see copy of Shiraldi's email exhibit __6____)

Until December 14, 2006, the plaintiff thought she was simply terminated for no cause due to being misclassified as MSS at-will employee. However that opinion changed once she picked up her Form-1 that afternoon. This Form showed the grounds for termination which fell under chapter 31B ( see exhibit _7___)of the **District Personnel Manual (DPM)**. This Chapter depicts no plausible justification reason for plaintiff's termination, it is simply administration gibberish. (See attached notification personnel action Form 1 exhibit __10__ ).

Once again the action detailed on the plaintiff's form 1 differs greatly from the letter of termination received on October 19, 2006.

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

The Director failed to follow the parameters of the performance
management program, D.C. Official Code § § 1-609.51 through 1-
609.58 (2001), which is the systematic process by which an agency
involves its employees, as individuals and members of a group, in
improving performance in the accomplishment of agency mission and
goals (DPM 1402.1).  Subsequently, the Director failed to a)
Communicate and clarify organizational goals to employees; (b)
Identify individual and, where applicable, team responsibilities and
accountability for accomplishing organizational goals; (c) Identify and
address developmental needs for individuals and, where applicable,
teams; (d) Assess and improve individual, team, and organizational
performance; (e) Use appropriate measures of performance as the
basis for recognizing and rewarding accomplishments; and (f) Use the
results of performance appraisal as a basis for appropriate personnel
actions (DPM 1402.2a-f).

Further, as an employee of the District of Columbia government, the
plaintiff was never informed of any deficiencies in her work
performance in a timely manner, throughout the rating period so that,

25

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

to the extent possible, she is given an opportunity to overcome such deficiencies and improve her performance (DPM 1402.3a). Each supervisor shall complete a Performance Plan outlining what is expected for each covered employee (DPM 1406.1). The plaintiff was not given a Performance Plan as dictated in the DPM.

Therefore, the reason of poor performance is not valid if the DYRS has failed to identify and discuss with the plaintiff performance competencies, and how each competency would relate to the plaintiff's job outcome.

In addition, Chapter 8 section 815.2 of the DC Personnel Regulations stipulates that Agencies shall ensure that new supervisors receive training appropriate to the position being filled for the purpose of developing, maintaining, and enhancing their supervisory skills. The Plaintiff received no training outside of the two weeks orientation she received during the first two weeks of tenure on the job.

Nor did this termination demonstration the Agency's attempt to improve the plaintiff's performance or training before moving to dismiss. (DPM 1406.1 through 1409.3).

26

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

Therefore the plaintiff request the court to assist by requiring that each distinct occurrence be analyzed and determined if plaintiff is correct in her assertion that the defendants and DYRS terminated her without affording her due process of law and deprived the plaintiff of her rights secured by due process clause of the United States Constitution.

## G. Plaintiff has exhaust His/Her Administrative Remedies

Defendant is correct in stating plaintiffs are required to exhaust their administrative remedies as a condition precedent to filing a Title VII lawsuit.

October 23, 2006, at the request of the plaintiff Councilmember Marion Barry requested an explanation form Director Schiraldi of the rationale for the mass firing on October 19, 2006.

October 24, 2006 (on or about), Mark Schindler, Chief of Staff, in response to Councilmember Barry's request, reported via telephone, to E. Faye Williams, Esq., then Chief of Staff for Councilmember Barry, that *the Plaintiff was terminated because she was incompetent and rarely came to work. Which was an* **absolute untruth!!**

27

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

October 25, 2006, Mayor Elect and Chairman of the Human Services

Committee, Adrian Fenty, requested an investigation of the rationale

for the mass firings on October 19, 2006.


On November 13, 2006, Plaintiff filed a complaint with OHYC DYRS's

**EEOC Officer,** who also held the position as Human Resource Manger,

and sent a certified mail copy to Mr. Fitzgerald Fant at OHYC 8300

Riverton Ct, Laurel, Maryland, (article number 7006 0810 0005 6250

4666 USPS receipt # exhibit __8__) After 18 days had passed, the

plaintiff made several attempts to contact Mr. Fant was told each time

he was not available due to being on vacation. Subsequently, Ms.

Melinda Morgan, Human Resource specialist was also contacted in an

effort to secure an exit letter to be used for The District Government's

Human Rights office. The plaintiff was told only Mr. Fant could provide

the exit letter. As a result of DYRS EEOC Official cou     ., ritzgerald

Fant's refusal to supply an exit letter based on my filing an EEOC

complaint within the plaintiff's respected agency, the plaintiff filed a

formal complaint on November 30, 2006 with U.S. Equal Employment

Opportunity Commission, Washington Field Office,   The complaint was

forwarded to the Baltimore Office of EEOC and the plaintiff received a

28

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

letter to sue under inquiry # 570-2007-00553N. (see formal EEOC

complaint exhibit _9___.


Based on the aforementioned documentation of efforts taken

administratively by the Plaintiff the court should determine that the

proper steps and remedies were undertaken in an attempt to bring this

wrongful termination to a resolution. However, the defendants and

DYRS has not shown good faith and answered inquiries and

investigations when they have been requested to do so concerning why

they undertook the steps they did in terminating the plaintiff and other

similarly suited MSS employees who were also terminated. That is why

I now ask the courts assistance in determining and separating the

unique issues surrounding this case.


## CONCLUSION

In every organization or agency situation arise which are neither planned nor

intended by any person. The dynamic nature of doing the job under poor

planning for greater operational efficiencies is sometimes difficult to manage

and predict. It's the old "draining the swamp while dealing with the gators"

problem. Ms. Cruz-Packer fully understands this problem and is quite willing

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

to assist the court in moving the process forward toward even greater

efficiencies in the future.

However, Ms. Cruz-Packer would not be cooperating in the advancing

the efficiencies of the DYRS if she allowed the present conditions and

violations of her individual human rights and violations of DC government

policies and procedures, and other federal laws, if she allowed the present

conditions to continue without providing some greater assistance by asking

this court's assistance in moving this matter toward resolution. Ms. Cruz-

Packer wishes to promote consensus, not create controversy, in reaching a

resolution that will not only aid her, but the other supervisory staff who have

filed similar civil suits and those of others who have yet to file against DYRS,

that must rely daily on fair and lawful decisions from the defendants

identified in this complaint, to direct efforts in their respected facilities, while

promoting necessary accountability to the task to assure that their actions

taken by managers like Ms. Cruz-Packer are consistent with DYRS's policies

and practices.

By illuminating this specific situation, Cruz-Packer is requesting the

courts assistance in resolving the impasse of difficulties which occurred that

added to unwanted delays, hostile work environment, stress, financial

hardship, humiliation, uncertainties, unwanted inefficiencies, and finally, the

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007
most important point, wrongful termination.

**WHERFORE,** the Plaintiff respectfully requests this court to not grant

the defense motion to dismiss this case.

**DATED: January 30, 2007**                    Respectfully submitted,

                                                By: *Linda Cruz-Packer*
                                                **Linda Cruz-Packer**
                                                **4800 Megan Drive**
                                                **Clinton, Maryland 20735**
                                                **301 234-0097**
                                                **240 602-4579**

Linda Cruz-Packer v. Department of Youth and Rehabilitation Services
Opposition to Defendant's Motion to Dismiss Complaint
Submitted January 31, 2007

# **EXHIBITS**

1. Affidavit of MSS Employee.

2. USPS receipts showing summons and complaints served.

3. USPS receipts relating to defendants.

4. October 19, 2006 letter of termination.

5. Affidavit of Dr. E. Faye Williams, Esquire.

6. Director Schiraldi's email.

7. Copy of Chapter 31B.

8. USPS receipts relating to Fitzgerald Fant EEOC mailings.

9. EEOC case filing.

10. Form 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**LINDA CRUZ-PACKER**
4800 Megan Drive
Clinton, Maryland 20735

     Plaintiff

       v.

**Department of Youth**                              Civil Action No: 06-2263
**Rehabilitation Services**
Youth Services Center
1000 Mt. Olivet Road, N.E.
Washington, D.C. 20002

## ORDER

Upon consideration of Defendant's Motion to Dismiss, and the Plaintiff's Opposition

filed therto, it is this _____ day of _____

2007.

     **Ordered,** that Defendant's Motion be and hereby is **Denied.**


                                    _____

                                     **JUDGE**

**Copies to:**

**Vincent Schiraldi, Director**
1000 Mt. Olivet Road, N.E.

Washington, D.C. 20002

**David Brown, Deputy Director**
8300 Riverton Court
Laurel, Maryland 20724

**Mark Schindler, Chief of Staff**
8300 Riverton Court
Laurel, Maryland 20724

**LaVern Evans, Superintendent**
8300 Riverton Court
Laurel, Maryland 20724

**Dexter Dunbar, Deputy Superintendent**
**Of Treatment**
8300 Riverton Court
Laurel, Maryland 20724

**Pili Robinson, Senior Consultant to the**
Department of Youth Rehabilitation
The Missouri Youth Service Institute
1906 Hayselton, Drive
Jefferson City, MO 65109

**David J. Thomas, Deputy Superintendent**
Of Operations
8300 Riverton Court
Laurel, Maryland 20724

**Andrew T. Wise**
**MILLER & CHEVALIER CHTD**
655 Fifteenth St., N.W.
Suite 900
Washington, DC 20005

**Leah Brownlee Taylor**
Assistant Attorney General
441-4th St. NW, 6th Floor
Washington, DC 20001

**Fitzgerald Fant**
Resource Manager
8300 Riverton Court
Laurel, Maryland 20724

## CERTIFICATION PURSUANT TO RULE 5 (C ) AND 5 (i)

I hereby certify that I sent a copy of this motion to Chambers.

*Linda Cruz-Packer*
Linda Cruz-Packer

I hereby certify that a copy of the foregoing Opposition of Defendant's Motion was mailed first class, postage pre-paid, this 31st day of January, 2007, to:

**Vincent Schiraldi, Director**
1000 Mt. Olivet Road, N.E.
Washington, D.C. 20002

**David Brown, Deputy Director**
8300 Riverton Court
Laurel, Maryland 20724

**Mark Schindler, Chief of Staff**
8300 Riverton Court
Laurel, Maryland 20724

**LaVern Evans, Superintendent**
8300 Riverton Court
Laurel, Maryland 20724

**Dexter Dunbar, Deputy Superintendent**
**Of Treatment**
8300 Riverton Court
Laurel, Maryland 20724

**Pili Robinson, Senior Consultant to the**
Department of Youth Rehabilitation
The Missouri Youth Service Institute
1906 Hayselton, Drive
Jefferson City, MO 65109

**David J. Thomas, Deputy Superintendent**
Of Operations
8300 Riverton Court
Laurel, Maryland 20724

**Andrew T. Wise**
**MILLER & CHEVALIER CHTD**
655 Fifteenth St., N.W.
Suite 900
Washington, DC 20005

**Leah Brownlee Taylor**
Assistant Attorney General
441-4th St. NW, 6th Floor
Washington, DC 20001

**Fitzgerald Fant,** Resource Manager
8300 Riverton Court
Laurel, Maryland 20724

*Linda Cruz-Packer*
Linda Cruz-Packer

# DECLARATION UNDER PENALTY OF PERJURY

**THE STATE OF MARYLAND**

I _Moneka M. Greene_____ over the age of 18 years old, declare under penalty of

perjury that the foregoing is true and correct.

1. On December 15, 2006, I accompanied _Ms Packer_ to the Department of Youth Rehabilitation
   Services in Laurel, Maryland.  I, _Dr. Greene_ ask the receptionist in 8300 Riverton
   Court (CAB), who is the authorized person to receive and sign for mail delivered to that address?
   The receptionist identified herself as Bernadette Akinseye, and replied that it was her job to sign
   for and receive mail.

2. On January 29, 2007, _Ms Packer_ and I were on conference call as I, _Dr. Green_ call the
   Youth Services Center in Washington, DC.   An Officer _(unk)_ (female) answered the phone. I, Dr.
   Greene, asked officer _(female)_ who is the authorized person identified to sign for and receive mail
   that is delivered to that address?   Officer _female_ replied that any officer assigned to the front desk
   in lobby is responsible for receiving and signing for all mail delivered to that address.  Officer
   _female_ stated that receiving the mail is one of the duties assigned to the front desk post.

3. On January 24, 2007, Ms. Packer Reported to me that, Wendy
   Montague was the officer authorize to sign
   Signed this _31st_ day of _January_, 2007.    for mail deliverd to that
   address. _(mb)_

Sworn to before me this 31st day
of January 2007 at Washington, DC.
E. Faye Williams, Notary Public
My Commission expires 01/02/2010

_____
**Signature**

EXhibit # 1

RECEIVED
Civil Clerk's Office

DEC 1 1 2006

Superior Court of the
District of Columbia
Washington, D.C.

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### CIVIL DIVISION

Linda Cruz-Packer )
         Plaintiff(s) )
        )   Civil Action No. 008404
        )
    vs. )
        )
Vincent Schiraldi  Defendant(s) )
        )

### AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

    I, _Linda Cruz-Packer_____, under oath do hereby state the following:

    That my age and birth date are as follows: _____
_55 years_____ MAY 20, 1951_____

    That my residential or business address is: _____
_____4800 MEGAN DRIVE, CLINTON, Maryland 20735___

    That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant _____ by registered/certified mail.

    That the return receipt attached hereto was signed by _____, the Defendant herein or
___W. Montague_____, a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as _____
_11/29/06_____.

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

### SPECIFIC FACTS

_Linda Cruz Packer_

Subscribed and sworn to before me this _11th_ day of _DEC_ 20 _2006_

_Cynthia A. Mason_
Deputy Clerk/Notary Public

- Exhibits 2 + 3

RECEIVED
Civil Clerk's Office

DEC 1 1 2006

Superior Court of the
District of Columbia
Washington, D.C.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Linda Cruz-Packer )
               Plaintiff(s) )          Civil Action No. _____
                           )
                           )
      vs.                  )
                           )
               Defendant(s) )
Mayor Anthony Williams     )

AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, _____Linda Cruz-Packer_____, under oath do
hereby state the following:
          That my age and birth date are as follows: _____
55 years          MAY 20, 1951
          That my residential or business address is:
_____4800 Megan Drive, Clinton, Maryland 20735
          That a copy of the Initial Order, Complaint and Summons
was mailed by the affiant to the above named defendant _____
Mayor Anthony Williams by registered/certified mail.
          That the return receipt attached hereto was signed by
_____, the Defendant herein or
_____Alonge Pearson_____, a person of suitable age
and discretion residing therein at the Defendant's usual place of
abode, and the said receipt show the date of delivery as _____
12/04/06_____.

If return receipt does not purport to be signed by the party named
in the Summons, then state specific facts from which the Court can
determine that the person who signed the receipt meets the
appropriate qualifications for receipt of process as required by
SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS

                              _Linda Cruz-Packer_
                                   Signature

Subscribed and sworn to before me this _11th_ day of _DEC_ no _2006_

                              _Cynthia A. Mason_
                              Deputy Clerk/Notary Public

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

RECEIVED
Civil Clerk's Office
DEC 11 2006
Superior Court of the
District of Columbia
Washington, D.C.

Linda Cruz-Packer
        Plaintiff(s)

vs.

        Defendant(s)

Pili Robinson

)
)
)
)
)
)
)
)
)
)

008419-06

Civil Action No. _____

## AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, __Linda Cruz-Packer__, under oath do hereby state the following:
That my age and birth date are as follows: _____
__55 years   May 20, 1951__
That my residential or business address is: _____
__4800 MEGAN DRIVE, CLINTON, MARYLAND 20735__
That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant _____
__Pili Robinson__ by registered/certified mail.
That the return receipt attached hereto was signed by _____, the Defendant herein or __MARK STEWART__, a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as _____
__12/4/06__.

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

## SPECIFIC FACTS

_Linda Cruz-Packer_
Signature

Subscribed and sworn to before me this __11th__ day of __Dec__ 19 __2006__

_Cynthia Adams_
Deputy Clerk/Notary Public

RECEIVED
Civil Clerk's Office
DEC 1 1 2006
Superior Court of the
District of Columbia
Washington, D.C.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Linda Cruz-Packer )        OO8419-06
              Plaintiff(s) )        Civil Action No. _____
                           )
                           )
                           )
        vs.                )
                           )
Department of Youth Defendant(s) )
Rehabilitation Services    )

## AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, __Linda Cruz-Packer_____, under oath do hereby state the following:

That my age and birth date are as follows: _____
__55 years    May 20, 1951_____

That my residential or business address is: _____
__4800 Megan Drive, Clinton, Maryland 20735____

That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant _____ __Dept of Youth Reh Services__ by registered/certified mail.

That the return receipt attached hereto was signed by _____, the Defendant herein or __W Montague_____, a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as _____
__11/29/06_____.

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

## SPECIFIC FACTS

_Linda Cruz-Packer_____
              Signature

Subscribed and sworn to before me this __11th__ day of __Dec__ __2006__

_Cynthia A. Mason_____
Deputy Clerk/Notary Public

RECEIVED
Civil Clerk's Office

DEC 11 2006

Superior Court of the
District of Columbia
Washington, D.C.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Linda Cruz-Packer )
)
Plaintiff(s) )          Civil Action No. _____
)
)
)
vs. )
)
Defendant(s) )
Fitzgerald Font )

AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, Linda Cruz-Packer _____, under oath do
hereby state the following:
That my age and birth date are as follows: _____
55 years          May 20, 1951
That my residential or business address is:
4800 Megan Drive Clinton, Maryland 20735
That a copy of the Initial Order, Complaint and Summons
was mailed by the affiant to the above named defendant
_____ by registered/certified mail.
That the return receipt attached hereto was signed by
Bernadette Akinroye _____, the Defendant herein or
_____, a person of suitable age
and discretion residing therein at the Defendant's usual place of
abode, and the said receipt show the date of delivery as _____
11/29/06 .

If return receipt does not purport to be signed by the party named
in the Summons, then state specific facts from which the Court can
determine that the person who signed the receipt meets the
appropriate qualifications for receipt of process as required by
SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS

Linda Cruz-Packer
Signature

Subscribed and sworn to before me this 11th day of DEC 2006

Cynthia A. Mason
Deputy Clerk/Notary Public

RECEIVED
Civil Clerk's Office
DEC 1 1 2006
Superior Court of the
District of Columbia
Washington, D.C.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Linda Cruz-Packer                    )
                    Plaintiff(s)     )        Civil Action No. _____
                                     )
                                     )
            vs.                      )
                                     )
Dexter Dunbar   Defendant(s)         )
                                     )

AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, Linda Cruz-Packer _____, under oath do hereby state the following:

That my age and birth date are as follows: _____
55 years           May 20, 1951

That my residential or business address is: _____
4800 Megan Drive, Clinton, Maryland  20735

That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant Dexter Dunbar by registered/certified mail. _____

That the return receipt attached hereto was signed by _____ Bernadette Akinreye _____, the Defendant herein or _____, a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as _____
11/29/06 .

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS

Linda Cruz-Packer
Signature

Subscribed and sworn to before me this 11th day of DEC n 2006

Cynthia A Mason
Deputy Clerk/Notary Public

RECEIVED
Civil Clerk's Office

DEC 1 1 2006

Superior Court of the
District of Columbia
Washington, D.C.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Linda Cruz-Packer )
                   )
        Plaintiff(s) )          Civil Action No. _____
                   )
                   )
    vs.            )
MARK Schindler     )
        Defendant(s) )
                   )

AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, Linda Cruz-Packer _____, under oath do
hereby state the following:
That my age and birth date are as follows: _____
55 years        MAY 20, 1951
        That my residential or business address is:
4800 MEGAN DRIVE, Clinton, Maryland 20735
        That a copy of the Initial Order, Complaint and Summons
was mailed by the affiant to the above named defendant
MARK Schindler by registered/certified mail.
        That the return receipt attached hereto was signed by
BERNADETTE ARKW Reye _____, the Defendant herein or
_____, a person of suitable age
and discretion residing therein at the Defendant's usual place of
abode, and the said receipt show the date of delivery as _____
11/29/06 .

If return receipt does not purport to be signed by the party named
in the Summons, then state specific facts from which the Court can
determine that the person who signed the receipt meets the
appropriate qualifications for receipt of process as required by
SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS

                                Linda Cruz-Packer
                                    Signature

Subscribed and sworn to before me this 11th day of DEC 2006

                                Cynthia A. Mason
                        Deputy Clerk/Notary Public

RECEIVED
Civil Clerk's Office

DEC 1 1 2006

Superior Court of the
District of Columbia
Washington, D.C.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Linda Cruz-Packer )
           Plaintiff(s) )
                      )
                      )
      vs. )
                      )
       Defendant(s) )
LaVern Evans )

Civil Action No. _____

## AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, Linda Cruz-Packer , under oath do hereby state the following:

That my age and birth date are as follows: _____
55 years      May 20, 1951

That my residential or business address is: 4800 Megan Drive, Clinton, Maryland 20735

That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant LaVern Evans by registered/certified mail.

That the return receipt attached hereto was signed by _____, the Defendant herein or Bernadette Akinreye , a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as _____ 11/29/06 .

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

## SPECIFIC FACTS

                                     Linda Cruz-Packer
                                          Signature

Subscribed and sworn to before me this 11th day of DEC No 2006

                                 Cynthia A. Mason
                      Deputy Clerk/Notary Public

CYNTHIA A. MASON
Notary Public, District of Columbia
My Co...

RECEIVED
Civil Clerk's Office

DEC 1 1 2006

Superior Court of the
District of Columbia
Washington, D.C.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Linda Cruz-Packer )
                    )
        Plaintiff(s) )        Civil Action No. _____
                    )
                    )
                    )
    vs.             )
                    )
        Defendant(s) )
David Brown         )

## AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, _Linda Cruz-Packer_____, under oath do
hereby state the following:
That my age and birth date are as follows: _____
_55 years_____ MAY 20, 1951_____
That my residential or business address is:
_4800 Megan Drive, Clinton, Maryland  20735_
That a copy of the Initial Order, Complaint and Summons
was mailed by the affiant to the above named defendant
_David Brown_____ by registered/certified mail.
That the return receipt attached hereto was signed by
_Bernadette Akinreye_____, the Defendant herein or
_____, a person of suitable age
and discretion residing therein at the Defendant's usual place of
abode, and the said receipt show the date of delivery as _____
_11/29/06_____.

If return receipt does not purport to be signed by the party named
in the Summons, then state specific facts from which the Court can
determine that the person who signed the receipt meets the
appropriate qualifications for receipt of process as required by
SCR (Civil) 4(e)(2) and 4(c)(3).

## SPECIFIC FACTS

_Linda Cruz-Packer_
                Signature

Subscribed and sworn to before me this _11th_day of _DEC_ 19_2006_

_Cynthia A. Mason_
Deputy Clerk/Notary Public

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

RECEIVED
Civil Clerk's Office
DEC 1 1 2006
Superior Court of the
District of Columbia
Washington, D.C.

Linda Cruz-Packer )
      Plaintiff(s) )
                 )
                 )
      vs. )
                 )
      Defendant(s) )
David J. Thomas )

Civil Action No. _____

## AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

    I, Linda Cruz-Packer _____, under oath do hereby state the following:

That my age and birth date are as follows: _____
55 years        MAY 20, 1951

That my residential or business address is: _____
4800 MEGAN DRIVE, CLINTON, Maryland 20735

That a copy of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant David J. Thomas by registered/certified mail.

That the return receipt attached hereto was signed by _____, the Defendant herein or
BERNADETTE AKINBeye, a person of suitable age and discretion residing therein at the Defendant's usual place of abode, and the said receipt show the date of delivery as _____
11/29/06.

If return receipt does not purport to be signed by the party named in the Summons, then state specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2) and 4(c)(3).

## SPECIFIC FACTS

Linda Cruz-Packer

Subscribed and sworn to before me this 11th day of DEC    №2006

Cynthia A Mason
Deputy Clerk/Notary Public

RECEIVED
Civil Clerk's Office

DEC 1 1 2006

Sup___ Court of the
D___ for Columbia
___ington, D.C.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Linda Cruz-Packer )
                   )
         Plaintiff(s) )         Civil Action No. _____
                   )
                   )
    vs.            )
                   )
         Defendant(s) )
Office of Special  )
   Counsel

AFFIDAVIT OF SERVICE BY REGISTERED/CERTIFIED MAIL

I, ___Linda Cruz-Packer_____, under oath do
hereby state the following:
    That my age and birth date are as follows: _____
_55 years_____ MAY 20, 1951_____
    That my residential or business address is: _____
_4800 MEGAN DRIVE, Clinton, Maryland  20735___
    That a copy of the Initial Order, Complaint and Summons
was mailed by the affiant to the above named defendant _____.
Office of Special Counsel by registered/certified mail.
    That the return receipt attached hereto was signed by
_____, the Defendant herein or
___GEORGE DRESSURII_____, a person of suitable age
and discretion residing therein at the Defendant's usual place of
abode, and the said receipt show the date of delivery as _____
_11/29/06_____.

If return receipt does not purport to be signed by the party named
in the Summons, then state specific facts from which the Court can
determine that the person who signed the receipt meets the
appropriate qualifications for receipt of process as required by
SCR (Civil) 4(e)(2) and 4(c)(3).

SPECIFIC FACTS

                              _Linda Cruz-Packer_
                                   Signature

Subscribed and sworn to before me this _11th_ day of _DEC_ N_ 2006

                              _Cynthia A. Mason_
                              Deputy Clerk/Notary Public

CYNTHIA A. MASON



**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Department of Youth Rehabilitation Services**

**OFFICE OF THE DIRECTOR**

October 19, 2006

Ms. Linda Cruz-Packer
4800 Megan Drive
Clinton, MD  20735

Dear Ms. Packer:

In accordance with §3818 of the District Personnel Manual (DPM), this is a notice of at least 15 days of the termination of your Management Supervisory Service appointment as a Supervisory Correctional Officer, MS-0006-11, with the Department of Youth Rehabilitation Services (DYRS).  Your separation from service with the District government will be effective Friday, November 3, 2006.  As you know, employment in the Management Supervisory Service is terminable at-will and this termination action is neither grievable nor appealable.

Effective today, you will be placed on administrative leave during this notice period.  You will be paid at your current salary and you will accrue both annual and sick leave. You are to immediately return all building keys, office keys, security badge(s), pass card(s), uniforms, cell phone(s), and any and all government property issued to you as a District Government employee.  This includes all District Government paper-based or computer-based documents contained on computer disks, hard drives, storage drives and on any other type of electronic media containing such documents, in your possession.

Payment for all unused annual leave will also be disbursed as a lump sum with the standard deductions for applicable taxes and withholdings.  The annual leave check will be issued separately and no deductions will be made for retirement or other benefits.

You may be eligible to receive severance pay in accordance with Chapter 11 of the District Personnel Manual.  Please contact Ms. Carol Brown, Human Resources Specialist, DC Office of Personnel at (202) 671-1307 to schedule an appointment to obtain information regarding severance pay and other benefits you may be entitled.

Thank you for your service to DYRS and the District government.

Sincerely,

Vincent N. Schiraldi
Director

— Exhibit # 4

cc:  David E. Brown, Deputy Director
     David Muhammad, Chief of Committed Services
     Fitzgerald Fant, Human Resources Manager (DYRS)
     DC Office of Personnel

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent / ☐ Addressee<br>B. Received by ( *Printed Name* )  C. Date of Delivery<br>GEORGE Dunn  11-29-06<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |

1. Article Addressed to:

Darlene Fields
441 4th ST NW
Suite 600 S
Wash, DC 20001

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)  ☐ Yes

2. Article Number
*(Transfer from service label)*    7006 0100 0003 3533 9877

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

D. J. Thomas, Deputy
Supt. Operations
8300 Riverton Court
Laurel, Md 20724

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
B- Thomason   1/1/09

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7006 0100 0003 3530 4295

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

David Browne, Depty
Sup Treatment
8300 Riverton Ct
Laurel, Md 20724

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

B. Akinseye

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7006 0100 0003 3530 4325

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LaVern Evans, Supt,
8360 Riverton Court
Laurel, Md 20724

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
   B Micalem                        11/29

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7006 0100 0003 3530 4318

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____    ☐ Agent    ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

1. Article Addressed to:

Mark Schindler
Chief of Staff
8360 Riverton Court
Laurel, Md 20724

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7006 0100 0003 3530 4349

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Dexter Dunbar
Deputy Supt Treatment
8300 Riverton Court
Lawel, Md 20724

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:      ☐ No

3. Service Type
☒ Certified Mail      ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article Number
(Transfer from service label)      7006 0100 0003 3530 4301

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Fitzgerald Fant
Human Resources Mgr.
8300 Riverton Court
Laurel, Md 20724

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)      7006 0100 0003 3530 4271

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Department of Youth Rehab.
Services, ~~District~~
Youth Services Center
1000 Mt. Olivet Road, N.E.
Wash, DC. 20002

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _(signature)_ ☐ Agent ☐ Addressee

B. Received by (Printed Name)
W. MONTAGUE

C. Date of Delivery
11-29-06

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)

7006 0100 0003 3530 4264

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                      ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

12-4

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

1. Article Addressed to:

Pili Robinson
The Missouri YSI
1906 Hayselton Drive
Jefferson City, MO
                65109

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7606 0100 0003 3530 4288

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Tabitha Braxton
1350 Penn Ave, NW
Rm 419
Wash, DC 20004

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Alonzo Pearson_  ☐ Agent
☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
12-1-06

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7006 0100 0003 3533 9884

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Vincent Schiraldi, DH
YSC
1000 Mt. Olivet Rd, NE
Wash, DC 20002

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
W. MONTAGUE

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7006 0100 0003 3530 4332

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# **Affidavit**

**State of** Washington, DC

**County of**: N/A

I, **Dr. E. Faye Williams, Esq.,** over the age of 18 years old, declare under

penalty of perjury that the foregoing is true and correct.

I, **E. Faye Williams, Esq.,** hereby make the following statement to Linda Cruz-Packer, who has been identified as Plaintiff and *pro se* litigant for herself in Civil Action No: 06-2263 in the matter of *Linda Cruz-Packer v. Department of Youth Rehabilitation Services (DYRS), et al.*

I currently serve as National Chair, National Congress of Black Women, Inc., and have served in this position since October 2005.

I served as the Chief of Staff, for Councilmember Marion Barry, for the District of Columbia, Ward 8, from March of 2006 until December of 2006. As Chief of Staff, I had the ultimate staff responsibility for overseeing all business matters relating to complaints that where filed in our office.

This affidavit is concerning my role with Plaintiff and several other Management Supervisory Service employees who sought assistance from our office regarding the Department of Youth and Rehabilitation Services, and the knowledge I had concerning DYRS' response to our office inquiry into this matter.

In October of 2006, I forwarded a written inquiry to Director Vincent Schiraldi's office (DYRS) requesting a response to the reason(s) for the firing of Ms. Cruz-Packer and several other Management Supervisory Services (MSS) employees, who reported to our office that they were wrongfully terminated without cause on October 19, 2006.

In response to our inquiry, I received a telephone call from an individual who identified himself as Mark Schlindler, Chief of Staff, to the Director.

- Exhibit #5

In summary, Mr. Schlinder informed me that Ms. Cruz-Packer and the others where not fired but had been terminated. He did not make a distinction to me between being fired and being terminated. When I asked him what was the difference between terminated and fired, he responded by saying that they all have been terminated due to their being not competent for their positions and that they wouldn't be hard to replace because of their excessive absenteeism, in that they rarely came to work. He also indicated they were not trainable for the new reform that was to take place—that they were not going in the direction that the Director wanted the Agency to go.

This is an accurate statement as to what Mr. Schlinder told me in response to the letter from Councilmember Barry.

*E Faye Williams* /Date 1/31/07
(Affiant's Signature)

*Bernice J. Oden* /Date 1-31-07
(Witness' Signature)

Page #2 of 3

Subj:     **Fw: request for letter**
Date:     10/25/2006 1:23:45 AM Eastern Standard Time
From:     dvop55@msn.com
To:       manfreejl@aol.com, vdon5@verizon.net

what a bunch of bull.

—— Original Message ——
From: efayed@aol.com
To: dvop55@msn.com
Cc: eparsons@dccouncil.us
Sent: Wednesday, October 25, 2006 1:14 AM
Subject: Re: request for letter

It's on my computer at the office, and I won't be there in the morning.

Stop by the office when you are in the building, and ask Eric to look in the brown accordian folder in back of my chair in my office. The letter is in that file. Ask him to make you a copy of it.

I received a phone call from Shiraldi's Chief of Staff who essentially told me that those of you who were terminated did not kinow how to do the job to be done under the reform plan. He said management personnel are now doing the job you were doing, but that you didn't do very much to begin with because many of you rarely came to work! I asked if you were fired. He said, "No, you were terminated". I didn't get the distinction. I asked if you were being replaced. He said, "Yes". I asked by whom, and he said that a job announcement had been listed, and your jobs would be filled by whomever is selected with the skills needed. He said a few other things but I don't have my notes at home.

E. Faye Williams, Esq.

-----Original Message-----
From: dvop55@msn.com
To: efayed@aol.com
Sent: Wed, 25 Oct 2006 12:38 AM
Subject: request for letter

Faye:

Could you please forward me a copy of the letter you sent to Mr. Sharaldi. We have a meeting tomorrow with Ms. Cropp at 10:30.

Thanks

Linda

Check out the new AOL. Most comprehensive set of free safety and security tools, free access to millions of high-quality videos from across the web, free AOL Mail and more.

- Page 3 of 3
Exhibit #5

Wednesday, October 25, 2006 America On   : Manfreejl

October 23, 2006

Mr. Vincent Schiraldi, Director
Department of Youth Rehabilitation Services
District of Columbia
1000 Mt. Olivet Road, NE
Washington, DC 20002

Dear Mr. Schiraldi:

I have been made aware of your letter of termination that was received by several people during the past few days—most of whom are women over 40. Your letter does not indicate that there was a problem with their work—yet, one could draw that conclusion from their abrupt termination and placement on administrative leave.

Are these employees being fired? Are they being replaced? If so, by whom and why? Are their positions being eliminated? What is the problem? The letter to them was so cold and abrupt that I am wondering what happened, and why such a sudden dismissal of so many people was necessary.

Please have your staff contact my Chief of Staff, Dr. E. Faye Williams, who is handling this matter on my behalf to explain what is going on with these dismissals as soon as possible. You may reach her at 202/724-8045.

Sincerely,


Marion Barry
Ward 8 Councilmember

Subj:     **RE:**
Date:     10/26/2006 8:56:21 AM Eastern Daylight Time
From:     Vincent.Schiraldi@dc.gov
To:       wmoney1709@aol.com
CC:       Fitzgerald.Fant@dc.gov

Dr. Wilson-Greene:

I understand that this is a difficult time for you and I sympathize with you in that regard.

As you are aware, I am deeply committed to reforming this long-troubled department.  I want to assure you that any personnel changes I've made in the past or will make in the future have only that goal in mind - reform.

Prior to my accepting the recommendation from Oak Hill management to terminate you, I held numerous, lengthy meetings to discuss and debate the issue with them and members of my executive team.  I want to assure you that I gave it a great deal of consideration before endorsing this recommendation.

In addition to those meetings, I'm sure you are aware that I am "inside the fence" frequently at Oak Hill, talking about progress there with line staff, middle-managers, cooks, maintenance workers, mental health staff, parents and youth, in addition to the superintendent and his deputies.  I have a great many sources of information because I believe it is wrong to rely on just one or two sources.

I am going to deny your request for a meeting because I believe that I have already given this deep thought and consideration and because I have a great many sources of information to continually evaluate the progress of the Oak Hill reforms.  I truly wish you the best in your future endeavors.  If you have any further questions I encourage you to contact Carol Brown at the DC Office of Personnel whose contact information was given to you when you were given notice of your termination.  She could answer any questions you may have about civil service protections as it pertains to your position.

Sincerely,


Vincent S. iraldi
Director, D YS

*Vincent N.Schiraldi, i      or*
*Department of Youth R        litation Services*
*Youth Services Center*
*1000 Mt. Olivet Road, N.E.*
*Washington, DC 20002*

*Direct Line: 202.576.8176*
*Alternate Line: 202.576.8175*
*Facsimile Line: 202.576.8457*
*E-Mail: vincent.schiraldi@dc.gov*

— Exhibit # 6                — —

**From:** wmoney1709@aol.com [mailto:wmoney1709@aol.com]
**Sent:** Sunday, October 22, 2006 1:02 PM
**To:** Vincent.Schiraldi@dc.gov
**Subject:**

ctober 28.

GOVERNMENT OF THE DISTRICT OF COLUMBIA
D.C. Office of Personnel

# District Personnel Manual Issuance System

**DPM Instruction No.** 31B-1

Published in advance of
incorporation in DPM
chapter(s) 31B

**SUBJECT:** Instructions for the Completion and Submission
of Progress Report - Monthly Summary of Personnel
Actions (D.C. Standard Forms 1227-A, B, C)

**Date:** January, 1986

1. Purpose:

   The purpose of this Order is to: 1) confirm oral instructions on
   Completion and Submission of Progress Reports which were given
   subsequent to the issuance of Administrative Order 82-5, dated
   April 21, 1982, and Administrative Instruction 84-1, dated
   February 17, 1984; and 2) emphasize the importance of meeting
   reporting due dates.

2. Scope

   This Order is applicable to all D.C. Office of Personnel servicing
   personnel offices.

3. Procedure:

   D.C. Standard Forms 1227-A, B, and C (Summary of Personnel Actions,
   Status of Recruit Actions, and Status of Non-Recruit Actions,
   respectively) are to be used in reporting progress on processing of
   Requests for Personnel Action (DCSF-52), on a bi-weekly basis. This
   consolidated report is to include data on the number of requests on hand
   at the end of the last reporting period, the number of requests received
   during the reporting period, the number processed, and the number to be
   processed. The report is to cover both recruit and non-recruit
   requests.

   Copies of Form FMS-620, Batch Changes Cover Sheet, must accompany the
   report for <u>all personnel action Forms 1</u> processed and forwarded to
   Payroll, and included on the report. The number of actions reported as
   PROCESSED on the DCSF-1227-A, Line 4, must total the number of actions
   recorded on the FMS-620. (See attached sample.) If completed Forms 1227
   are received in the Bureau of Staffing Services without accompanying
   Forms FMS-620, the entire report will be returned.

   — Exhibit #7

Inquiries: Staffing and Employment Division, on 727-6482 or 727-6485

Distribution: Heads      Departments and Agencies, and Per...

Retain Until Supers...

O.P. Form 279-14

**SENDER:**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _____  ☐ Agent ☐ Addressee

B. Received by (Printed Name)  Bernadette Akiagba  C. Date of Delivery 11/15/06

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Fitzgerald Fant
Human Resource Dir.
8300 Riverton Ct (DYRS)
Laurel, Md 20724

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)    7006 0810 0005 6250 4666

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL · RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ $0.87 | 0791 |
| Certified Fee | $2.40 | 09 |
| Return Receipt Fee (Endorsement Required) | $1.85 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.12 | 11/14/2006 |

7006 0810 0005 6250 4666

Sent To  Fitzgerald Fant
Street, Apt. No.; or PO Box No.  8300 Riverton, Ct
City, State, ZIP+4  Laurel, Md 20724

– Exhibit #8



UNITED STATES POSTAL SERVICE
SOUTHERN MD 207

15 NOV 2006 PM 5T

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Linda Cruz-Packer
4800 Megnd Drive
Clinton, Md 20735

EEOC

29 C007

**Certified Mail Provides:**
- A mailing receipt
- A unique identifier for your mailpiece
- A record of delivery kept by the Postal Service for two years

PS Form 3800, June 2002 (Reverse)

**Important Reminders:**
- Certified Mail may ONLY be combined with First-Class Mail® or Priority Mail®.
- Certified Mail is *not* available for any class of international mail.
- NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
- For an additional fee, a *Return Receipt* may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS® postmark on your Certified Mail receipt is required.
- For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement "Restricted Delivery".
- If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

**IMPORTANT:** Save this receipt and present it when making an inquiry. Internet access to delivery information is not available on mail addressed to APOs and FPOs.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington Field Office**

1801 L Street, N. W., Suite 100
Washington, D. C. 20507
(202) 419-0700
TTY (202) 419-0702
FAX (202) 419-0740

# INTAKE QUESTIONNAIRE

(LOCAL USE FORM 283)
This form is covered by the Privacy Act of 1974. See the Privacy Act
Statement on the last page of this document before completing this form.

| EEOC USE ONLY |
| --- |
| INQUIRY #: |
| 570-2007-00553N |

**Please print your answers to the following questions. When finished, sign and date on Page 5.**

First Name: _Linda_    MI: _Y_    Last Name: _Cruz-Packer_

Address: _4800 Megan Dr_    Apt. _____

City: _Clinton_    State: _MD_    Zip Code: _20735_    County: _PG_

Telephone #: Home (30)) _234-0097_    Cell (240) _602-4579_

Work (240) _602-4579_

Email: _DUOP55@msn.com_

Date of Birth: _May 20, 1951_

Gender: [ ] Male    [X] Female

Race: [X] Black    [ ] White    [ ] Other Race _____

[ ] American Indian or Native American    [ ] Asian or Pacific Islander

National origin: [ ] Mexican    [ ] Hispanic    [ ] Arab, Middle Eastern

[ ] East Indian    [ ] Other _____

Provide the following information for a person we can contact if we are unable to reach you:

First Name: _April_    MI: _N_    Last Name: _Packer_

Address: _4800 Megan Dr_    Apt. _____

City: _Clinton_    State: _Md_    Zip Code: _20735_    County: _PG_

Telephone #: Home (301) _234-0116_    Cell (301) _395-4552_

Work ( )    _N/A_

_- Exhibit # 9_

You believe you have been discriminated against because of: *(Check all that apply)*

[X] Race                [X] Color            [ ] Religion            [ ] National Origin

[X] Age (40 or above)        [ ] Disability        [X] Sex        [ ] Pregnancy

[ ] Retaliation for *Participating in an investigations (see Formal Complaint attached*

If you checked "retaliation," have you ever previously filed a charge with EEOC or another civil rights agency or complained to your employer about discrimination?

[X] No [ ] Yes –If yes, please explain: _____

_____

_____

## COMPLAINT INFORMATION

For any block(s) that you checked above, describe the harm and how you feel you were discriminated against.  Include names and job titles of all those involved, and the dates you were harmed.

*See attached Formal Complaint*

_____

_____

_____

_____

_____

_____

_____

_____

_____

What reason(s) did your employer give for the action(s) taken against you?  Or, what do you believe the employer will tell the EEOC?

*They Refused to provide a reason*

_____

_____

_____

_____

-3-

*I declare under penalty of perjury that the information provided herein is true and correct to the best of my knowledge and understanding.*

X _Linda Cruz - Packer_            X _11/30/06_
      Signature                          Date

Privacy Act Statement:
This form is covered by the Privacy Act of 1974, Public Law 93-579. Authority for requesting and uses of the personal date are given below.

    1. Form Number/Title/Date: Form 283, Intake Questionnaire, 10/94.
    2. Authority: U.S.C. 2000(e)(9), 29 U.S.C. 201, 29 U.S.C. 621
    3. Principal purposes: Provides information from the Charging Party relevant to filing a charge of discrimination.
    4. Routine uses: This questionnaire is used to make an official determination whether facts exist to prepare a charge of discrimination.
    5. Whether disclosure is mandatory or voluntary and effect on individual for not providing information: Voluntary. Failure to provide this information may affect whether the Commission processes your claim further.

Revised 6/06

# DYRS FORMAL COMPLAINT
## OF
## LINDA CRUZ-PACKER

Ms. Linda Cruz-Packer asserts that the following actions, and are discriminatory, retaliatory and created a hostile work environment for her based on her race (African American), and her sex (female), her age (over 40), lack of equal or just pay (should have been MSS-12), and her prior participation in an investigation that required her identifying senior staff persons of possible misconduct (retaliation). All of these occurred beginning after April 17, 2006. Some of the following are also actionable independent of a hostile work environment.

**1. Conflict of Interest.** On October 19, 2006, Fitzgerald Font, Human Resource Manager, was one of three individuals who served Ms. Cruz-Packer her notice of termination. Today, Ms. Cruz-Packer must file her formal complaint with this same individual who also acts in the capacity of Oak Hill's EEOC official that accepts complaints. The fairness and objectivity concerning this filing can not be impartial and it shows a high level of conflict of interest.

**2. Lack of equal or just pay and proper grade.** On April 3, 2006, Ms. Cruz-Packer was improperly hired as a Supervisory Correctional Officer, MSS 11/04, at a salary of $51,387.00. Ms. Cruz-Packer immediately notified Fitzgerald Font, Human Resource Manager of this mistake. She also requested specialty pay to accommodate and adjust her low salary. Ms. Cruz-Packer applied for a MSS-12, and was certified on the MSS-12 list. Furthermore, Ms. Cruz-Packer never applied for an MSS-11 position. Ms. Cruz-Packer also submitted her federal form SF-50 showing her last grade was a GS-14, with a salary of $105,000.00. Numerous disparities in pay and grade was done in hiring males in particular white males who were brought in at higher salaries who had less experience, less education than Ms. Cruz-Packer. In addition, Ms. Cruz-Packer phoned, e-mailed, and spoke in person to Mr. Font and Mark Schindler to correct this oversight. Neither bothered to respond either orally or in writing. In addition, after a three month period had gone by, Font refused to do a pay adjustment.

**3. Work Assignments.** On April 17, 2006, Ms. Cruz-Packer was assigned as the Unit Manager to Unit 8A & 8B, at the DYRS Oak Hill Facility. Within less than a month Ms. Cruz-Packer was reassigned as the evening Shift

Commander (OD) with one days notice. Ms. Cruz-Packer received no training in any of her positions. Management barely spoke to her and when they did it was mostly due to crisis incidents/situations. Ms. Cruz-Packer was the only female OD at Oak Hill, and when she started reporting deficiencies with the numerous written reports she generated, Ms. Cruz-Packer was retaliated against and removed from the OD position. On July 21, 2006, Ms. Cruz-Packer, was reassigned to MOD II, and given four days to transition. Mr. Henry Davis was assigned as the OD in her place. When she inquired about the disparity treatment between herself and the other male OD's she was told she was lucky to have a job. Later, supossively according to Superintendent Evans, Ms. Cruz-Packer was removed to prevent another staff person (Sommerville) from obtaining a Unit Manager position in Unit 7A.

In addition, Ms. Cruz-Packer was moved an additional three times. She was assigned to Mod, 7A and Genesis. No other manager was moved 5 times in a six month period. Each move was done chaotically with little time normally one day period for transition with no explanation provided for the change.

**4. Unwarranted and illegal interrogated towards Ms. Cruz-Packer about Senior Staff members.** Watch Commander Corbitt and Deputy Superintendent David J. Thomas. During the end of June 2006 while Superintendent Evans was out on personal leave relating to his father, Ms. Cruz-Packer was question concerning investigations of possible retaliation and reprisal actions by attorney Andrea Geiger. Later upon Superintendent Evans return from his leave, Ms. Cruz-Packer was summoned to his office and in the presence of the subjects of the aforementioned investigations (Ms. Corbitt and Deputy Supt. David J. Thomas) Superintendent solicited information concerning said investigations.

Evans asked the questions in such a manner that she could truthfully answer in the negative. However, his inquiries into this matter was a violation of confidentiality and compromised the investigation, and made Ms. Cruz-Packer feel intimidated and fearful for her job if these senior managers learned of her cooperating in any way with Ms.Geigers investigation. Ms. Cruz-Packer now feels that the pretext of her removal was merely a pretext to discriminate against Ms. Cruz-Packer on the basis of her sex, age and race and retaliate against her for participating in an administrative investigation relating to Senior Management at Oak Hill.

2

5. **Denial of leave request/and Flex time-** On several occasions Deputy Superintendent Dunbar denied Ms. Cruz-Packer request for leave or Flex time contrary to the DPM. In addition, he required her to give one to two weeks notifications. During October, Ms. Cruz-Packer's son became ill and had to be hospitalized. Dunbar denied her request for leave, which was a violation of the Family Medical Leave Act and Ms. Cruz-Packer had to take sick leave which was later commuted to compensatory time due to Ms. Cruz-Packer's compensatory time accumulated when she was serving as the evening OD which was over 100 hours. Dunbar refused to allow Ms. Cruz-Packer to use Flex time, however other managers were allowed. Mr. Dunbar harassed Ms. Cruz-Packer regarding time and attendance, when in actuality he was allowed two weeks leave when he had only been a staff member for less than a month.

6. **Accusing Ms. Cruz-Packer of Stealing time**: Deputy Superintendent Dunbar repeatedly accused Ms. Cruz-Packer of falsifying her work hours because he supposedly observed her leave the facility on a few occasions, mainly on Tuesdays, when she and several other managers left for lunch. It should be noted that Ms. Cruz-Packer seldom took lunch or left the facility on the other four days she was scheduled to work. Dunbar's constant harassment and accusations against her led her to file a formal complaint with Superintendent Evans. Sign in Times, lunch breaks became a constant topic of Dunbar and often he would refuse to sign off on time sheets because of his wrong perception against Ms. Cruz-Packer.

7. **Deliberately lied about actions by Ms. Cruz-Packer.** Deputy Superintendent Dunbar maliciously lied to Superintendent Evans about many things regarding the professional conduct of Ms. Cruz-Packer in an effort to sabotage her position as the Unit Manager in Genesis. Among those actions credited to Ms. Cruz-Packer falsely were the following:

- She copied and provided copies to the residents of Genesis a level sheet indicating that there were only four levels as opposed to six which were presented in October of 2006 by Dunbar and Consultant Robinson. This change in level status brought on mass confusion amongst the staff and residents which in actuality was authored and presented to the residents by Dunbar and Robinson.

3

- She took two to three hour lunches several times a week. When Ms. Cruz-Packer seldom took lunch breaks except on Tuesday after Management meeting when she and several other managers left the facility to eat lunch off campus. Ms. Cruz-Packer was often admonished for partaking in lengthy lunch breaks, when in actuality she had left the campus to provide information on various investigations conducted by either Andrea Geiger or Keith Grimes. On those occasions that were related to lunches, Ms. Cruz-Packer was confronted by Dunbar, but the other managers were not, indicating extreme discrimination and animosity on the part of Deputy Superintendent Dunbar towards Ms. Cruz-Packer.
- She violated the confidentiality of a female Genesis staff member by identifying that person as having been placed on administrative leave in the Genesis Overview. When in actuality the AM OD Evans had made the announcement in roll call, and management staff had her escorted off campus for all to observe.

7. **Deputy Superintendent Dunbar humiliated Ms. Cruz-Packer in front of her staff and co-workers at Staff Development meetings in an unprofessional manner.** Mr. Dunbar swore and made several derogatory comments concerning Ms. Cruz-Packer, including stating at the September 28th and October 5th meeting that Ms. Cruz-Packer should be fired for authoring the Overview of the Genesis Program.

On another occasion at the October 5th meeting Dunbar stated that he would take disciplinary actions against Ms. Cruz-Packer for allowing a resident to make a phone call. Discussions of anticipated disciplinary actions against a manager should not have been discussed in an open forum with staff that Ms. Cruz-Packer supervised this was retaliatory and unprofessional in nature. Male supervisors were not treated in this manner.

8. **Unwarranted Termination.** On October 19, 2006, DYRS issued a termination notice effective November 3, 2006, which advised it was not grievable or appeal able. As a veteran there was no sole support for the issuance of the notice, and she should have been one of the last managers removed. However, two unit managers who where none veterans were allowed to remain before Ms. Cruz-Packer. It should be

4

noted that present at this termination meeting were Dexter Dunbar, Marc Schlinder, and Fitzgerald Font. Prior to this meeting there was no indication that Ms. Cruz-Packer job performance was unsatisfactory. DYRS refused to provide Ms. Cruz-Packer with any further explanation regarding the termination, except Marc Schlinder stated that several managers would be receiving termination notices as well. The termination was motivated by discrimination on the basis of Ms Cruz-Packer's race, age, sex, retaliatory based on her participation in the administrative complaint process investigation conducted by Ms. Geiger, identifying discrepancies and mismanagement by Deputy Superintendent Dunbar and Consultant Robinson, constantly requesting investigations into matters of concerns at Oak Hill, which required management to actually work.

9. **Public announcement of Ms. Cruz-Packer's termination to staff.** October 20, 2006,  Management (Evans, Dunbar, Thomas, Schlinder) announced at evening roll calls and requested that the day shift personnel come off their units upon relief and report to the cafeteria, so that they could informed them that Ms. Cruz-Packer and the other managers had been terminated,  further lending humiliation and embarrassment measures. The next day at the Town Hall meeting, Director Shiraldi further identified the managers by name and advised they were no longer employed, This was over killed and totally unnecessary. These actions were redundant, and resulted in severe discriminating factors and Ms. Cruz-Packer has been subjected to the gravest form of harassment, humiliation, based on her sex, race, age,

10. **Male dominations.** That all of the upper management that Ms. Cruz-Packer reports to are males. That the above referenced males condone and maintain a hostile work environment for its female staff. That the above reference management condone and perpetuated a hostile work environment at OHYC, by allowing non-supervisory employees to be promoted/and or assigned or placed in positions that are created for them and getting assignments without competing for the positions.

11. **Discrepancy in hiring practices.** That male manager's position are posted and closed in a manner that precludes other qualified females from competing for the positions. As a result DYRS selects lesser qualified applicants for positions that female employees are more qualified to perform in. When a female is lucky enough to be selected

5

for a perceived male manager position she is paid a lesser amount than her male counter part, or not given her certified grade but regulated to a lesser grade. It should be noted that most of the management positions at Oak Hill are occupied by Male managers. In addition DYRS on a whole has more male managers than female.

12. **Premeditated plan to fire Ms. Cruz-Packer:** On September 28, 2006, after being shown a copy of the Genesis Overview, that Ms. Cruz-Packer wrote, Deputy Superintendent Dexter Dunbar became enraged. He stated in front of most of the Genesis staff, that Ms. Cruz-Packer should be fired for authoring the overview. Dunbar was so angry that he swore and cursed when he made the aforementioned statement. On Tuesday October 3, 2006, Dunbar was in his car leaving the facility when he observed Ms. Cruz-Packer and several other Managers returning back to the facility. He literally turned his car around to confront Ms. Cruz-Packer. Dunbar asked Ms. Cruz-Packer under whose authority did she author the Genesis Overview?

Ms. Cruz-Packer replied by asking Dunbar was that a directive or was he asking me a question. When Dunbar responded by stating it was a question, Ms. Cruz-Packer responded by stating, she preferred not to answer. This response angered Dunbar even more.

Subsequently, at the October 5, 2006, Staff meeting Dunbar once again stated that Ms. Cruz-Packer should be fired for allowing residence to make phone calls, based on information provided by staff without allowing Ms. Cruz-Packer an opportunity to respond to her reasons for allowing the phone calls. No male staff was ever treated in this manner. When attempts were made by Ms. Cruz-Packer to explain her actions Dunbar refused to meet with her to discuss the matter. To her knowledge no other male manager has been subjected to such degrading treatment.

13. **Removal of items from Ms. Cruz-Packer work area: On** November 13, 2006, Ms. Cruz-Packer called to inquire about her personal items that management had failed to allow her to retrieve prior to her termination. Ms Cruz-Packer was told that her personal belonging whereabouts where unknown.

6

Standard Form 50
Rev 3/06

# NOTIFICATION OF PERSONNEL ACTION

District of Columbia Government

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| Cruz-Packer, Linda Y | 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 | 05-20-1951 | 11-03-2006 |

| FIRST ACTION | | NTE: | SECOND ACTION | |
|---|---|---|---|---|
| 5-A. Code | 5-B. Nature of Action | | 6-A. Code | 6-B. Nature of Action |
| 357 | Termination | | | |
| 5-C. Code | 5-D. Legal Authority | | 6-C. Code | 6-D. Legal Authority |
| 065 | DPM Chapter 31B  Def Termination & Non Pay | | | |
| 5-E. Code | 5-F. Legal Authority | | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| SUPERVISOR CORRECTIONAL OFFICER  PD: 006899    Position:   00004770 | |

| 8.Pay Plan | 9.Occ. CD | 10.Grd/Lvl | 11.Step/Rate | 12.Tot. Salary | 13.Pay Basis | 16.Pay Plan | 17.Occ. CD | 18.Grd/Lvl | 19.Step/Rate | 20.Tot. Salary/Award | 21.Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DS | 0006 | 11 | 00 | $56,740.00 | PA | | | | | | |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| $56,740.00 | $0 | $56,740.00 | $0 | | | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| Youth Rehabilitation Services, Department of  DYRS - MAIN  DYRS - COMMITTED SERVICES  Laurel MD USA | |

## EMPLOYEE DATA

| 23. Veterans Preference | | | | 24. Tenure | | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|---|---|---|---|
| 1 | 1-None  2-5 Point | 3-10 Point/Disability  4-10 Point/Compensable | 5-10 Point/Other  6-10 Point/Compensable/30% | 0-None  1-Permanent | 2-Conditional  3-Indefinite | | YES  X  NO |

| 27. FEGLI | | 28. Annuitant Indicator | | 29. Pay Rate Determinant |
|---|---|---|---|---|
| B1 | Basic Only | 9 | Not Applicable | 6  Special Rate |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | | 33. Part-Time Hours Per Biweekly |
|---|---|---|---|---|
| B | Defn Contrib Law  Enforce 5.5% | 04-29-2002 | F | Full Time  Pay Period |

## POSITION DATA

| 34. Position Occupied | | 35. FLSA Category | 36. Appropriation Code | 37. Union Code / Barg Unit |
|---|---|---|---|---|
| 1 | 1-Competitive Service 3-SES General  2-Excepted Service    4-SES Career Reserved | E  E-Exempt  N-Nonexempt | | MSS / CH11 |

| 38. Employee Class | 39. Other Benefits |
|---|---|
| Continuing - CA SOAR | DCB :  VISDCV |

| 40. EMPLID/RCD | 41.DRBCD | 42.DEPT ID | 43.Location ID | 44. Date Processed |
|---|---|---|---|---|
| 00032054 / 0 | 04-29-2002 | JZ40000000 | LOCDC00101 | 11-21-2006 |

Address:    4800 Megan Drive  Clinton MD 20735

45. Remarks
- Lump-sum payment for any annual leave may be due.
- Forwarding address: Same as above

| 46. Employing Department or Agency  District Of Columbia Govt  Youth Rehabilitation Services, Department of | 50. Signature/Authentication and Title of Approving Official |
|---|---|

| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date |
|---|---|---|
| DCGJZ | | 11-20-2006 |

1 -      Emp

_Exhibit # 10_