**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ──────────────────── ) | |
| **LINDA CRUZ-PACKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-2263 (RWR)** |
| ) | |
| **DEPARTMENT OF YOUTH** ) | |
| **REHABILITATION SERVICES** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ──────────────────── ) | |

**ORDER**

Multiple defendants moved to dismiss the complaint on
January 19, 2007, and defendant Pili Robinson moved to dismiss
the complaint on January 22, 2007.  Because defendants' motions
could potentially dispose of this case, the Court will advise the
*pro se* plaintiff of a plaintiff's obligations under the Federal
Rules of Civil Procedure and the rules of this Court.  See Fox v.
Strickland, 837 F.2d 507 (D.C. Cir. 1988); Neal v. Kelly, 963
F.2d 453, 456 (D.C. Cir. 1992).

The plaintiff's attention is directed to Rule 12(b) of the
Federal Rules of Civil Procedure, which states in pertinent part:

> If, on a motion asserting the defense
> numbered (6) to dismiss for failure of the
> pleading to state a claim upon which relief
> can be granted, matters outside the pleading
> are presented to and not excluded by the
> court, the motion shall be treated as one for
> summary judgment and disposed of as provided
> in Rule 56, and all parties shall be given
> reasonable opportunity to present all

-2-

> material made pertinent to such a motion by
> Rule 56.

Fed. R. Civ. P. 12(b).

The plaintiff's attention is also directed to Rule 56 of the

Federal Rules of Civil Procedure, which states in pertinent part:

> The judgment sought shall be rendered
> forthwith if the pleadings, depositions,
> answers to interrogatories, and admissions on
> file, together with the affidavits, if any,
> show that there is no genuine issue as to any
> material fact and that the moving party is
> entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

> Supporting and opposing affidavits shall be
> made on personal knowledge, shall set forth
> such facts as would be admissible in
> evidence, and shall show affirmatively that
> the affiant is competent to testify to the
> matters stated therein.  Sworn or certified
> copies of all papers or parts thereof
> referred to in an affidavit shall be attached
> thereto or served therewith.  The court may
> permit affidavits to be supplemented or
> opposed by depositions, answers to
> interrogatories, or further affidavits.  When
> a motion for summary judgment is made and
> supported as provided in this rule, an
> adverse party may not rest upon the mere
> allegations or denials of the adverse party's
> pleading, but the adverse party's response,
> by affidavits or as otherwise provided in
> this rule, must set forth specific facts
> showing that there is a genuine issue for
> trial.  If the adverse party does not so
> respond, summary judgment, if appropriate,
> shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Motions for summary judgment are also governed by Local

Civil Rule 7(h), which provides as follows:

-3-

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement . . . . In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

Local Civil Rule 7(h).

In other words, the Court will accept as true any factual assertions contained in affidavits or attachments submitted by the defendants in support of a motion for summary judgment unless the plaintiff submits her own affidavits or documentary evidence showing that the defendants' assertions are untrue. See Neal, 963 F.2d at 456. Further, the plaintiff's attention is directed to Local Civil Rule 7(b), which states:

> Within ... such ... time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

Local Civil Rule 7(b).

-4-

Additionally, the plaintiff is directed to Rule 6(e) of the Federal Rules of Civil Procedure which provides:

> Whenever a party has the right to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

Fed. R. Civ. P. 6(e).

The Court may treat as conceded any motion not opposed within the time limits outlined above. Alternatively, the Court may consider on the merits any motion not opposed within the time limits outlined above. Thus, failure to respond to the defendants' motions in this case carries with it the risk that the case will be dismissed. Accordingly, it is hereby

ORDERED that plaintiff shall file her response to defendants' motions to dismiss no later than March 7, 2007. If plaintiff does not respond by that date, the Court may treat the motions as conceded and dismiss the case.

SIGNED this 5th day of February, 2007.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge