UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Linda Cruz-Packer** ) | |
| 4800 Megan Drive ) | |
| Clinton, Maryland 20735 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **Department of Youth** ) | |
| **Rehabilitation Services** ) | |
| **Youth Services Center** ) | |
| 1000 Mt. Olivet Road, N.E. ) | |
| Washington, D.C. 20002 ) | |
| ) | |
| **Vincent Schiraldi, Director** ) | Civil Action No.: 06-2263 |
| 1000 Mt. Olivet Road, N.E. ) | |
| Washington, D.C. 20002 ) | |
| ) | |
| **David Brown, Deputy Director,** ) | |
| 8300 Riverton Court ) | |
| Laurel, Maryland 20724 ) | |
| ) | |
| **Mark Schindler, Chief of Staff** ) | |
| 8300 Riverton Court ) | |
| Laurel, Maryland 20724 ) | |
| ) | |
| **LaVern Evans, Superintendent** ) | |
| 8300 Riverton Court ) | |
| Laurel, Maryland 20724 ) | |
| ) | |
| **Pili Robinson, Senior Consultant to the** ) | |
| **Department of Youth Rehabilitation** ) | |
| **The Missouri Youth Service Institute** ) | |
| 1906 Hayselton, Drive ) | |
| Jefferson City, MO 65109 ) | |
| ) | |

1

| | |
|---|---|
| **Fitzgerald Fant, Human Resources** | ) |
| **Manager** | ) |
| **/EEO Officer** | ) |
| **8300 Riverton Court** | ) |
| **Laurel, Maryland  20724** | ) |
| | ) |
| **D.J. Thomas, Deputy Superintendent** | ) |
| **of Operations** | ) |
| **8300 Riverton Court** | ) |
| **Laurel, Maryland  20724** | ) |
| | ) |
| | ) |
| **Dexter Dunbar, Deputy Superintendent** | ) |
| **of Treatment** | ) |
| **8300 Riverton Court** | ) |
| **Laurel, Maryland  20724** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

### DEFENDANTS' REPLY TO THE PLAINTIFF'S OPPOSITION TO THEIR MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendants, Department of Youth Rehabilitation Services, Vincent Schiraldi, David Brown, Mark Schindler, LaVern Evans, Dexter Dunbar, D.J. Thomas, and Fitzgerald Fant (hereinafter "defendants"), by and through undersigned counsel, in support of their Reply to the Plaintiff's Opposition to their Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, state as follows:

1) Plaintiff has failed to demonstrate that she has met the pleading requirements of Fed. P. Civ. R. 10.  Therefore, dismissal of her claims is appropriate.

2) Plaintiff does not dispute that Defendant Department of Youth Rehabilitation Services is *non sui juris*; and therefore, has conceded this argument.  Therefore, this suit against this defendant must be dismissed.

     3)      Plaintiff has failed to establish that she has effectuated proper service against the named defendants under FR.C.P.4(e), therefore, this Court lacks jurisdiction over these defendants;

     4)      The law is clear that individuals may not be held liable under Title VII, and plaintiff has not produced any evidence to the contrary. Therefore, dismissal of plaintiff's Title VII claims against the individually named defendants is mandated;

     5)      Plaintiff has failed to demonstrate that she exhausted her administrative remedies by completing an EEOC investigation and obtaining a right to sue letter. As such, dismissal is appropriate.

     6)      Plaintiff has failed to establish that she has a legitimate due process claim under the 5th amendment because she has no property interest or expectation of continued employment. timely file her charge of discrimination.

     7)      Plaintiff has failed to make a prima facie case of a First Amendment.

*Argument*

**A.**    **<u>PLAINTIFF HAS FAILED TO PRESENT ANY FACTS THAT WOULD DEFEAT THE DEFENDANTS' ENTITLEMENT TO DISMISSAL OR JUDGMENT AS A MATTER OF LAW</u>**

**1.**    **<u>Plaintiff's Complaint Does Not Comport With Fed. P. Civ. R. 10, and Dismissal Is Appropriate.</u>**

Plaintiff acknowledges that her complaint fails to comply with the mandatory requirements of Fed. P. Civ. R. 10(b) which provides that: "[a]ll averments of claim… shall be made in numbered paragraphs." Plaintiff asks for the Court's leniency, as she initially filed her complaint in Superior Court and was not aware of the federal court rules. See Opposition, at page 14. However, the Superior Court rules also mandate that all averments be made in numbered paragraphs. See Superior Ct. Civ. P.

R. 10. Plaintiff cannot be excused from the mandatory requirements of the Superior Court or federal court and dismissal of the Complaint is warranted because she failed to comply with Rule 10.

**2.    Defendant Department of Youth Rehabilitation Services is Non *Sui Juris,* and Dismissal of Plaintiff's Complaint Against This Defendant is Appropriate**.

Plaintiff does not dispute that the Department of Youth Rehabilitation Services (hereinafter "DYRS") is non sui juris. See Opposition, at page 15. Therefore, plaintiff's lawsuit as against DYRS must be dismissed.

**3.    Plaintiff Has Failed to Effectuate Proper Service**

Plaintiff makes conclusory assertions concerning proper service on the defendants. Plaintiff has failed to produce any competent evidence of proper service. While plaintiff provides an affidavit in support of her claim of proper service, the affidavit fails to identify any individual who was an *authorized agents of the defendants*. Therefore, plaintiff has not met the mandatory service provisions set forth in Fed. R. Civ. P. 4(e)(2), and dismissal is appropriate.

**4.    Individuals May Not be Held Liable Uunder Title VII**

Plaintiff misreads Title VII. The law is clear that the defendants are entitled to judgment as a matter of law because individual liability is not provided for and/or contemplated by Title VII. *See Gary v. Long,* 59 F.3d 1391 (D.C. Cir. 1995) Accordingly, plaintiff's Title VII claims against these defendants must be dismissed.

**5.    Plaintiff Has No 5th Amendment Due Process Claim As An At-Will Employee**

Plaintiff's opposition misstates the law. An at-will employee has no property interest under the 5th amendment. Plaintiff cites the District Personnel Manual ("DPM") in support of her claim of continued expectation of employment, but fails to cite to any District regulation under the DPM

that confers any grievance or appeal rights with respect to her termination- because there are none. See Opposition, pg. 21. As the plaintiff correctly states, she was a managerial, at-will employee, with no appeal or grievance rights and she has failed to demonstrate that she has a cognizable "property interest" or expectation of continued employment.

**6.     Plaintiff Has Failed to Exhaust Her Administrative Remedies**

Plaintiff claims that she filed a complaint with the EEOC. However, she has produced no evidence that she has completed the administrative process with the EEOC. More importantly, plaintiff has not shown that she received a right to sue letter, which is a condition precedent to filing her federal court complaint. *See Mack v. Strauss*, 134 F.Supp 2d 103, 109 (D.D.C. 2001). *See also, Plaintiff Exhibit 9.* Plaintiff's failure to exhaust her administrative remedies bars this federal court complaint.

**7.     Plaintiff Has Failed to State a Claim under the FirstAmendment**

Plaintiff has failed to state a claim under the First Amendment.[1] Plaintiff has not shown that she exercised free speech on a matter of public concern, which is required to make a prima facie case of a First Amendment violation. *See O'Donnell* v. Barry ,148 F.3d 1126 (D.C. Cir. 1998). Plaintiff offers nothing but speculation to support a causal connection between any investigation she was involved in and her termination as an at will employee. Accordingly, based on the lack any factual evidence of speech on a matter of public concern and a causal link, the plaintiff's First Amendment claims and retaliation should be dismissed.

---

[1] In her opposition, plaintiff argues that she can maintain a claim of age, race, and/or sex discrimination against the named defendants. Again, under Title VII, these defendants cannot be held liable. Plaintiff has not properly pled a race, sex or age claim under any other cause of action. To the extent plaintiff seeks relief under the ADEA, her claims fail because she has not properly pled a case of race, sex, and/or age discrimination against these defendants. See Complaint, generally.

WHEREFORE, the defendants respectfully request this Court to dismiss plaintiff's Complaint, and/or grant them summary judgment as a matter of law.

                                    Respectfully submitted,

                                    LINDA SINGER
                                  Acting Attorney General for the District of Columbia

                                  GEORGE C. VALENTINE
                                  Deputy Attorney General, Civil Litigation Division

                                  /s/
                                  PATRICIA A. JONES [428132]
                                  Chief, General Litigation, Section IV

                                  /s/
                                  LEAH BROWNLEE TAYLOR [488966]
                                  Assistant Attorney General
                                  441 4th Street, N.W., Sixth Floor South
                                  Washington, D.C. 20001
                                  (202) 724-7854; (202) 727-6295
                                  leah.taylor@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Linda Cruz-Packer** )<br>**4800 Megan Drive** )<br>**Clinton, Maryland 20735,** )<br>          )<br>          **Plaintiff,** )<br>          )<br>          **v.** )<br>          )<br>**Department of Youth** )<br>**Rehabilitation Services** )<br>**Youth Services Center** )<br>**1000 Mt. Olivet Road, N.E.** )<br>**Washington, D.C. 20002** )<br>          )<br>**Vincent Schiraldi, Director** )<br>**1000 Mt. Olivet Road, N.E.** )<br>**Washington, D.C. 20002** )<br>          )<br>**David Brown, Deputy Director,** )<br>**8300 Riverton Court** )<br>**Laurel, Maryland  20724** )<br>          )<br>**Mark Schindler, Chief of Staff** )<br>**8300 Riverton Court** )<br>**Laurel, Maryland  20724** )<br>          )<br>**LaVern Evans, Superintendent** )<br>**8300 Riverton Court** )<br>**Laurel, Maryland  20724** )<br>          )<br>**Pili Robinson, Senior Consultant to the** )<br>**Department of Youth Rehabilitation** )<br>**The Missouri Youth Service Institute** )<br>**1906 Hayselton, Drive** )<br>**Jefferson City, MO 65109** )<br>          )<br>**Fitzgerald Fant, Human Resources** )<br>**Manager/EEO Officer** )<br>**8300 Riverton Court** )<br>**Laurel, Maryland  20724** ) | **Civil Action No.: 06-2263** |

7

| | |
|---|---|
| **D.J. Thomas, Deputy Superintendent** | ) |
| **of Operations** | ) |
| **8300 Riverton Court** | ) |
| **Laurel, Maryland  20724** | ) |
| | ) |
| **Dexter Dunbar, Deputy Superintendent** | ) |
| **of Treatment** | ) |
| **8300 Riverton Court** | ) |
| **Laurel, Maryland  20724** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

# O R D E R

Upon consideration of the defendants Department of Youth Rehabilitation Services, Vincent Schiraldi, David Brown, Mark Schindler, LaVern Evans, Dexter Dunbar, D.J. Thomas, and Fitzgerald Fant's Motion to Dismiss, plaintiff's opposition thereto, defendants' Reply, and the record herein, it is by the Court this _____ day of _____, 2007,

ORDERED:   that the Motion is GRANTED for the reasons set forth in the defendants' motion; and it is

FURTHER ORDERED:   that plaintiff's Complaint be DISMISSED against all defendants.

_____
JUDGE, United States District Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Linda Cruz-Packer** ) | |
| **4800 Megan Drive** ) | |
| **Clinton, Maryland 20735** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **Department of Youth** ) | |
| **Rehabilitation Services** ) | |
| **Youth Services Center** ) | |
| **1000 Mt. Olivet Road, N.E.** ) | |
| **Washington, D.C. 20002** ) | |
| ) | |
| **Vincent Schiraldi, Director** ) | Civil Action No.: 06-2263 |
| **1000 Mt. Olivet Road, N.E.** ) | |
| **Washington, D.C. 20002** ) | |
| ) | |
| **David Brown, Deputy Director,** ) | |
| **8300 Riverton Court** ) | |
| **Laurel, Maryland  20724** ) | |
| ) | |
| **Mark Schindler, Chief of Staff** ) | |
| **8300 Riverton Court** ) | |
| **Laurel, Maryland  20724** ) | |
| ) | |
| **LaVern Evans, Superintendent** ) | |
| **8300 Riverton Court** ) | |
| **Laurel, Maryland  20724** ) | |
| ) | |
| **Pili Robinson, Senior Consultant to the** ) | |
| **Department of Youth Rehabilitation** ) | |
| **The Missouri Youth Service Institute** ) | |
| **1906 Hayselton, Drive** ) | |
| **Jefferson City, MO 65109** ) | |
| ) | |
| **Fitzgerald Fant, Human Resources** ) | |
| **Manager/EEO Officer** ) | |
| **8300 Riverton Court** ) | |
| **Laurel, Maryland  20724** ) | |

| | |
|---|---|
| **D.J. Thomas, Deputy Superintendent** | ) |
| **of Operations** | ) |
| **8300 Riverton Court** | ) |
| **Laurel, Maryland  20724** | ) |
| | ) |
| **Dexter Dunbar, Deputy Superintendent** | ) |
| **of Treatment** | ) |
| **8300 Riverton Court** | ) |
| **Laurel, Maryland  20724** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

# O R D E R

Upon consideration of the defendants Department of Youth Rehabilitation Services, Vincent Schiraldi, David Brown, Mark Schindler, LaVern Evans, Dexter Dunbar, D.J. Thomas, and Fitzgerald Fant's Motion for Summary Judgment, plaintiff's opposition thereto, defendants' Reply, and the record herein, it is by the Court this ___ day of _____, 2007,

ORDERED:   that the Motion is GRANTED for the reasons set forth in defendants' motion; and it is,

FURTHER ORDERED:   that summary judgment is hereby entered in favor of the defendants.

_____
JUDGE, United States District Court for the District of Columbia