UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDA CRUZ-PACKER                          :

       Plaintiff                              :

       v.                                     :     Civil Action No: 06 – 2263 (RWR)

                                              :
DISTRICT OF COLUMBIA GOV'T                     **JURY DEMAND.**
<u>Designated Agents for DC:</u>  Gale Rivers  :
      Darlene Fields or Tonya Robinson.
441 Fourth Street, Northwest               :
Suite 600 South
Washington, D.C. 20002                     :


       And                                    :


VINCENT SCHIRALDI, DIRECTOR                :
D.C. DEPARTMENT OF YOUTH
      REHABILITATION SERVICES  :
1000 Mount Olivet Road, Northeast
Third Floor                                :
Washington, D.C. 20002

                                              :
       And

                                              :
DAVID BROWN, DEPUTY DIRECTOR
8300 Riverton Court                        :
Laurel Maryland 20724

                                              :
       And

                                              :
MARK SCHINDLER, CHIEF OF STAFF
1000 Mount Olivet Road, Northeast          :
Third Floor
Washington, D.C. 20002                     :


       And                                    :


LAVERN EVANS, SUPERINTENDENT :
8300 Riverton Court
Laurel, Maryland 20724                     :


       And

**RECEIVED**

FEB 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

**DEXTER DUNBAR, DEPUTY**     :
  **SUPERINTENDENT Of TREATMENT**
**8300 Riverton Court**     :
**Laurel Maryland 20724**

       **And**     :

**DAVID J. THOMAS, DEPUTY**     :
  **SUPERINTENDENT OF OPERATIONS**
**8300 Riverton Court**     :
**Laurel, Maryland 20724**

    :

       **And**
**PILI ROBINSON, CONSULTANT**     :
**The Missouri Youth Service Institute**
**1906 Hayselton Drive**     :
**Jefferson City, Mo 65109**

    :

       **And**     :

**FITZGERALD FANT, MANAGER**     :
  **HUMAN RESOURCES MANAGER**     :
**Central Administration Building**
**8300 Riverton Court**     :
**Laurel, Maryland 20724**

       **Defendants**     :

---

## AMENDED COMPLAINT BASED ON  UNLAWFUL EMPLOYMENT DISCRIMINATORY PRACTICES ON THE BASIS OF SEX (FEMALE), SEXUAL HARRASMENT, AGE,  AND RETALIATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1966 AS AMENDED, DC HUMAN RIGHTS ACT OF !977, AS AMENDED, EQUAL  PAY ACT, THE AGE DISCRIMINATION IN EMPLOYMENT ACT, THE FAMILY MEDICAL LEAVE ACT.

COMES NOW, Plaintiff Linda Cruz-Packer, and complains and alleges the following:

### Parties

1)    Plaintiff is an adult and a resident of the State of Maryland.  At all times herein

Mentioned Plaintiff was employed by the District of Columbia Government, and

Specifically the District of Columbia Department of Youth Rehabilitation Services,

hereinafter referred to as "DYRS", as a Shift Commander at Oak Hill Youth Center.
Plaintiff also participated in the sexual harassment investigation by the Assistant General
Counsel at the Defendants' Oak Hill Youth Center.

2)      Upon Information and belief, Defendant District of Columbia is a Municipal
Corporation and was granted a Municipal Charter by the United States Congress.

3)      Upon information and belief, Defendant District of Columbia Department of
Youth and Rehabilitation Services is responsible for the care and rehabilitation of
juveniles entrusted into its care and custody.  Defendant District of Columbia
DYRS employed the Plaintiff in the capacity as a Shift Commander at its Oak Hill Youth
Center.

3)      Defendant Vincent Schiraldi, is the director of DYRS, and consented to and or
participated in the decision to terminated the Plaintiff from her employment with DYRS.
Defendant Vincent Schiraldi, at all relevant times herein mentioned had actual as well as
constructive knowledge of all of the acts the plaintiff complained about.  At all relevant
times herein mentioned, Defendant Vincent Schiraldi was the agent of the Defendant
District of Columbia, and was acting within the scope of his employment

4)      Defendant David . Brown, upon information and belief is the Deputy Director of
DYRS, and participated in the acts resulting in the termination of the Plaintiff.  At all
relevant times herein mentioned, Defendant David  Brown was the agent of the
Defendant
District of Columbia, and was acting within the scope of his employment.

5)      Defendant Marc Schindler, is employed in the capacity as the chief of Staff of the
Defendant DYRS. Defendant Marc Schindler, at all relevant times herein mentioned
Defendant Marc Schindler was an agent of the Defendant, and  acting within the scope of

his employment.

6)      Defendant LaVern Evans, was employed in the capacity as Superintendent of Oak Hill Youth Center, and was the second line Supervisor of the Plaintiff. At all relevant times herein mentioned, Defendant LaVern Evans was employed as am agent of DYRS, and was acting within the scope of his employment.

7)      Defendant Dexter Dunbar is an adult, and is employed by the Defendant DYRS in the capacity as the Deputy Superintendent of Treatment at DYRS Oak Hill Youth Center and was one (1) of the Plaintiff immediate supervisors, and directly participated in the termination of the Plaintiff. Defendant Dexter Dunbar, at all relevant times herein mentioned Defendant Dexter Dunbar was than agent of the Defendant DYRS, and was acting within the scope of his employment. Defendant Dexter Dunbar at the time of his application was a resident of the state of Missouri, and was an employee of Defendant Phili Robinson and upon information and belief the Missouri Youth Service Institute and \ or the Juvenile Institution in the State of Missouri

8)      Defendant David J. Thomas, upon information and belief is an adult and an employee of the Defendant DYRS. Defendant David J. Thomas is employed as an agent and or employee of the Defendant DYRS, and at all relevant times herein mentioned was acting within the scope of his employment.

9)      Defendant Pili Robinson, upon information and belief is an agent of the Missouri Youth Service Institute, and is employed by the Defendant DYRS as a Consultant to assist in the transition of DYRS to a Model Youth Center. Defendant Pili Robinson upon information and belief is an employee and or an agent of the Defendant DYRS. Defendant Pili Robinson participates in the day to day management and operations of

DYRS Youth Service Center at Oak Hill. Upon information and belief Defendant Pili

Robinson participates in the hiring and termination of employees of Defendant DYRS at

its Oak Hill youth Center. Defendant Pili Robinson participated in the indirect

supervision, evaluation and termination of the Plaintiff's employment with Defendant

DYRS in violation of the District of Columbia Personnel Manual. Defendant Pili

Robinson, upon information and belief participated in the hiring, promotion and

supervision of employees at the Defendant Oak Hill Youth Center at all relevant times

herein mentioned in violation of the DPM. Defendant Pili Robinson upon information

and belief is also a resident of the State of Missouri.

### Jurisdiction

10)    This court has jurisdiction of this matter as a result of the Defendant District of

Columbia Municipal Corporation being located in the District of Columbia, and doing

business in the District of Columbia. That a majority of the acts complained about

occurred at Defendant DYRS Youth Service Center in the District of Columbia and at

Oak Hill Youth Service Center in Laurel Maryland. This court has jurisdiction as a

result of a violation of the Equal Pay Act, the Age Discrimination in Employment Act,

the Civil Rights Act of 1966, as amended, and a number of Federal Statutes and or

Constitutional violations.

11)    This Court has Pendent Jurisdiction of the claims arising under the Human Rights

Act of 1977, as amended. That the pendent claims arises out of the same facts common

to all counts.

### Statement of Facts Common To All Counts.

12)    In 2006, the Plaintiff, who is forty years and older, applied for the position of

Supervisory Correctional Officer,

MSS -12 position with the Defendant DYRS, pursuant to the vacancy announcement posted by the Defendants.

13)    On the basis of the Plaintiff's application, the Plaintiff was certified on the MSS -12 list of applicants for the position of Supervisory Correctional Officer.

14)    At all relevant times herein mentioned, the Plaintiff did not apply for any position as a Supervisory Correctional Officer at the DS-11 level with the Defendants to work at their facility.

15)    Further, Plaintiff submitted evidence to the Defendants, acting within the scope of their employment, documenting her prior employment at a GS-14 with the Federal Government.

16)    However, while the Defendants paid the Plaintiff as a lower level than the position she applied for, the Defendants hired lesser qualified males, and white males who were similarly situated, and compensated those males at higher grades than the Plaintiff. Further, the Defendants not only paid younger males at a higher grade than the plaintiff, but in certain circumstances provided waivers for younger males who were lesser qualified than the plaintiff, to positions they were not qualified to fill.

17)    On April 17th, 2006, Plaintiff was assigned as the Unit Manager to Residential Units 8A and 8B at Defendant DYRS' Oak Hill Youth Center. Without cause and within less than a month Plaintiff was reassigned as the evening Shift Commander upon one (1) days notice.

18)    Defendants failed to provide adequate training in the respective positions they assigned the Plaintiff to occupy. However, despite the absence of training, the Plaintiff

performed her duties and responsibilities in an excellent manner, as a result of her educational background, previous employment, and experiences in comparable positions within the profession.

19)    Further, the Defendants, acting within the scope of their employment, failed to adjust the plaintiff pay after she brought the discrepancies to the attention of the Defendants, while compensating similarly situated persons who are at least forty years (40).

20)    Further, when the Plaintiff documented the deficiencies at Defendant DYRS Oak Hill Youth Center, the Defendants acting within the scope of their employment, retaliated against the Plaintiff and removed her from the position as Shift Commander.

21)    Further the Defendants, acting within the scope of their employment, continued to retaliate against the Plaintiff by reassigning the plaintiff to MOD II, with four days to complete the transition. A lesser qualified, and younger male was assigned to the position as Shift Commander on the evening shift.

22)    The Defendants did not treat similarly situated male, and younger shift Commanders in the same manner as the plaintiff.

23)    The Defendants continued to retaliate against the Plaintiff by reassigning the plaintiff to the Mod, Residential Unit 7A, and a newly created Unit called Genesis. No other similarly situated male and younger Shift Commanders were not treated in this manner.

24)    Plaintiff was relocated five (5) times in a six (6) month period for no reason and no apparent legitimate basis by the Defendants. Further, the Defendants failed to provide the Plaintiff with adequate training and professional development in transitioning the

Plaintiff to the various positions at its Oak Hill Facility.

25)    In addition to continuously reassigning the plaintiff to a variety of positions at its Oak Hill Facility in Laurel, Maryland, the Defendants failed to adequately compensate the plaintiff, while compensating younger males who were placed in acting positions as Shift Commanders at its Oak Hill Facility on a temporary basis.

26)    Upon information and belief, if the Defendants have not fully compensated the younger males who served in acting positions at its Oak Hill Facility, the Defendants have agreed to and are in the process of compensating the younger male employees who were either temporarily promoted to and or served in acting supervisory positions at its Oak Hill Youth Center.

27)    In June 2006, while Defendant Superintendent LaVern Evans was out on leave due to family reasons, Assistant General Counsel Andrea Geiger questioned the plaintiff pertaining to Assistant General Counsel Geiger's investigation into the allegations of sexual harassment and retaliation by male officers at Oak Hill Facility

28)    Upon the return of Defendant LaVern Evans to Oak Hill Youth Center, Defendant LaVern Evans summoned the plaintiff to his office and questioned the plaintiff in the presence of the subjects of the investigation by Assistant General Counsel Geiger, in an attempt to solicit information from the plaintiff concerning the nature of the investigation..

29)    The nature, tone and the manner of Defendant LaVern questioning of the plaintiff, coupled with the subjects of the investigation of Assistant General Counsel Geiger, placed the plaintiff in a intimidating and retaliatory environment, while in Defendant, Superintendent LaVern Evans' office.

30)     Upon information and belief, the Defendants, acting within the scope of their
employment, did not subject any other Youth Correctional Officer and or Supervisory
Officer to this type of inquiry and intimidating environment who were questioned by
Assistant General Counsel Geiger.

31)     Upon information and or belief, plaintiff is of the opinion that the Defendants, and
in particular Defendants Superintendent LaVern Evans, Deputy Superintendents David J.
Thomas, and Dexter Dunbar, conspired to terminate the plaintiff employment at Oak Hill
Youth Center as a result of their belief that the plaintiff cooperated in the sexual
harassment investigation by Assistant General Counsel Geiger.

32)     On several occasions Defendant, Deputy Superintendent Dexter Dunbar, failed to
approved the plaintiff's leave request, while other similarly situated males and younger
males were not required to provide a two (2) week notification prior to being granted
leave in violation of the District Personnel Manual, DPM.

33)     However, other similarly situated males, and younger supervisory officers were
not treated in the same manner as the plaintiff.

34)     During the month of October 2006, plaintiff's son became ill and required
hospitalized. Although the plaintiff had an abundance of leave, her leave request was
denied by Defendant Deputy Superintendent Dexter Dunbar in violation of the Family
Medical Leave Act, and the DPM.

35)     While Defendant Dexter Dunbar refused to allow the plaintiff to use her
compensatory time she acquired while working her regular shift and another shift,
similarly situated males, and younger supervisory officers were not denied the
opportunity to utilized their accumulated leave, and or provide a two (2) week notice

9

period.

36)    While Defendant, Deputy Superintendent Dexter Dunbar had been employed by
the Defendants for approximately one (1) month or less he was allowed to take two (2)
weeks of leave while denying and harassing the plaintiff about her leave request as a
result of he son's illness and \ or hospitalization

37)    Further, Defendant, Deputy Superintendent Dexter Dunbar, accused the plaintiff
of falsifying her time and attendance records as a result of observing the plaintiff taking
lunch with several other managers.    However, as a result of the shortages of staff and
supervisors at the Oak Hill Youth Facility, the plaintiff very seldom took lunch.

38)    As a result of the Defendant. Deputy Superintendent Dexter Dunbar's continued
harassment of the plaintiff, the plaintiff was forced to file a formal written complaint
against Defendant, Deputy Superintendent Dexter Dunbar, with Defendant,
Superintendent LaVern Evans.

39)    However, the Defendant, Deputy superintendent Dexter Dunbar, harassment and
retaliation of the plaintiff not only continued by increased to the point that the Defendant
Dexter Dunbar refused to sign off on the plaintiff time and attendance records.

40)    While the defendants, acting within the scope of their employment, harassed and
or retaliated against the plaintiff, by denying her leave, requiring her to submit her leave
request with two (2) weeks written notice, failing to sign off on her time and attendance
records, no other similarly situated male and or younger male employee was treated in
this manner by the Defendants and or their agents acting within the scope of their
employment..

41)    In addition to the above Defendant, Deputy Superintendent Dexter Dunbar, also

accused the plaintiff of the following behavior and took the following actions against the

plaintiff during her tenure at Oak Hill youth Center:

    a)     providing incorrect documentation to the resident of Genesis as to the
number of levels, which was actually provided by Defendants, Dunbar and
Phili Robinson;

    b)     taking two (2) to three (3) hour lunches, while the plaintiff were being
interviewed pertaining to investigations being conducted by Investigator
Keith Grimes and Assistant General Counsel Andrea Geiger;

    c)     singling out the plaintiff for taking excessive lunches while disregarding
the other managers who took lunch with the plaintiff;

    d)     accusing the plaintiff of behavior and or conduct without providing the
plaintiff the opportunity to respond and or rebut the allegations being
made against her;

    e)     refusing to allow the plaintiff the opportunity to meet with him and present
her side of the story, prior to taking any disciplinary action against the
plaintiff;

    f)     discussing disciplinary action against the plaintiff in the presence of her
staff, (subordinate employees), thereby compromising her ability to
adequately supervisor her staff

42)    On September 28th, 2006, Defendant, Deputy Superintendent Dexter Dunbar

became enraged and stated that the plaintiff should be terminated for authoring an

overview of the Genesis program in the presence of other staff members.  In addition to

the above, Defendant Dexter Dunbar not only became angry at the plaintiff, but used

profanity in discussing the incident with other staff members who were present

43)    That Defendant, Deputy Superintendent Dexter Dunbar, does not address male

supervisory officer in the same and or similar manner when communicating with them, or

discussing their work product in the presence of staff and or subordinate staff members.

44)    The Defendants, acting with the scope of their employment did not treat similarly

situated male and or younger male supervisory officer in this manner.

45)    That the Defendants, acting within the scope of their employment, maintains a hostile work environment, as it relates to its female staff, both supervisory and non supervisory female staff.

46)    That the male staff at the Defendants' Oak Hill Youth Center, are allowed to sexually harassed and retaliate against the female staff who rebuff the sexual advances of the Defendants' male, and male supervisory staff.

47)    Further, the Defendant, Superintendent LaVern Evans, acting within the scope of his employment, is allowed to maintain a hostile work environment, by rewarding females with whom he has a personal relationship, while demonstrating his disfavor towards those females who rebuffs his sexual advances.

48)    Defendant, Superintendent LaVern Evans, acting within the scope of his employment, is allowed to place lesser qualified female staff in positions  they are not qualified to fill over more qualified employees, as a result of their personal relationship with the Defendant, LaVern Evans.

49)    That the Defendants, acting within the scope of their employment, had actual as well as constructive knowledge of the sexual behavior and \ or conduct of the Defendant, LaVern Evans, and failed to take disciplinary action against the Defendant.   Contrary to taking disciplinary action against the Defendant LaVern Evans, the Defendants condone the Defendant behavior by promoting the Defendant to the position of Superintendent of its Oak Hill Youth Center.

50)    That the Defendant, Superintendent LaVern Evans was not qualified to fill the position of Superintendent of Oak Hill youth Center.   That the females who were more

qualified than the Defendant LaVern Evans, were not considered and or allowed the opportunity to apply and or compete for the position of superintendent.

51)    That female staff members who have a personal relationship with the Defendant, Superintendent LaVern Evans are not disciplined in the same and or similar manner as females who do not have a personal relationship with the Defendant, Superintendent LaVern Evans at the Oak Hill youth Center.

52)    That females who file and or complain about the sexual harassment and \ or hostile work environment at the Oak Hill Youth Center are retaliated against and or reassigned to other positions within DYRS, and or terminated by the Defendants.

53)    That the Defendant DYRS has a history and a reputation of condoning and or perpetuating a hostile work environment and retaliatory conduct towards its female staff, and a failure to take disciplinary action against the alleged offender.

54)    Further the Defendant have taken no action to abate and \ or remedy the hostile work environment where the female staff is of the opinion that to advance within DYRS you have to have a personal relationship with the supervisory male staff.  As a result females staff members knew and or should have known that they could not be promoted and \ or placed in selected position as a result of their lack of a personal relationship with the Defendant, LaVern Evans.

55)    The Defendant, Director Vincent Schiraldi, acting within the scope of his employment, alleged that the plaintiff was terminated as a result of the plaintiff's poor performance and failure to report to work in a timely manner as a result of numerous reports of the plaintiff performance at Oak Hill youth Center.  Further. Defendant, Director Vincent Schiraldi, informed Council member Marion Barry that the plaintiff

was terminated from Defendant DYRS as a result of poor attendance, lack of job knowledge and poor performance.

56)    The plaintiff was never disciplined as a result of any attendance problems, and did not receive any oral and or written reports concerning her alleged poor performance.

57)    Contrary to the Defendant, Director Vincent Schiraldi's allegation of poor performance and time and attendance problems, plaintiff was led to believe that her performance was excellent, at least prior to the arrival of Defendant, Deputy Superintendent Dexter Dunbar.

58)    The Defendants, acting within the scope of their employment, violated the District of Columbia Personal Manuel as a result of their failure to inform the plaintiff of the area where her performance was deficient. Further the Defendants lack the ability to evaluate the plaintiff as a result of reassigning the plaintiff to five (5) different positions within a six month period, and the absence of any standard in performing the duties and responsibilities of the respective positions.

59)    That the Defendants lack any standards in which to evaluate and judge the plaintiff's performance at its Oak Hill Facility.

60)    That the plaintiff performed her duties and responsibilities in an excellent manner, contrary to the allegations of Defendant, Deputy Superintendent Dexter Dunbar, and C onsultant Dexter Dunbar..

61)    Upon information and belief the plaintiff was terminated from her employment as a result of participating in an administrative investigation pertaining to the issue of sexual harassment at the Defendants' Oak Hill Youth Center in Laurel Maryland.

62)    Defendant DYRS, its agents, servants, and \ or employees, acting within the scope

of their employment, informed Council Member Marion Barry that the plaintiff was

terminated from her employment with DYRS as a result of her tardiness, excessive long

lunches, and failure to perform her work in a satisfactory manner.

63)    That the termination papers the plaintiff received from the Defendants alleged that

the plaintiff was terminated as a result of her MSS status.

64)    Further, the Defendants never informed the plaintiff that her work performance

was poor or less than satisfactory during her tenure at the Defendants' Oak Hill Youth

Center.

65)    That the Defendants violated the District of Columbia Personal Manual by

failing to place the Plaintiff on notice of her deficiencies during the tenure of her

employment.

### Count 1

### Defendants Have Engaged In an Unlawful employment Practice In Violation of the Civil Right Act of 1966, As Amended, And DC Human Rights Act of 1977, as Amended, On the Basis of My Sex (female).

66)    That the Defendant has engaged in an unlawful employment proactive in violation

of the Civil Rights Act of 1966, as amended, on the basis of my sex (female).

67)    That as a result of said violation the Plaintiff has been injured.

68)    That as a result of that injury the Plaintiff has suffered damages.

### Count II

### Defendants Have Engaged In An Unlawful Employment Practice In Violation of the Civil Rights Act of 1966, As Amended, And DC Human Rights Act of 1977, As Amended, on the Basis of Plaintiff's Sex (Sexual Harassment.

69)    The Defendant have engaged in an unlawful employment practice in violation of

the Civil Rights Act of 1966 as amended, on the basis of the Plaintiff's sex, (sexual

harassment).

70)     That as a result of the Defendants behavior the Plaintiff has been injured .

71)     That as a result of the injury the plaintiff has suffered damages.

## Count III

**Defendants Have Engaged In an Unlawful Employment Practice In Violation Of the Civil Rights Act of 1966, As Amended, And DC Human Rights Act of 1977, As Amended, On the Basis of Retaliation.**

72)     That the Defendants have engaged in an unlawful employment practice in

violation of the Civil Rights Act of 1966, as amended on the basis of retaliation.

73)     That as a result of said conduct the plaintiff has been injured.

74)     That as a result of said injury, the plaintiff has suffered damages.

## Count IV

**Defendants Have engaged in An Unlawful  Employment practice In Violation of The Family Medical Leave Act, As Amended.**

75)     That the plaintiff requested leave as a result of her son being hospitalized as result

of an illness.

76)     That the Defendants knew that the plaintiff was requesting leave as a result of her

son's illness.

77)     That the Defendants, their agents, servants and or employees, acting within the

scope of their employment denied the plaintiff leave to visit her son in violation of the

Family Medical Leave Act.

77)     That as a result the plaintiff was injured.

78)     That as a result of said injury the plaintiff suffered damages.

## Count V

**The Defendants Engaged in An Unlawful Employment Practice, In Violation of the Equal Pay Act, And DC Human Rights Act of 1977, As Amended.**

79)    The plaintiff applied for and was qualified for the position of Supervisory Officer DS-12 level.

80)    That the Defendants, their agents, servants and or employees, acting within the scope of their employment, paid the plaintiff at a lesser grade as other similarly situated male employees.

81)    That as a result the plaintiff has been injured.

82)    That as a result of said injury the plaintiff has been damaged.

**Count VI**
**Defendants Engaged In An Unlawful Employment Practice, In violation of the Age Discrimination In Employment Act, And DC Human Rights Act of 1977, As Amended.**

83)    That the Defendants, their agents, servants, and or employees, acting within the scope of their employment, compensated the plaintiff at a lower grade that similarly situated employees who were ages forty (40) and lower.

84)    That as a result of said unlawful employment practice the plaintiff has been injured.

85)    That as a result of said injury the plaintiff suffered damages.

**Count VII**

**Defendant Engaged In An Lawful Employment Practice In Violation of The District of Columbia Human Rights Act of 1977, As Amended, and the Civil Rights Act of 1966, As Amended.**

86)    That the position of Superintendent of Oak Hill Youth Center was vacant at the Defendant Oak Hill Youth Center, in Laurel , Maryland.

87)    That the position of Superintendent was not advertised or posted.

17

88)    That the Defendants selected a lesser qualified individual for the position of

Superintendent at its Oak Hill youth Center. That the plaintiff was more qualified than the

lesser qualified male for the position of Deputy Superintendent for Treatment.

89)    That the position of Deputy Superintendent became available at the Oak Hill

Youth Center.

90)    That the Defendants, their agents, servants and or employees, acting within the

scope of their employment, selected a lesser qualified male to fill the position.

91)    That the selection of the Defendant Dexter Dunbar was not based on his

qualification and or experience, but was based exclusively on his association with the

Male consultants from the State of Missouri

92)    That as a result of said unlawful employment practice the plaintiff has been

injured

93)    That as a result of said injury the plaintiff has been damaged.

### Count VIII
### That The Defendants Have Engaged In an Unlawful Employment Practice in Violation of The DC Human Rights Act of 1977, As Amended on the Basis of Plaintiff's Residency.

94)    That the Defendants selected Defendant Dexter Dunbar, a lesser qualified person

for the position of Deputy Superintendent For treatment as a result of his residency in the

State of Missouri.

95)    That the Defendant Pili Robinson and the other Consultants who are employed

by the Defendants, their agents, servants , and or employees, acting within the scope of

their employment, previously supervised and or worked with the Defendant Dexter

Dunbar in the State of Missouri.

95)    That the plaintiff, a resident of the State of Maryland, who was more qualified than the Defendant Dexter Dunbar, was not considered for the position as a result of being a resident of the State of Missouri.

96)    That as a result of the pre-selection of a lesser qualified person, the plaintiff was injured.

97)    that as a result of said injury the plaintiff suffered damages.

### Count IX
### Defamation

98)    That the Defendants, their agents, servants , and or employees, acting within the scope of their employment, made false and \ or fraudulent statements concerning the plaintiff's work performance and attendance during her tenure at Oak Hill Youth Center.

99)    That the Defendants, their agents, servants, and or employees, acting within the · scope of their employment, knew and or should have known that the statements were false and \ or fraudulent.

100)    That the Defendants acted in a reckless and willful manner in total disregard for the truth, and published the false and fraudulent information pertaining to the plaintiff to third parties.

101)    That as a result of said statements the plaintiff has been injured.

102) That as a result of said injury the plaintiff has been damages.

103) That the Defendants posted at the front gate the name of the plaintiff and barred her from returning to DYRS to retrieved her personal property. When plaintiff inquired about the whereabouts of said property its whereabouts where unknown.

WHEREFORE , the premises considered, the Plaintiff prays:

a)      that this court enjoin the Defendants, their agents, servants and or employees,

         acting within the scope of their employment  from continuing to engaged in

        the unlawful acts of discrimination against the Plaintiff, and from defaming
the plaintiff;

b)      that this court award the plaintiff judgment in her favor and against the

        Defendants jointly and severally;

c)      that this court award the plaintiff compensatory damages in the amount of

        $1,000,000.00, against the Defendants jointly and severally;

d)      that this court award the Plaintiff punitive damages against the Defendants

        jointly and severally in the amount of 500,000.00;

e)      and that this court award the Plaintiff such other and further relief as it deems

        necessary.

                                        Respectfully submitted

                                        _Linda Cruz-Packer_
                                        Linda Cruz-Packer, pro se
                                        48000 Megan Drive
                                        Clinton, Maryland 20735
                                        (240) -602-4579


## JURY DEMAND

Plaintiff demands a trail by jury on all issues traible by a jury.

                                        _Linda Cruz-Packer_
                                        Linda Cruz-Packer

**Certificate of Service**

I hereby certify that a copy of Plaintiff's amended complaint was mailed postage pre-paid

on this 22nd day of February, 2007 to all defendants and or their counsels

Linda-Cruz-Packer

Andrew T. Wise
Miller & Chevalier CHTD
655 Fifteenth St., N.W.
Suite 900
Washington, D.C. 20005-5701


Leah Brownlee Taylor, Esq.
Leticia L. Valdes, Esq.
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001