UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Linda Cruz-Packer** <br> **4800 Megan Drive** <br> **Clinton, Maryland 20735** <br><br> Plaintiff, <br><br> v. <br><br> **District of Columbia** <br><br><br> **Vincent Schiraldi, Director** <br> **1000 Mt. Olivet Road, N.E.** <br> **Washington, D.C. 20002** <br><br> **David Brown, Deputy Director,** <br> **8300 Riverton Court** <br> **Laurel, Maryland 20724** <br><br> **Mark Schindler, Chief of Staff** <br> **8300 Riverton Court** <br> **Laurel, Maryland 20724** <br><br> **LaVern Evans, Superintendent** <br> **8300 Riverton Court** <br> **Laurel, Maryland 20724** <br><br> **Pili Robinson, Senior Consultant to the** <br> **Department of Youth Rehabilitation** <br> **The Missouri Youth Service Institute** <br> **1906 Hayselton, Drive** <br> **Jefferson City, MO 65109** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )      **Civil Action No.: 06-2263** |

| | |
|---|---|
| **Fitzgerald Fant, Human Resources Manager /EEO Officer** | ) ) ) |
| **8300 Riverton Court** | ) |
| **Laurel, Maryland  20724** | ) ) |
| **D.J. Thomas, Deputy Superintendent of Operations** | ) ) |
| **8300 Riverton Court** | ) |
| **Laurel, Maryland  20724** | ) ) ) |
| **Dexter Dunbar, Deputy Superintendent of Treatment** | ) ) |
| **8300 Riverton Court** | ) |
| **Laurel, Maryland  20724** | ) ) |
| **Defendants.** | ) ) |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants District of Columbia, Vincent Schiraldi, David Brown, Mark Schindler, LaVern Evans, Dexter Dunbar, D.J. Thomas, and Fitzgerald Fant (hereinafter "defendants"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6), hereby move that this Honorable Court dismiss plaintiff's Amended Complaint filed on February 22, 2007.  As grounds therefor, the defendants state that:

1) Plaintiff has failed to effectuate proper service against the named defendants under FR.C.P.4(e);

2) The individually named defendants cannot be held liable under Title VII, or the D.C. Human Rights Act violations;

3) Plaintiff has failed to exhaust her administrative remedies under the District of Columbia Human Rights Act, Title VII , the Family Medical Leave Act and the Age

2

Discrimination in Employment Act; and cannot maintain her claim of discrimination against the named defendants.

4) Plaintiff's defamation claim should be dismissed as a matter of law.

Dismissal and/or judgment as a matter of law is appropriate in favor of these defendants. A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, is attached hereto.

                Respectfully submitted,

                LINDA SINGER
                Acting Attorney General for the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General, Civil Litigation Division

                /s/
                PATRICIA A. JONES [428132]
                Chief, General Litigation, Section IV

                /s/
                LEAH BROWNLEE TAYLOR [488966]
                Assistant Attorney General
                441 4th Street, N.W.
                Sixth Floor South
                Washington, D.C. 20001
                (202) 724-7854; (202) 727-6295
                leah.taylor@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Linda Cruz-Packer ) | |
| 4800 Megan Drive ) | |
| Clinton, Maryland 20735 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| District of Columbia ) | |
| ) | |
| Vincent Schiraldi, Director ) | Civil Action No.: 06-2263 |
| 1000 Mt. Olivet Road, N.E. ) | |
| Washington, D.C. 20002 ) | |
| ) | |
| David Brown, Deputy Director, ) | |
| 8300 Riverton Court ) | |
| Laurel, Maryland 20724 ) | |
| ) | |
| Mark Schindler, Chief of Staff ) | |
| 8300 Riverton Court ) | |
| Laurel, Maryland 20724 ) | |
| ) | |
| LaVern Evans, Superintendent ) | |
| 8300 Riverton Court ) | |
| Laurel, Maryland 20724 ) | |
| ) | |
| Pili Robinson, Senior Consultant to the ) | |
| Department of Youth Rehabilitation ) | |
| The Missouri Youth Service Institute ) | |
| 1906 Hayselton, Drive ) | |
| Jefferson City, MO 65109 ) | |
| ) | |

| | |
|---|---|
| **Fitzgerald Fant, Human Resources** | ) |
| **Manager/EEO Officer** | ) |
| **8300 Riverton Court** | ) |
| **Laurel, Maryland  20724** | ) |
| | ) |
| **D.J. Thomas, Deputy Superintendent** | ) |
| **of Operations** | ) |
| **8300 Riverton Court** | ) |
| **Laurel, Maryland  20724** | ) |
| | ) |
| | ) |
| **Dexter Dunbar, Deputy Superintendent** | ) |
| **of Treatment** | ) |
| **8300 Riverton Court** | ) |
| **Laurel, Maryland  20724** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

In support of their motion to dismiss plaintiff's Amended Complaint, defendants state as follows:

### BACKGROUND

On or about November 29, 2006, plaintiff filed a amended complaint against the defendants claiming that her civil rights were violated when she was terminated as Supervisory Correctional Officer from the Department of Youth Rehabilitative Services (hereinafter "DYRS") on or about October 19, 2006. See Amended Complaint.  Plaintiff specifically alleges that she was terminated on the basis of age, sex and race and was also the subject of retaliatory discharge because of her participation in an administrative complaint process investigation. Id. Plaintiff also alleges that she was defamed when DYRS officials made statements concerning her termination . See Complaint, at pg. 14. See Amended Complaint, generally.

The defendants were not personally served with the complaint or amended complaint. See affidavit referenced herein as attachments to the defendant Motion to Dismiss. See also, Court Docket.

As set forth below, these defendants are entitled to dismissal of plaintiff's Complaint for the following reasons: 1) Plaintiff has failed to effectuate proper service against the named defendants under FR.C.P.4(e); 2) the individually named defendants cannot be held liable for Title VII violations; 3) plaintiff has failed to exhaust her administrative remedies under the District of Columbia Human Rights Act, Title VII , the Family Medical Leave Act and the Age Discrimination in Employment Act; and therefore cannot maintain a claim of discrimination against the named defendants; and 4) this Court should decline to assert supplemental jurisdiction over plaintiff's defamation claim.

## ARGUMENT

A.  **Standard for Motion to Dismiss**

Under Fed. R. Civ. P. 12(b), "[e]very defense, in law or fact, to a claim for relief in any pleading…shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:  …(5)insufficiency of service process, and (6) failure to state a claim for which relief can be granted…."

A party can move the court to dismiss a complaint under Fed. R. Civ. P. 12(b)(5) for insufficient service of process.  "The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Light v. Wolf*, 259 U.S. App. D.C. 442, 816 F.2d 746, 751 (D.C. Cir. 1987)

(internal quotations omitted); *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003). Therefore, dismissal is appropriate if the evidence shows that plaintiff's service of process was insufficient

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The moving party is entitled to judgment if there are no allegations in the complaint that could provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

Although the non-moving party enjoys the benefit of all inferences that reasonably can be drawn from the allegations alleged in the complaint, bare conclusions of law—or sweeping and unwarranted averments of fact—will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (D.C. Cir. 1994).

**B.**     **Plaintiff Has Failed to Effectuate Proper Service**

On or about December 29, 2006, the defendants removed this case from the Superior Court of the District of Columbia pursuant to 42 U.S.C. §§ 1441, and 1446. See Docket Entry #1. Section 1446(b) provides that "the notice of removal…shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…." These defendants received notice of the Complaint but were not properly served. Pursuant to the express language of SCR Civil 4(e)(2), a plaintiff bringing suit against an individual within the United States must personally serve the individual or their agent with a copy of the summons, complaint and initial order. The language of Fed. R. Civ. P. 4(e)(2),setting forth the elements of

7

proper service on an individual within the United States is unambiguous in its mandate. According to the statute, service may be effected on an individual within the United States by delivering ""a copy of the summon, complaint and initial order to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summon, complaint and initial order to an agent authorized by appointment or by law to receive service of process." SCR Civil 4(e)(2).  Both statutes set forth precisely what steps must be taken to properly serve an individual defendant within the United States.  Without completion of those steps, including proper delivery of the summons to the individual or their authorized agent, process has not been served.

It is clear that plaintiff has not met the mandatory service provisions set forth in Fed. R. Civ. P. 4(e)(2).  The named defendants were not served, nor were authorized agents of the defendants served with plaintiff's amended complaint. Plaintiff has also failed to properly serve the District of Columbia pursuant to Fed R. Civ. P. 4(j)(2) which requires that service be made "by delivering a copy of the summons and of the complaint to its chief executive officer"  or in the manner prescribed by the law of that state."  Under the laws of the District of Columbia, the plaintiff must "deliver a copy of the summons and complaint to the Mayor of the District of Columbia (or designee) **and** the Attorney General (or designee).  See Sup. R. Civ. P 4(j), Plaintiff has only served an agent of the Attorney General, which is not proper service of the summons and complaint on the District of Columbia pursuant to Rule 4(j)(2). Plaintiff's failure to properly serve the named defendants in this litigation requires dismissal of her court action against these defendants.

**C.     Individually Named Defendants Cannot Be Held Liable for Violations Under Title VII , the Age Discrimination in Employment Act , the Family Medical Leave Act and the District of Columbia Human Rights Act.**

Plaintiff has filed discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), the Family Medical Leave Act (FMLA and the District of Columbia Human Rights Act (DCHRA),) against the individually named defendants.  See Complaint, generally.  These defendants are entitled to judgment as a matter of law because individual liability is not provided for and/or contemplated by Title VII, the ADEA FMLA, or DCHRA,  *See Gary v. Long,* 59 F.3d 1391 (D.C. Cir. 1995) (holding that while a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII). *See also, Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (holding that relief granted under Title VII is against the employer, not individual employees whose actions constituted a violation of Title VII).  See *Gasser v. District of Columbia,* 442 F.3d 758 (D.C. Cir. 2006), holding the Americans with Disabilities Act of 1990, 42 U.S.C.S. §§ 12101-12213, provides that a covered employer shall not "discriminate" against a disabled individual because of his disability. 42 U.S.C.S. § 1212(a); 29 C.F.R. § 1630.4.. *See also, Bernard Carlson v. Rent-A-Center, Inc.,* 237 F. Supp. 2d 114 (D. Me. 2002), holding FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the [FMLA]." See also, 29 U.S.C. § 2615(a)(1).  The FMLA also makes it "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by the [FMLA]." *Id.* § 2615(a)(2)..  Additionally, s*ee James Regan v. Grill Conceps-D.C., Inc.,* 338 F. Supp. 2d 131, 134 (D.C. Cir. 2004), holding the DCHRA prohibits an "employer" from

discriminating against its employees. The individually named defendants in this case are not employers, and therefore dismissal is appropriate.

D.    **Plaintiff Has Failed to Exhaust Her Administrative Remedies.**

Plaintiff avers that she was terminated on October 16, 2003. See Amended Complaint, generally. It is well settled that plaintiffs are required to exhaust their administrative remedies as a condition precedent to filing a Title VII lawsuit because it "provides the charged party with notice of the claim and helps narrow the issues for prompt adjudication and decision " and resolution of disputes. *See Mack v. Strauss*, 134 F.Supp 2d 103, 109 (D.D.C. 2001). A Title VII plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days after the alleged discriminatory act. *See* 42 U.S.C. 2000e-5(e)(1). Plaintiff has failed to establish that she filed a charge with the EEOC or the Office of Human Rights, and received a right to sue letter, which is a condition precedent to filing a discrimination lawsuit under the District of Columbia Human Rights Act (DCHRA), and the Age Discrimination in Employment Act (ADEA). *See Sauzek v. Exxon Coal USA, Inc*., 202 F.3d 913 (7th Cir. 2000). Plaintiff's failure to exhaust her administrative remedies bars this federal court complaint against the defendants.

E.    **The Court Should Decline Supplemental Jurisdiction over Plaintiff's Defamation Claim.**

The Court must decline to exercise supplemental jurisdiction over plaintiff's defamation claim. *See Decatur Liquors v. District of Columbia*, No 05-7099, slip op. at 7 (D.C. Circuit February 27, 2007), holding a federal court lacks jurisdiction of the case altogether if the federal claims are insubstantial. Plaintiff's federal claims are insubstantial. Her failure to exhaust her administrative remedies, and to otherwise properly plead her federal claims requires dismissal of

not only the federal claims, but her defamation claim as well.  *See also, Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974), holding once a plaintiff's federal claims are dismissed, a federal court lacks subject-matter jurisdiction over all remaining local law claims.

WHEREFORE, the defendants respectfully request this Court to dismiss plaintiff's Amended Complaint.

        Respectfully submitted,

        LINDA SINGER
        Acting Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV

        /s/
        LEAH BROWNLEE TAYLOR [488966]
        Assistant Attorney General
        441 4th Street, N.W., Sixth Floor South
        Washington, D.C. 20001
        (202) 724-7854; (202) 727-6295
        leah.taylor@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Linda Cruz-Packer** )<br>**4800 Megan Drive** )<br>**Clinton, Maryland 20735** )<br>)<br>           Plaintiff,        )<br>)<br>           v.                )<br>)<br>**Department of Youth** )<br>**Rehabilitation Services** )<br>**Youth Services Center** )<br>**1000 Mt. Olivet Road, N.E.** )<br>**Washington, D.C. 20002** )<br>)<br>**Vincent Schiraldi, Director** )<br>**1000 Mt. Olivet Road, N.E.** )<br>**Washington, D.C. 20002** )<br>)<br>**David Brown, Deputy Director,** )<br>**8300 Riverton Court** )<br>**Laurel, Maryland 20724** )<br>)<br>**Mark Schindler, Chief of Staff** )<br>**8300 Riverton Court** )<br>**Laurel, Maryland 20724** )<br>)<br>**LaVern Evans, Superintendent** )<br>**8300 Riverton Court** )<br>**Laurel, Maryland 20724** )<br>)<br>**Pili Robinson, Senior Consultant to the** )<br>**Department of Youth Rehabilitation** )<br>**The Missouri Youth Service Institute** )<br>**1906 Hayselton, Drive** )<br>**Jefferson City, MO 65109** )<br>)<br>**Fitzgerald Fant, Human Resources** )<br>**Manager/EEO Officer** )<br>**8300 Riverton Court** )<br>**Laurel, Maryland 20724** ) | Civil Action No.: 06-2263 |

| | |
|---|---|
| **D.J. Thomas, Deputy Superintendent** | ) |
| **of Operations** | ) |
| **8300 Riverton Court** | ) |
| **Laurel, Maryland  20724** | ) |
| | ) |
| **Dexter Dunbar, Deputy Superintendent** | ) |
| **of Treatment** | ) |
| **8300 Riverton Court** | ) |
| **Laurel, Maryland  20724** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**O R D E R**

Upon consideration of the defendants District of Columbia, Vincent Schiraldi, David Brown, Mark Schindler, LaVern Evans, Dexter Dunbar, D.J. Thomas, and Fitzgerald Fant's Motion to Dismiss, plaintiff's response thereto, if any, and the record herein, it is by the Court this _____ day of _____, 2007,

ORDERED:    that the Motion is GRANTED for the reasons set forth in the defendants' motion; and it is

FURTHER ORDERED:   that plaintiff's Amended Complaint be DISMISSED against all named defendants.

```
                              _____
                              JUDGE, United States District Court for the District of
                              Columbia
```

cc:    Leah Brownlee Taylor
       Assistant Attorney General
       441-4th Street NW,  6th Floor South
       Washington, DC  20001

       Ms. Linda Cruz-Packer
       4800 Megan Drive
       Clinton, Maryland 20735

13