UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Linda Cruz-Packer,      )<br>                               )<br>    Plaintiff.            )<br>                               )<br>                               )<br>    v.                      )<br>                               )<br>                               )<br>District of Columbia, et al.  )<br>                               )<br>    Defendants.         )<br>                               ) | Civil Action No.: 06-2263 (RWR) |

**DEFENDANT PILI ROBINSON'S MOTION TO DISMISS**
<u>**FEBRUARY 22, 2007 AMENDED COMPLAINT**</u>

Defendant, PILI ROBINSON, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure, to dismiss the February 22, 2007 Amended Complaint in the above-captioned matter. The points and authorities in support of this Motion to Dismiss Amended Complaint are set forth in the accompanying memorandum.

                                                                Respectfully submitted,

                                                                 /s/
                                                  Andrew T. Wise, #456-865
                                                 MILLER & CHEVALIER CHARTERED
                                                 655 Fifteenth Street, N.W., Suite 900
                                                 Washington, D.C.  20005-5701
                                                 (202) 626-5800

                                                 Attorney for PILI ROBINSON

Dated: March 12, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing Motion to Dismiss February 22, 2007 Amended Complaint were served by regular United States mail, postage prepaid, this 12th day of March, 2007, upon each of the parties listed below:

>Linda Cruz-Packer
>4800 Megan Drive
>Clinton, Maryland 20735

>Leah Brownlee Taylor, Esq.
>Assist Attorneys General
>441 4th Street, NW
>Sixth Floor South
>Washington, D.C. 20001

>/s/
>Andrew T. Wise

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Linda Cruz-Packer,** )<br>)<br>**Plaintiff.** )<br>)<br>)<br>**v.** )<br>)<br>)<br>**District of Columbia, et al.** )<br>)<br>**Defendants.** )<br>) | **Civil Action No.: 06-2263 (RWR)** |

**ORDER**

Upon consideration of Defendant Pili Robinson's Motion to Dismiss February 22, 2007 Amended Complaint, Plaintiff's response thereto, if any, and the record herein, it is by the Court this _____ day of _____ 2007:

ORDERED that the Motion to Dismiss February 22, 2007 Amended Complaint filed on behalf of Defendant Pili Robinson is GRANTED for reasons set forth in the Defendant's motion; and it is

FURTHER ORDERED that Plaintiff's Amended Complaint against Defendant Pili Robinson is DISMISSED.

 

_____
The Honorable Judge Robertson
United Stated District Court for the
District of Columbia

Copies to:

- 2 -

Andrew T. Wise
Miller & Chevalier Chartered
655 15th Street Northwest
Suite 900
Washington, D.C. 20005-5701


Linda Cruz-Packer
4800 Megan Drive
Clinton, Maryland 20735


Leah Brownlee Taylor, Esq.
Assist Attorneys General
441 4th Street, NW
Sixth Floor South
Washington, D.C. 20001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Linda Cruz-Packer,** )<br>)<br>     **Plaintiff.** )<br>)<br>)<br>     **v.** )<br>)<br>)<br>**District of Columbia, et al.** )<br>)<br>     **Defendants.** )<br>) | Civil Action No.: 06-2263 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS FEBRUARY 22, 2007 AMENDED COMPLAINT**

Defendant, PILI ROBINSON ("Defendant"), through undersigned counsel, submits the following points and authorities in support of his Motion to Dismiss February 22, 2007 Amended Complaint in the above-captioned case.

**INTRODUCTION**

Plaintiff filed her initial complaint in the Superior Court for the District of Columbia on November 21, 2006. She amended that complaint on November 29, 2006. Both the Complaint and the Amended Complaint were mailed to Mr. Robinson at a Jefferson City, Missouri business address for the Missouri Youth Service Institute. Neither of the Complaints, nor the initial order and summons for Mr. Robinson was served upon Mr. Robinson.

Defendants Lavern Evans, Fitigerald Fant, D.J. Thomas, Dexter Dunbar, Department of Youth Rehabilitation Services, Vincent Schiraldi, David Brown, and Mark Schindler removed the case to this Court on December 29, 2006.

Prior to the case's removal, Mr. Robinson moved to dismiss Plaintiff's complaint pursuant to Rules 12(b)(5) and (6) of the District of Columbia Rules of Civil Procedure ("first Motion to Dismiss"). A notice of the prior filing of that motion, along with a copy of the motion and a memorandum of points and authorities in support thereof was filed with this Court on January 23, 2006 (docket number 7). That motion argued that the complaint should be dismissed for insufficiency of service of process and for failure to state a claim upon which relief could be granted.

On February 22, 2007, plaintiff filed another amended complaint ("February 22, 2007 Amended Complaint.")

On March 2, 2007, LaVern Evans, Fitzgerald Fant, D.J. Thomas, Dexter Dunbar, Vincent Schiraldi, the District of Columbia, David Brown, and Mark Schindler ("the District of Columbia defendants") filed a motion to dismiss the February 22, 2007 amended complaint.

To the extent that it makes allegations against Pili Robinson, the February 22, 2007 Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. That argument is set forth more fully below. In the alternative, the February 22, 2007 Amendment Complaint should be dismissed for the following three reasons:

1. The Plaintiff failed to cure insufficient service of process of the original complaint as required by Rule 4 of the Federal Rules of Civil Procedure. As to this point, Mr. Robinson adopts those arguments advanced in his first Motion to Dismiss.

2. To the extent that the Plaintiff intends to make claims against Mr. Robinson (as opposed to the District of Columbia) under Title VII, the District of Columbia Human Rights Act, the Family Medical Leave Act, and the Age Discrimination in Employment Act, she has

failed to exhaust her administrative remedies as required by those statutes. As to this point, Mr. Robinson joins the arguments advanced by the District of Columbia defendants in their March 2, 2007, Motion to Dismiss at page 10. In addition, Mr. Robinson notes that the exhaustion of remedies doctrine is a "long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938). The Amended Complaint does not allege that the Plaintiff filed any charge with the appropriate administrative agencies prior to filing this action and Plaintiff is therefore barred from bringing claims under these statutes for failure to exhaust administrative remedies. *See Mack v. Strauss*, 134 F. Supp. 2d 103, 109 (D.D.C. 2001) (Title VII); *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000) (ADEA); *Roache v. District of Columbia*, 654 A.2d 1283, 1284 (D.C. 1995) (DCHRA).

    3. The Court should decline to exercise supplemental jurisdiction over the Plaintiff's DCHRA and defamation claims. As to this point, Mr. Robinson joins the arguments advanced by the District of Columbia defendants in their March 2, 2007 Motion to Dismiss at pages 10-11. In addition, the federal supplemental jurisdiction statute, 28 U.S.C. § 1367(c)(3), provides that a district court may decline to exercise supplemental jurisdiction over a claim when it has "has dismissed all claims over which it has original jurisdiction." *See also Foggy Bottom Ass'n v. D.C. Office of Planning*, 441 F. Supp. 2d 84, 92 (D.D.C. 2006) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"). If the Court dismisses the Plaintiff's federal law claims against Mr. Robinson, the Court should

decline to exercise supplemental jurisdiction over the remaining DCHRA and defamation claims and dismiss them, as they arise only under the laws of the District of Columbia.

## **ARGUMENT**

I.   PURSUANT TO RULE 12(B)(6), THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.

The February 22, 2007 Amended Complaint, like the two complaints plaintiff filed in Superior Court, contains a list of allegations relating to plaintiff's employment by the District of Columbia and termination from employment at the Oak Hill Youth Center. Mr. Robinson, referred to as a "senior consultant" for an out-of-state Institute, is mentioned only tangentially through the body of the complaint and is not associated with any of the allegedly wrongful acts that underlie the plaintiff's complaints of legal harm.   Accordingly, the Court should dismiss the complaint against Mr. Robinson because even construing the complaint in the light most favorable to the plaintiff and taking the facts alleged in the complaint as true, the complaint fails to plead sufficient facts to establish any liability of Mr. Robinson particularly.  *Mount v. Baron*, 154 F. Supp. 2d 3, 7 (D.D.C. 2001).

In support of this portion of his present Motion to Dismiss, Mr. Robinson adopts the arguments advanced in his December 26, 2006 Motion to Dismiss at pages 3-8 of the Memorandum.  In addition, Mr. Robinson submits the following arguments:

   A.   Legal Standard for Rule 12(b)(6) Motion to Dismiss

Where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint, the complaint may be dismissed pursuant to Rule 12(b)(6).  *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002).  While the Court must view the allegations contained in a Complaint in the light most favorable to the Plaintiff,

"[t]he Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint." *Delano v. Roche*, No. 04-0830, 2006 U.S. Dist. LEXIS 66860, at *8 (D.D.C. Sept. 19, 2006) (citing *Kowal*, 16 F.3d at 1276.). That principle has application here, because the plaintiff's summary allegations against Mr. Robinson are not supported by any objective facts and often fail to allege a cognizable claim against a person in Mr. Robinson's position.

    B.    Pili Robinson cannot be held liable in his individual capacity under Title VII, the District of Columbia Human Rights Act, the Family Medical Leave Act, the Age Discrimination in Employment Act, or the Equal Pay Act

Plaintiff alleges that Mr. Robinson[1] violated Title VII of the Civil Rights Act of 1964, the District of Columbia Human Rights Act, the Family Medical Leave Act, and the Age Discrimination in Employment Act. In regard to these allegations, Mr. Robinson joins the arguments made by the District of Columbia defendants in their March 2, 2007 Motion to Dismiss at pages 9-10.

In addition, Mr. Robinson submits that as a matter of law, Amended Complaint Counts I through VIII against the Defendant, which are based on the foregoing statutes, must be dismissed as none of the statutes allows for recovery against an individual, only "employers." *See* 29 U.S.C. § 206(d) (prohibiting "employers" from engaging in sexual discrimination in paying its employees); *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995) (Title VII case); *McManus v. Williams*, No. 05-1621, 2007 U.S. Dist. LEXIS 15592, at *9-10 (D.D.C. Feb. 22, 2007) ("Title

---

[1] Counsel assumes for purposes of this Motion that plaintiff intended to include Mr. Robinson in counts one through eight, which allege violations of the statutes referenced in this section. The counts do not specifically reference Mr. Robinson, instead referring simply to "the defendants." Moreover, the recitation of facts that precedes the counts does not include Mr. Robinson specifically in acts implicating the statutes. However, out of an abundance of caution, Mr. Robinson is advancing these arguments in the event that the February 22, 2007 Amended Complaint is read to include him among the defendants in each of these counts.

VII only applies to an employer, not to individual employees."); *Hunter v. Ark Restaurants Corp.*, 3 F. Supp. 2d 9, 16-17 (D.D.C. 1998) (noting that "it is clear that [the DCHRA] does in fact contain the limiting provision "by an employer," limiting liability under DCHRA to employers); *Amariglio v. AMTRAK*, 941 F. Supp. 173, 178 (D.D.C. 1996) (holding that the ADEA does not provide for liability against individual defendants in their personal capacities, only employers.). Even if an individual employee's conduct violates any of these statutes, relief may only be sought from the plaintiff's employer. *Id.*

Pili Robinson was simply never plaintiff's employer within the meaning of the relevant statutes, nor does plaintiff make any such allegation in the February 22, 2007 Amended Complaint. The February 22, 2007 Amended Complaint does not allege that Mr. Robinson and plaintiff had an employment relationship. Further, plaintiff does not allege that Mr. Robinson had any authority or responsibility regarding decisions made with respect to her employment. As such, Counts I through VIII should be dismissed on the grounds that they cannot, as a matter of law, be maintained against Mr. Robinson, an individual non-employer.

    C.    The February 22, 2007 Amended Complaint fails to sufficiently connect Pili Robinson to any factual or legal allegation.

The complaint, in its entirety, should be dismissed against Pili Robinson because plaintiff fails to connect Mr. Robinson to any of the numerous alleged violations vaguely referenced therein. It is axiomatic that even under Rule 8(a)(2)'s liberal notice pleading standard, a plaintiff must tie an alleged wrong to a *particular* defendant and a complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (citing *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1999); *see also District of Columbia v. Beretta, U.S.A., Corp.*, 872 A.2d 633, 660 *citing Roe v. Aware Woman Ctr. for*

*Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). As the D.C. Court of Appeals has noted, identifying the party liable for a particular wrong is one of the most fundamental requirements for an adequately pleaded claim. *Id. citing Elmore v. Stevens*, 824 A.2d 44 (D.C. 2003); see also *Pope v. Thornburgh*, No. 90-2098-LFO, 1991 U.S. Dist. LEXIS 5453, at *3-5 (D.D.C. Apr. 17, 1991); *see also Brownlee v. Conine*, 957 F.2d 353 (7th Cir. 1992). On review of a Rule 12(b)(6) motion for dismissal, the Court cannot speculate as to factual allegations or evidentiary links absent from the Plaintiff's claims, *Kowal v. MCI Communs. Corp.*, 16 F.3d at 1276; *ACLU Foundation of Southern California v Barr*, 952 F2d 457, (D.C. Cir. 1991); *see also Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987), and should not accept broad legal conclusions "couched . . . as factual allegations." *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006); *see also Haynesworth*, 820 F.2d at 1254 (noting that [b]are conclusions of law and sweeping and unwarranted averments of fact will not be deemed admitted."); *Cogar v. Schuyler*, 150 U.S. App. D.C. 238 (D.C. Cir. 1972). In sum, a plaintiff's allegations must do more than provide conclusory statements. *Galbreath v. Dudas*, 2006 U.S. Dist. LEXIS 3172, at *9-10 (D.D.C. 2006) (citing *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) ("[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

     Plaintiff's February 22, 2007 Amended Complaint cannot survive a 12(b)(6) motion as to Pili Robinson because it fails to particularly identify any actionable wrongdoing by Mr. Robinson that would entitle plaintiff to relief. Throughout the February 22, 2007 Amended Complaint, Plaintiff lumps Mr. Robinson in with the other named Defendants without any articulation as to how the Defendant's conduct, in particular, gave rise to liability on any count.

This is true even with respect to factual allegations that cannot have any arguable connection to Mr. Robinson.

The final count of the February 22, 2007 Amended Complaint alleges that the "defendants" made defamatory statements about Plaintiff. To the extent that Count IX is construed to make a claim against Mr. Robinson, that count must be dismissed pursuant to Rule 12(b)(6) for the reasons set forth in Mr. Robinson's initial Motion to Dismiss at pages 5-8 of the accompanying Memorandum of Points and Authorities.

## CONCLUSION

Plaintiff's February 22, 2007 Amended Complaint again contains a list of complaints that plaintiff has against the District of Columbia relating to her past employment at Oak Hill Youth Center. Again, as in her initial Complaint and her first Amended Complaint, plaintiff has failed to make any specific, cognizable claims against Pili Robinson upon which relief could be granted. Therefore, for the foregoing reasons, as well as those set forth in Mr. Robinson's initial Motion to Dismiss and those set forth in the sections of the Motion to Dismiss by the District of Columbia defendants expressly joined in this pleading, Pili Robinson moves this Court to dismiss the complaint.

        Respectfully submitted,

        /s/
_____
Andrew T. Wise, #456-865
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, D.C.  20005-5701
(202) 626-5800

Attorney for PILI ROBINSON

Dated:  March 12, 2007

- 9 -