# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Linda Cruz-Packer,      ) | |
|      ) | |
| Plaintiff.      ) | |
|      ) | |
|      ) | |
| v.      ) | Civil Action No.: 06-2263 (RWR) |
|      ) | |
|      ) | |
| District of Columbia, et al.      ) | |
|      ) | |
| Defendants.      ) | |
|      ) | |

## DEFENDANT PILI ROBINSON'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FEBRUARY 22, 2007 AMENDED COMPLAINT

Defendant, PILI ROBINSON, through undersigned counsel, respectfully submits the following reply to Plaintiff Linda Cruz-Packer's opposition to Mr. Robinson's Motion to Dismiss Plaintiff's February 22, 2007 Amended Complaint.

## INTRODUCTION

In his Motion to Dismiss ("Motion"), Mr. Robinson set forth numerous grounds upon which the Plaintiff's February 22, 2007 Amended Complaint ("Amended Complaint") should be dismissed pursuant to Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure.  In her opposition to that motion ("Opposition"), Plaintiff fails to address any of Mr. Robinson's substantive legal arguments.  Instead, she reasserts deficient claims from the Amended Complaint and in some instances introduces new factual allegations -- many of which contradict the Amended Complaint -- in opposition to the Motion.  Because the Amended Complaint fails

to state a claim against Mr. Robinson upon which relief could be granted, the Court should dismiss the Amended Complaint.

## ARGUMENT

In the Motion, Mr. Robinson argued that the Amended Complaint failed to state a claim upon which relief could be granted.  In addition, Mr. Robinson cited three alternative grounds for dismissal of the Amended Complaint:  (1) failure to cure insufficient service of process of the original complaint, (2) failure to exhaust administrative remedies, and (3) absence of proper grounds for the Court to exercise supplemental jurisdiction over the Plaintiff's DCHRA and defamation claims.  In her Opposition, Plaintiff largely ignored Mr. Robinson's arguments regarding these alternative grounds for dismissal of the Amended Complaint and the Court should accordingly treat those arguments as conceded.[1]

In addition, Mr. Robinson's arguments supporting dismissal of the Amended Complaint for failure to state a claim remain unrebutted.  For example, Plaintiff does not contest the proposition that Mr. Robinson cannot be held liable in his individual capacity under Title VII, the District of Columbia Human Rights Act, the Family Medical Leave Act, the Age Discrimination in Employment Act, or the Equal Pay Act.  The Court should therefore treat that argument as conceded and dismiss Counts I through VIII against Mr. Robinson.

Plaintiff also does not appear to contest Mr. Robinson's arguments regarding the defamation allegation that forms the core of Count IX.  Specifically, Plaintiff fails to make any arguments regarding the elements of a defamation action as set forth in Mr. Robinson's initial motion to dismiss and incorporated by reference in the Motion at page 8.  She does not attempt

---

[1] Plaintiff did allege that service was completed by delivery of a copy of the summons, complaint, and initial order to Mark Stewart at Mr. Robinson's business address in Missouri.  Plaintiff did not make any argument though, nor could she, that Mr. Stewart was an "agent authorized by appointment or by law to receive service of process."  FED. R. CIV. P. 4(e).

to establish that any statement made by Mr. Robinson was false and defamatory, published without privilege to a third party, made in circumstances amounting to at least negligence, actionable as a matter of law irrespective of special harm, or that its publication caused Plaintiff special harm. *See Beeton v. District of Columbia*, 779 A.2d 918, 923 (D.C. 2001). Nor has she attempted to demonstrate that a statement made by Mr. Robinson made her appear odious, infamous, or ridiculous. *See Howard Univ. v. Best*, 484 A.2d 958, 989 (D.C. 1984). The Court should therefore treat that argument as conceded and dismiss Count IX against Mr. Robinson.

In her Opposition, Plaintiff makes new and novel factual allegations regarding Mr. Robinson. Some of the allegations are irrelevant.[2] Some of the allegations contradict specific allegations made in the Amended Complaint.[3] For purposes of the Court's consideration of the Motion, however, that distinction is of no moment. To survive a motion to dismiss under Rule 12(b)(6), a Complaint must state a valid and actionable claim within its four corners. *See E.E.O.C. v. St. Francis Xavier Parochial Sch.,* 117 F.3d 621, 624 (D.C. Cir. 1997). Conclusory allegations made outside of the complaint -- even if true -- cannot cure the deficiencies contained within the Amended Complaint and detailed in the Motion. Moreover, factual allegations in briefs or memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts contained therein contradict those alleged in the complaint. *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994). For the reasons set forth herein, in the Motion, and in the sections of the Motion to Dismiss by the District of Columbia defendants

---

[2] For example, Plaintiff alleges that Mr. Robinson was involved in management of the Genesis program at Oak Hill Youth Center and made decisions regarding the termination of parts of the Genesis program. *See* Opp'n at 11-12, attachment.

[3] *Compare* Amended Complaint at 8, ¶¶ 27-29 (alleging that defendant Evans took retaliatory action against Plaintiff), *with* Opp'n at 6, ¶ 4 (intimating that Mr. Robinson was involved in the same incident).

expressly joined in the Motion, the Amended Complaint fails to state a claim upon which relief could be granted against Pili Robinson.

Accordingly, Pili Robinson moves this Court to dismiss the Amended Complaint.

Respectfully submitted,

_____
Andrew T. Wise, #456-865
Counsel for PILI ROBINSON

MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005-5701
Phone: (202) 626-5800
Facsimile: (202) 626-5801

Dated: May 11, 2007

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Reply were served by regular United States

mail, postage prepaid, this 11th day of May, 2007, upon each of the parties listed below:

| | |
|---|---|
| Linda Cruz-Packer | Leah Brownlee Taylor, Esq. |
| 4800 Megan Drive | Assistant Attorney General |
| Clinton, Maryland 20735 | 441 4th Street, NW, Sixth Floor South |
| | Washington, D.C. 20001 |

_____

Andrew T. Wise

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Linda Cruz-Packer, | ) | |
| | ) | |
| **Plaintiff.** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | Civil Action No.: 06-2263 (RWR) |
| | ) | |
| | ) | |
| District of Columbia, et al. | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Upon consideration of Defendant Pili Robinson's Motion to Dismiss February 22, 2007 Amended Complaint, Plaintiff's response thereto, and Mr. Robinson's reply, , it is by the Court this _____ day of _____ 2007:

ORDERED that the Motion to Dismiss February 22, 2007 Amended Complaint filed on behalf of Defendant Pili Robinson is GRANTED and that Plaintiff's Amended Complaint against Defendant Pili Robinson is DISMISSED.

_____
The Honorable Richard W. Roberts
Judge, United Stated District Court for the
District of Columbia

Copies to:

Linda Cruz-Packer
4800 Megan Drive
Clinton, Maryland 20735

Andrew T. Wise, Esq.
Miller & Chevalier Chartered
655 15th Street Northwest
Suite 900
Washington, D.C. 20005-5701

Leah Brownlee Taylor, Esq.
Assistant Attorney General
441 4th Street, NW, Sixth Floor South
Washington, D.C. 20001