## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDA CRUZ-PACKER | ) | C.A. No.:   06-2263 (RWR) |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| **Department of Youth Rehabilitation** | ) | |
| **Services,** *et al.* | ) | |
| **Defendants.** | ) | |
| | ) | |

### NOTICE TO COURT

Comes now the Plaintiff, LINDA CRUZ-PACKER, acting on her own behalf,

hereby NOTIFIES THE COURT that she has received her Right to Sue Letter.

### MEMORANDUM OF POINTS AND AUTHORITIES

1. On November 21, 2006, Plaintiff made a *prima facie* case of retaliation, discrimination, and public policy wrongful discharge.

2. On October 19, 2006, Plaintiff notified Mayor Williams that she was terminated wrongfully.

3. October 25, the Plaintiff filed a complaint with the Office of Inspector General, alleging wrong doings, fraud, and wrongful termination.

4. November 14, 2006, Plaintiff filed an EEOC complaint with The Department of Youth Services & Rehabilitation Services, EEOC Officer Fitzgerald Fant, by certified return receipt mail.

5. November 15, 2006, Plaintiff received a letter from Office of Human Rights detailing how to file a complaint.

6. Around November 18, 2006, Plaintiff attempted to file a complaint with Office of Human Rights but was denied due to lack of an Exit Letter from DYRS.

7. In December 2006, after numerous attempts to obtain an exit letter from DYRS failed and 21 days had passed the Plaintiff filed an EEOC complaint with US Equal Employment Opportunity Commission, Washington Field Office. Later the case was transfer to the

RECEIVED

MAY 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Baltimore Field Office.

8.  On February 26, 2007, after DYRS informed the Office of Human Rights that I had not filed an EEOC complaint, I provided a US Postage Certified return receipt and copy of my complaint substantiating that I had filed a complaint against DYRS with the Agency.

9.  On March 2, 2007, Plaintiff testified before the Committee on Human Services about the failure to receive an exit letter and other Unlawful Employment Discrimination Practices.

10. March 6, 2007, Plaintiff received an Exit Letter, from DYRS, some 112 days after filing my original EEOC complain with the agency.

11. March 19, 2007, Plaintiff filed a complaint against DYRS for denying her an exit letter and not acknowledging she had even filed an EEOC complaint.

12. March 28, 2007, signed charges of discrimination against agency and submitted to US EEOC.

13. March 29, 2007, US EEOC sent me letter acknowledging receipt of employment discrimination charges against DYRS.

14. March 29, 2007, request class action suit be brought against agency for failure to provide exit letters and denial of due process in investigating EEOC complaints filed by employees.

15. May 18, 2007, received Right to Sue Letter, from US EEOC.

## ARGUMENT

The agency has argue since the beginning of this case that the Plaintiff has failed to demonstrate that she has exhausted her administrative remedies by completeting an EEOC investigation and obtaining a Right to Sue Letter. The attachments contained in this notice will show how the Agency failed to act in good faith and provide me an exit letter in a timely manner until they were forced to by my producing proof to counter their false statements that I never filed a complaint with their EEOC office. It also shows the lengths and level the agency undertook, to prevent the Plaintiff from taking a case to the Office of Human Rights. Because of their failure to provide the Plaintiff an Exit Letter, she was forced to seek assistance on the Federal level of EEOC. The Plaintiff will show that DYRS and the Defendants et al, failed to comply not only with DC Government Policy and Procedures but interfered and sabotage the Plaintiff due process, thereby forcing her to seek assistance from the Federal EEOC for relief of employment discrimination. The plaintiff could not exhaust her administrative remedies because DYRS and its agents did everything in their powers to prevent her from obtaining the necessary documents to accomplish that mission.  They provided false information to The Office of Human Rights and failed to provide me an exit letter that was necessary for me to commence an investigation by the Office of Human Rights and pursue any other administrative remedies regarding my wrongful termination and discriminatory employment actions.

In support of the above assertion I have attached the following documents for the court's review:

    A.  Letter to Mayor Williams dated October 18, 2006.

    B.  Certified Mail Return Receipt dated November 14, 2006.

    C.  Letter from Office of Human Rights dated November 15, 2006.

    D.  Letter to Committee on Human Rights dated March 2, 2007.

E.  Exit Letter from Fitzgerald Fant, dated March 8, 2007.

F.  Letter to Office of Human Rights dated March 19, 2007.

G.  Letter from US EEOC, Baltimore Office dated March 26, 2007.

H.  Charge of Discrimination dated March 28, 2007.

I.  Letter to US EEOC, Baltimore Office dated March 29, 2007/

J.  Right to Sue Letter, dated May 18, 2007.


Dated:  **May 28, 2007**

Linda Cruz-Packer
4800 Megan Drive
Clinton, Maryland 20735




### CERTIFICATE PURSUANT TO RULE 5 (e) and 5 (i)


I hereby certify that I sent a copy of this motion to chambers.


Linda Cruz-Packer

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Notice to the Court was mailed regular postage, this 28th day of May, 2007 to:

Andrew T. Wise
MILLER & CHEVALIER CHTD
655 Fifteenth St., N.W.
Suite 900
Washington, D.C. 20005-5701

Leticia L. Valdes, Esq.
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001

Linda Cruz-Packer

5

*Monika Wilson-Greene, Ph.D.*
*17007 Village Drive, West*
*Upper Marlboro, Maryland 20772*
*301-574-1434 / 202-5802618*
*wmoney1709@aol.com*

*Joyce L. Freemen*
*4712 3rd Place, N.W.*
*Washington, DC 20011*
*301-509-5065*
*manfreej@aol.com*

*Janice Ruffin*
*7710 Klovstad Drive*
*Fort Washington, Maryland 20744*

*Linda Cruz-Packer*
*4800 Megan Drive*
*Clinton, Maryland 20735*
*240-602-4579*
*dvop55@msn.com*

*Henry Davis*

*Augustine Onyenemen, Ph.D.*

Brenda Hunter

Nancy Joyner

Wand Bell, MSW

The Honorable Mayor Anthony Williams
Mayor, District of Columbia
441 4th Street, N.W.
Washington, DC 20001


October 19, 2006


Dear Mayor Williams:

We are Management Supervisory Service (MSS) employees of the Department of Youth Rehabilitation Services (DYRS), at the Oak Hill Youth Center (OHYC), who were given notice of termination on October 19, 2006 effective for November 3, 2006. We have all demonstrated our commitment to the new direction in which the DYRS is moving through our dedication and motivation toward the rehabilitation of the youth in our care. As MSS employees we are aware that we can be terminated at any time and without cause. However, the termination of our employment at OHYC did not conform to the Departmental Personnel Manual (DPM), as a result of the following:

*EXhibit A   page 1 of 3*

- The Deputy Superintendent of Treatment, Dexter Dunbar was not qualified for the position.

- Employees within DYRS who were more qualified, and residents of the District of Columbia (DC), were passed over for a lesser qualified person, Dexter Dunbar

- A majority of the employees who were terminated were DS-11, and not subject to MSS designation.

- DYRS has failed to provide the appropriate staff to ensure compliance with the proper management of the respective units.

- DYRS has failed to provide the above referenced employees wit a performance plan.

- All of the employees terminated are over forty (40) years of age.

- Twelve (12) of the fifteen (15) employees terminated are females.

- At least one employee was terminated for filing charges against a resident who assaulted her, a violation of DYRS unofficial policy of precluding employees from filing charges against residents who assault staff at DYRS.

- That DYRS has failed to provide reasonable accommodation to DYRS staff who have disabilities as a result of on or off the job injuries.

- That DYRS has failed to comply with the appropriate DPM and personnel rules governing DYRS.

- That DYRS has failed to implement any procedures and policies to assist in the rehabilitation of the residents, as evident by the high death rate of residents who have been released into the community.

- That DYRS has discriminated against at least one employee on the basis of his national origin (Nigeria) who is a resident of the DC and more qualified than Dexter Dunbar, Deputy Superintendent of Treatment.

- That DYRS has condoned sexual harassment by the Superintendent of OHYC, LaVern Evans, and other staff presently employed by the agency.

- That the consultants and the contractors employed by DYRS are actually managing the Department in violation of the DC policy.

- That the above referenced employees have been retaliated against as a result of bringing to the attention of the management the deficiencies of DYRS and its treatment of residents in their custody.

- That DYRS has violated the DPM in hiring, employing, and promotion of its employees.

- That DYRS has been subjective in its discipline of employees who have abused residents at DYRS.

EXhibit A
page 2 of 3

· That DYRS has failed to discipline employees who have physically assaulted residents.

Therefore, we are requesting to be re-instated to our position of record or an alternative position within DYRS comparable in grade and salary for which we are qualified, or an alternative position within the District government, comparable in grade and salary for which we are qualified.

On the basis of the above, we the undersigned, hereby request a complete and full investigation of the actions of the Director and management of DYRS.

Thank you in advance for your time and cooperation in this matter.

Respectfully,

_____

_____

_____

_____

_____

_____

cc:   Brenda Donaldson-Walker, Deputy Mayor

L. Cropp, Chair
C. Schawrtz
D. Cantania
P. Mendelson
K. Brown
J. Graham
K. Patterson
V. Orange
S. Ambrose
M. Barry

*Exhibit A*
*Page 3 of 3*

complaint 

ATTACHMENT B



Judiciary Square Office
441 4th Street, NW. Suite 570N
Washington, DC 20001
Phone: (202) 727-4559  Fax. (202) 727-9589

Penn Branch Office
3220 Pennsylvania Avenue SE, 1st Fl.
Washington, DC 20020
Phone: (202) 727-4559  Fax. (202) 645-6390

November 15, 2006

Linda Cruz-Packer
4800 Megan Drive
Clinton, MD 20735

Dear Ms. Cruz-Packer:

This letter is in response to your letter dated October 25, 2006 to the Office of Inspector General, discrimination and retaliation in your workplace.

The Office of Human rights (OHR) seeks to eliminate discrimination, increase equal opportunity and protect human rights in the District of Columbia.  To accomplish its mission, the Office enforces the D.C. Human Rights Act of 1977 (HRA) and other laws and policies on non-discrimination.  As you may know, the D.C. Human Rights Act of 1977, as amended, prohibits any person in the District of Columbia from denying another person the full and equal enjoyment of goods and services at any place of employment, housing, public accommodation or educational institution.

If you would like to file a complaint, please contact our office at (202) 727-4559 to schedule an Intake Interview appointment.  District of Columbia employees have a hundred-eighty (180) days from the date of the alleged violation to file complaints of discrimination and you must file an administrative complaint with your Agency EEO Counselor prior to filing with the OHR.  After you file with your EEO Counselor, you must submit to the OHR an Exit Letter from the EEO Counselor prior to filing your complaint with the OHR.  If you are alleging sexual harassment, you have one year from the date of the violation and you may file directly with this Office without seeking redress from your Agency EEO counselor first.

If you have any question, you may reach me at (202) 727-4559.

Sincerely,

Alease B. Parson
Supervisory Equal Opportunity Specialist

Exhibit C

**DISTRICT OF COLUMBIA COUNCIL**
**COMMITTEE ON HUMAN SERVICES**
**March 2, 2007**
**Honorable Tommy Wells, Chairperson**

## Re: Department of Youth & Rehabilitation Services

1.My name is Linda Cruz-Packer, and I am a former Supervisor at Oak Hill Youth Center. I have a Bachelors Degree in Criminal Law and Public Service and a Masters Degree in Criminal Justice. Prior to coming to work at Oak Hill, I was a GS-14 Special Agent, Criminal Investigator with Homeland Security. I, along with nine other MSS employees, was dismissed without cause on November 3, 2006. However, given the fact that we were allegedly Riffed, it was interesting that our jobs appeared on the District Government's website the next day. Since that time I have filed a formal EEOC complaint and law suit against the Agency for Unlawful Employment Discrimination Practices on the Basis of Sex (Female) Sexual Harassment, Age, and Retaliation.

2. I am here today to inform you of management's failure to properly ensure the constitutional rights of DYRS youth to reasonable safety, adequate medical and mental health care, rehabilitative treatment and education. There have been several cases that have involved allegations of staff abusing juveniles. The most severe case involved staff Correctional Officer Belton, who happens to be related to the former Superintendent Evans, being substantiate for abusing a youth by striking him in the head area with a weapon, to wit heavy duty jail keys and he only received 14 days suspension, but kept his

EXhibit D

job, while others who were accused of lesser offenses involving abusing youths without a weapon, lost their jobs or have pending cases that may subject them to dismissal actions. Cronyism and favoritism run ramped at Oak Hill and YSC. Example if management likes you, you can jump several grades, contrary to the DPM. There have been instances where a grade six was promoted to a grade 11.  CO Belton has also been allowed to sit in on management meetings and report alledged wrong doings of fellow Correction Officers.

3.There have been several incidents that involved preventable youth-on-youth violence and excessive use of restraints and isolation.  However, Management/DYRS has either hidden these incidents or failed to report these to the court monitor or upper management outside Oak Hill. Just as newsworthy have been the increase of youth on staff assaults, and the lack of involvement with reporting it to the police or subjecting the youths to consequences for their actions.

4.Along those same lines when investigations take place relating to CO wrong doing or they are place on Admin leave pending their respective case resolutions Co are out for extreme lengths of time. There is a case right now where a CO has been out since April of 2006 for allegedly bringing a gun on campus. Since they don't have a policy against it and can't fire this CO they simply are allowing him to sit home and gather a pay check for almost a year. There are several other cases similar when CO are out 9 months or more with no actions being taken by the Agency,

2

5. There has not been enough of a priority of ensuring adequate access to mental health treatment for the residents and little attention has been focused on the special needs of DYRS' very young juveniles, juveniles with special medical problems or drug and alcohol problems, and on the myriad of problems created by over crowding in juvenile facilities such as Oak Hill and YSC.

6. There are no funds being spent on the rehabilitation of our youth at DYRS and its related institutions in the Community. This is evidenced by the number of our youth who have been killed and or injured and are continuing to be killed on the streets of the Washington Metropolitan Area. Since Mr. Vincent Shiraldi has become Director, there have been more than seventy (70) former DYRS residents killed once released back into the community.

7. This is also evidenced by the high recidivism rate of our youth who are committed and detained at DYRS and its facilities that there are no adequate treatment programs teaching the residents anything of substance to prevent their returning to Oak Hill.

8. The excessive amount of overtime is directly related to the failure of the administration to adequately compensate its employees at all levels, and treat its employees in a professional manner. Most CO's are currently only Grade 6 with many years of service, but have remained quiet about lack of promotions due to the abundance of overtime.

9. The failure to adequately compensate its employees and officers results in a high

3

turnover rate of employees at DYRS.

10. The high turn overrate of its employees is directly related to the excessive amount of overtime being spent by DYRS. A continuous exodus of employees directly impacts upon the rehabilitation of the youth and a constant interruption in the development of positive relationships between staff and resident.

-An unusually high turnover rate of staff creates an environment where the absence of veteran, educated and well trained professional staff results in the abuse and assaults on staff by residents.

11. The number of assaults on staff further reduces the number of available employees to staff the facilities at the appropriate level, thereby increasing the amount of overtime being spent by DYRS and also increases staff's risk of being injured on the job.

12.The lack of adequately compensated and skilled staff results in a workforce that is susceptible to error and abuse of residents due to the failure of the administration to address the issue of abuse and assaults on staff by the residents at the facilities.

13.The policy of prohibiting staff from calling the police if they are assaulted by residents at the facilities further contributes to an environment where there is mistrust between residents and staff.  This policy results in staff being denied the right to redress when they are seriously injured by the residents at the facilities. Just recently a female staff from the Genesis Unit was brutally assaulted in the head area by being struck with a telephone and

she received several stitches.

14-Staff members who are denied their right to redress when assaulted by the residents are required to choose to either take the appropriate action or have their employment terminated, pursuant to the unwritten policy of the DYRS of prohibiting employees from filing charges when they are assaulted by the youth at the facilities. In January of this year, as a result of a former MSS employee making this an issue in her lawsuit, Mr. Shiraldi issued a memorandum that would allow staff to call the police once assaulted.

15.I attempted to carry out the goals and mission of the agency without proper support, training and supervision of the Oak Hill Administrators. I was bounced around to five different management positions during my brief seven month tenure. Programs were withheld or stagnated by Administrators at Oak Hill. More importantly, as a new employee and being a new manager, I received no training in the Missouri Concept (The New Perceived Model Program the Agency was implementing) Subsequently I complained to the Superintendent, and wrote an honest, but poorly received overview of the Genesis, (Particularly by Dexter Dunbar and Pili Robinson who were hired specifically out of Missouri to oversee this new program). (See attached overview). This overview, ultimately led to my wrongful termination.

I respectfully request that your Committee investigate the mismanagement, fraud and abuse currently going on at Oak Hill and appear to be sanctioned by Director Shrialdi and his management team.

Respectfully submitted,

Linda Cruz-Packer

240 602-4579 (cell)

301 234-0097 (home)

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Department of Youth Rehabilitation Services**



**Office of Human Resources**

March 8, 2007

**CERTIFIED MAIL**

Linda Y. Cruz-Packer
4800 Megan Drive
Clinton, MD  20735

Dear Ms. Cruz-Packer:

This exit letter is in response to the matter you presented to me as an EEO Counselor. The Department of Youth Rehabilitation Services (DYRS) has taken final administrative action on your compliant. You alleged that you were discriminated against on the basis of your race, color, age, sex and retaliation for cooperating in an internal investigation.

This is to inform you that if your complaint has not been resolved to your satisfaction, you are now entitled to file an individual or class-based discrimination compliant based on race, color, religion, national origin, sex, age, martial status, personal appearance, sexual orientation, gender identity or expression, family responsibilities, physical or mental disability, genetic information, matriculation, political affiliation, family and medical leave act and/or reprisal. If you file a complaint, you may file a formal compliant with the District of Columbia Office of Human Rights (OHR) within **FIFTEEN (15)** calendar days of your receipt of this letter.

**D.C. Office of Human Rights**
**441 4th Street, N.W.**
**Suite 570 North**
**Washington, DC  20001**
**Phone (202) 727-4559**
**www.ohr.dc.gov**

A complaint shall be deemed timely if it is received or postmarked before the expiration of the 15-day filing period, or, in the absence of a legible postmark, if it is received by mail within five days of the expiration of the filing period. If the complaint is not filed within the 15 calendar days, the complaint shall be dismissed by OHR as untimely. The complaint must be specific and contain only those issues either specifically discussed with me or issues that are like or related to issues that you discussed with me or raised in the US EEOC Intake questionnaire you submitted, dated November 13, 2006.

If you retain an attorney or any other person to represent you, you or your representative must immediately notify the D.C. Office of Human Rights, in writing. You are also required to provide change of address and/or telephone information. You and/or your representative will receive a written acknowledgment of your discrimination compliant from the appropriate OHR agency official.

Sincerely,

Fitzgerald Fant
Human Resources Manager/EEO Officer – DYRS

cc:  D.C. Office of Human Rights

Exhibit E

8300 Riverton Court, Laurel, MD  20724 • Telephone (240) 456-5000 • Fax (240) 456-5060

Linda Cruz-Packer
4800 Megan Drive
Clinton, MD 20735
301 234-0097 (h)
240 602-4579 ( c )

March 19, 2007

Alease B. Parson
Office of Human Rights
441 4th St. N.W., Suite 570 N
Washington, DC 20001

Re:  Complaint
        Against DYRS

**Dear Ms. Alease B. Parson:**

I filed a discrimination and retaliation complaint along with reporting numerous other wrongful
acts against the Department of Youth and Rehabilitation Services (DYRS) on October 25, 2006,
to the Office of Inspector General.. A short time later I filed a complaint with Fitzgerald Fant,
EEO Counselor/Human Resource Manager on November 14, 2006. Subsequently after DYRS
failed to conduct an investigation and failed to supply me with an exit letter, I filed a formal
complaint with U.S. Equal Employment Opportunity Commission. (EEOC), on November 30,
2006.

In November 17, 2006, after receiving a letter from you I attempted to file a complaint against the
Agency. However, I was informed by your office that I could not file a complaint with your office
without an exit letter. (see attachment A)

Subsequently, (EEOC) asked me why I had not contact your office (Office of Human Rights). I
contacted your office in November 2006, when DYRS refused to provide me an exit letter after I
contacted Melinda LNU (Human Resource Manager DYRS) and she informed me only Fitgerald
Fant, could issue an exit letter. Once again in December 2006, I attempted to contact Fant and
secure and exit letter. I was told he was on vacation and whenever he returns he would address
my request. However he never sent me an exit letter.

Later in January and again in February 2007, I contacted your office to request assistance in
getting an exit letter from DYRS. In February I spoke with you and you advised me the Agency
had denied or had no knowledge that I filed a complaint of discrimination in November of 2006.
Therefore, you requested that I fax and provide a copy of the complaint that I filed against the
Agency. Instead of Faxing proof, I came down in person around February 26, 2007, and provided
a U.S. Postal Certified Return Receipts and copy of the complaint file on November 14, 2006,
substantiating that I had filed an EEO complaint against the Agency. (See attachment B)

On March 9, 2007, surprisingly, I received an exit letter dated March 8, 2007, from Fitzgerald
Fant, indicating that he had indeed received a complaint from me in November, and contrary to

Exhibit F
page 1 of 2

Complaint against Department of Youth and Rehabilitation Services
Submitted by Linda Cruz-Packer
March 19, 2007
specific guidelines he had failed to provide me an exit letter until some 130 days later. (See attachment C)

Contrary to the information provided in the Agencies exit letter, there was no final administrative action taken by the Agency that I am aware of. For the record the Agency never contacted or spoke with me regarding any of this matter.

Additionally, I testified before the DC Council Committee on Human Services, Chaired by Council Member Tommy Wells, about numerous discriminatory practices occurring at DYRS on March 2, 2006. (Refer to www.dccouncil.us March 2, 2007 testimony) Mr. Wells asked me why I hadn't reported these discriminatory actions to your office. I went into a very detailed reason that

DYRS thinks they are above the law, and doesn't comply with DC Government policy and procedures. I am quite sure that I am not he first DYRS employee who has reported that they had difficult securing an exit letter. Even when they gain an exit letter, your office will have great difficulty receiving a response to your inquiries.

Respectfully submitted

*Linda Cruz-Packer*

Linda Cruz-Packer
4800 Megan Drive
Clinton, Maryland 20735
(240) -602-4579

2

Exhibit F
page 2 of 2



**U.S. Equal Employment Opportunity Commission**
**Baltimore Field Office**

10 South Howard Street
3rd Floor
Baltimore, MD 21201
(410) 209-3932
TDD. 1-800-669-6820
FAX (410) 962-4270
1-800-669-4000

Respondent: DEPART. OF YOUTH & REHAB SRVCS.
EEOC Charge No.: 570-2007-00553
FEPA Charge No.:

March 26, 2007

Linda Y. Cruz-Parker
4800 Megan Dr,
Clinton, MD 20735

Dear Ms. Cruz-Parker:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

[ X ]   Title VII of the Civil Rights Act of 1964 (Title VII)

[ X ]   The Age Discrimination in Employment Act (ADEA)

[ ]     The Americans with Disabilities Act (ADA)

[ X ]   The Equal Pay Act (EPA)

You need to date and sign the forms and return to the address above. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

☐       Please be aware that we will send a copy of the charge to the agency listed below as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.

Please notify this office of any change in address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge.

Sincerely,

*Loretta G. Miller*

Loretta G. Miller
Investigator
(410) 209-2215

Office Hours: Monday – Friday, 8:30 a.m. - 5:00 p.m.
www.eeoc.gov

Enclosure(s)

*mailed*
*march 29th*

*Exhibit 6*

EEOC Form 5 (501)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | 570-2007-00553 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Linda Y. Cruz-Parker** | **(301) 234-0097** | **05-20-1951** |

Street Address | City, State and ZIP Code

**4800 Megan Dr., Clinton, MD 20735**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **DEPART. OF YOUTH & REHAB. SRVCS.** | 201 - 500 | (240) 456-5100 |

Street Address | City, State and ZIP Code

**8300 Riverton Ct., Laurel, MD 27047**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address | City, State and ZIP Code

---

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☒ AGE   ☐ DISABILITY   ☒ OTHER (Specify below.)
**Equal Pay**

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **04-06-2006**   Latest: **12-03-2006**

☐ CONTINUING ACTION

---

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. In April 2006, and continuing until November 3, 2006, I was denied equal wages compared to male counterparts for performing the same job duties and responsibilities at the same establishment. On October 19, 2006, this employer gave me a termination notice effective November 3, 2006. I was discharged on December 3, 2006, which I believe to be in retaliation for my participation in an in-house sexual harassment complaint against the superintendent and other Oak Hill managers. I began my employment with this agency on April 3, 2006. I am presently 55 years of age and nine (9) other similarly situated employees (over age 40) were also dismissed on the same date. This employer has the requisite number of employees.

II. On October 19, 2006, this employer gave me a termination notice effective November 3, 2006, however, I was discharged on December 3, 2006.

III. I believe that I have been discriminated and retaliated against in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, with respect to discharge, and the Equal Pay Act of 1963 with respect to my gender, female (wages) and the Age Discrimination in Employment Act of 1967.

IV. I believe older workers as a class (ages 40+) were discriminated against and discharged in violation of the Age Discrimination in Employment Act of 1967.

---

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 3/28/07        *Linda Cru Parker* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

*Exhibit H*

March 29, 2007

Linda Cruz-Packer
4800 Megan Drive
Clinton, MD 20735

Ms. Loretta G. Miller
US EEOC
Baltimore Field Office
10 South Howard Street
Baltimore, MD 21201

Re: **Department of Youth &
Rehabilitation Services (DYRS)**

Dear Ms. Miller:

Please find enclosed charge number 570-2007-00553 as forwarded to me by your office. Also please note attached letter from DYRS EEOC complaint Officer Fitgerald Fant, acknowledging receipt of my complaint in November of 2006, and if you notice he did not acknowledge receipt until March 9, 2007, after he was forced to do so as a result of me testifying before DC Council Oversight Committee chaired by Council Member Tommy Wells on March 2, 2007. At this meeting I along with several other DYRS employees alleged wrong doings on the part of DYRS.

My primary concerned is the neglect or outright refusal of the agency to provide exit letters or conduct investigations pertaining to EEOC complaints filed by DYRS employees. As I testified to at the hearing by DYRS not providing exit letters, we as employees are denied access to Department of Human Rights which investigates EEOC violations, and they violate the law by denying us due process.

I am requesting that your office consider filing a class action suit against DYRS and joined the complaints of the following DYRS employees who have open and ongoing EEOC complaints against DYRS and have filed complaints with your office. They are as follows:

- Lydia McDaniel
- Monica Wilson-Green
- Zenia Hunter
- Henry Davis
- Janice Ruffin
- Mark Bryant
- Roger Bell
- Hubert Matthews
- Kim Waters Bell
- Deborah Williams
- Veronica Joyner

Thank you in advance for assistance with this matter.

Linda Cruz-Packer
301 234-0097

Exhibit I

EEOC Form 161-B (10/96)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Ms. Linda Y. Cruz-Packer<br>4800 Megan Drive<br>Clinton, Maryland 20735 | From: | U.S. Equal Employment Opportunity<br>Commission<br>Baltimore Field Office<br>10 S. Howard Street, 3rd Fl.<br>Baltimore, Maryland 21201 |

*On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. & Respondent's Name | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 570-2007-00553 Dept. of Youth & Rehab Services | Loretta Miller, Investigator | (410) 209-2215 |

*(See also the additional information attached to this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[  ]  More than 180 days have passed since the filing of this charge.

[  ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]  The EEOC is terminating its processing of this charge.

[  ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[  ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[  ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Gerald S. Kiel*

Gerald S. Kiel, Field Director

5/18/07

*(Date Mailed)*

Enclosure(s)

cc:   Mr. Vincent Schiraldi
      Director, Dept. of Youth Rehab Services
      1000 Mt. Olivet Road
      Washington, D.C. 20002

*Exhibit J*