**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
LINDA CRUZ-PACKER,            )
                              )
        Plaintiff,            )
                              )
        v.                    )      Civil Action No. 06-2263 (RWR)
                              )
DISTRICT OF COLUMBIA et al.,  )
                              )
        Defendants.           )
_____)
```

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pro se plaintiff Linda Cruz-Packer, a former employee of the District of Columbia's ("District's") Department of Youth Rehabilitation Services ("DYRS"), has sued the District and eight individual defendants, alleging common-law defamation and various instances of employment discrimination on the basis of age, sex, and retaliation in violation of federal and state statutes. The individual defendants have moved to dismiss under Rule 12(b)(6) for failure to state a claim as to some or all of the claims. All defendants have moved under Federal Rule of Civil Procedure 12(b)(5) to dismiss for failure to effect proper service of process. They also argue that her employment discrimination claims are barred because she failed to exhaust her administrative remedies. Cruz-Packer has opposed the District's motion. Because she has failed to state a claim against the individual defendants with respect to some claims, the motions to dismiss claims will be denied in part and granted

-2-

in part.  Because Cruz-Packer did not effect proper service on
the individual defendants, the individual defendants will be
dismissed from the case for lack of personal jurisdiction.
Service on the District was also not effective, but because Cruz-
Packer appears to have complied with the requirements for
properly serving the District but the District unjustifiably
thwarted her efforts, the District's Rule 12(b)(5) motion will be
denied without prejudice and Cruz-Packer will be allowed time to
cure.  Because she has cured her failure to exhaust her mandatory
administrative remedies, the motion to dismiss for failure to
exhaust will be denied.

<u>BACKGROUND</u>

Cruz-Packer, a former employee at DYRS' Oak Hill Youth
Center, first complained of discriminatory treatment to the
District's Office of the Inspector General in late October 2006.
She then complained of her treatment to the DYRS Human Resources'
Office of Equal Employment ("OEE") on or about November 13, 2006.
She filed a civil action in the Superior Court for the District
of Columbia on November 21, 2006 and subsequently filed
administrative charges with the Equal Employment Opportunity
Commission ("EEOC") on November 30, 2006.  (<u>See</u> Opp'n, Jan. 31,
2007, Ex. 9.)  The District removed the Superior Court action to
this court.

-3-

After removal, Cruz-Packer amended her complaint to allege discrimination on the basis of sex and retaliation for protected activities in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"), unfair pay in violation of the Equal Pay Act, 29 U.S.C. §§ 206(d), and -- for each of these alleged violations of a federal statute -- a parallel violation under the District's Human Rights Act, D.C. Code §§ 2-1402 et seq. ("DCHRA"). In addition, she alleges a denial of family leave in violation of the federal Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA"), and common law defamation for statements made by District officials regarding the termination of her employment. The District and seven of the individual defendants filed a motion to dismiss the amended complaint, arguing that service of process was ineffective, that required administrative remedies for Title VII and the ADEA had not been exhausted, and that the individual defendants could not, as a matter of law, be liable under Title VII, the ADEA, the FMLA, and the DCHRA. The eighth individual defendant, Pili Robinson, filed a separate motion to dismiss the amended complaint on the grounds that service of process was ineffective, that he could not be liable under Title VII, and that the complaint failed to allege any conduct by

-4-

Robinson capable of stating a claim upon which relief could be granted.

Within days after the motions to dismiss were filed, the DYRS OEE issued an exit letter dated March 8, 2007, officially terminating that agency's administrative process.  (See Pl.'s Notice to Court ("Notice"), Ex. E.)  Subsequently, at Cruz-Packer's request, the EEOC issued a right to sue notice on May 18, 2007.  (See id., Ex. J.)

## DISCUSSION

I.   FAILURE TO STATE A CLAIM

The individual defendants argue that the amended complaint fails to state a claim as to each of them because they are not her employers and cannot be held liable for the claims she asserts.  Title VII does not impose liability on individuals in their personal capacity.  "[W]hile a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII."  Gary v. Long, 59 F.3d 1391, 1399 (D.C. Cir. 1995).  Similarly, "[t]he ADEA does not provide for liability against individual defendants in their personal capacities."  Gill v. Mayor of Dist. of Columbia, Civil Action No. 07-64 (EGS), 2007 WL 1549100, at *3 (May 25, 2007) (citing Murphy v. PriceWaterhouseCoopers, LLP, 357 F. Supp. 230, 244 (D.D.C. 2004)).  And, "'because an official

-5-

capacity suit against an individual is the functional equivalent of a suit against the employer," plaintiff's claims against the [individuals in their official capacities] under the ADEA are "redundant and an inefficient use of judicial resources.'" <u>Id.</u> (quoting <u>Cooke-Seals v. Dist. of Columbia</u>, 973 F. Supp. 184, 187 (D.D.C. 1997)); <u>see also</u> <u>Henderson v. Williams</u>, Civil Action No. 05-1966 (RWR), 2007 WL 778937, at *1 n.1 (D.D.C. Mar. 12, 2007) ("'When sued in their official capacities, government officials are not personally liable for damages.'") (quoting <u>Atchinson v. Dist. of Columbia</u>, 73 F.3d 418, 424 (D.C. Cir. 1996)) (alterations omitted).  Accordingly, the Title VII and ADEA claims against the individual defendants will be dismissed.

The FMLA, the Equal Pay Act, and the DCHRA all provide for employer liability.  In each statute, however, "employer" is defined to include a person acting directly or indirectly in the interest of the employer in relation to the employee.  <u>See</u> 29 U.S.C. § 2611(4)(A)(ii) (defining employer for purposes of FMLA liability); 29 U.S.C. § 203 (defining employer for purposes of Equal Pay Act liability); D.C. Code § 2-1401.02 (defining employer for purposes of liability under the DCHRA).  Whether any of the individual defendants was Cruz-Packer's employer as that term is interpreted with respect to each of the statutes would have to be determined on the basis of facts not in evidence at

-6-

this point.  Accordingly, the defendants' motion to dismiss the

FMLA, Equal Pay Act and DCHRA claims is premature.[1]

There is no suggestion, though, that a defendant cannot be

liable in his personal capacity for common law defamation.

Defendant Robinson has argued that the amended complaint offers

no facts to link him to the defamation claim, and that this claim

_____

[1]  The amended complaint should, but does not, make clear
whether the individual defendants are sued only in their official
capacity or whether they are sued also in their personal
capacity.  No assumption is made here to resolve that ambiguity.
However, even if any of the individual defendants was Cruz-
Packer's employer for purposes of liability under the FMLA or the
Equal Pay Act, it has yet to be established in this jurisdiction
whether such liability extends only to one's official capacity or
beyond.  Such a determination would be one of first impression in
this circuit, and the law on FMLA personal capacity liability in
other circuits is unsettled.  See F.O.P. Barkley Lodge #60 v.
Fletcher, Civil Action No. 07-11-R, 2008 WL 490590, at *2 (W.D.
Ky. Feb. 20, 2008) (concluding that personal liability may be
imposed under the FMLA, and noting that the circuits are split on
the question, that most district courts have concluded that the
statute imposes personal liability, and that the Eleventh
Amendment complicates the issue for public agency employers);
Mitchell v. Chapman, 343 F.3d 811, 825-32 (6th Cir. 2003)
(discussing the split and concluding that personal liability may
not be imposed under the FMLA); Wascura v. Carver, 169 F.3d 683,
686 (11th Cir. 1999) (concluding that personal liability may not
be imposed under the FMLA); Danio v. Emerson Coll., 963 F. Supp.
61 (D. Mass. 1997) (concluding that individual liability exists
under the Equal Pay Act); Bergstrom v. Univ. of N.H., 943 F.
Supp. 130, 136 (D.N.H. 1996) (refusing to rule out individual
liability under the Equal Pay Act).  Personal capacity liability
under the DCHRA, however, may be imposed, at least in some
circumstances.  Purcell v. Thomas, 928 A.2d 699, 715 (D.C. 2007)
(concluding that the "text and purpose of the DCHRA" and case
precedent do not "preclude a claim against individual and
supervisory employees involved in committing the allegedly
discriminatory conduct") (citing Wallace v. Skadden Arps, Slate,
Meagher & Flom, 715 A.2d 873 (D.C. 1998); Mitchell v. Nat'l R.R.
Passenger Corp., 407 F. Supp. 2d 213, 241 (D.D.C. 2005); and
Macintosh v. Bldg. Owners & Mgrs.' Ass'n, 355 F. Supp. 2d 223
(D.D.C. 2005)).  These questions need not be decided here.

-7-

against him should be dismissed.  Cruz-Packer has not rebutted

his argument with either facts or argument.  Therefore, the

defamation claim against defendant Robinson will be dismissed.[2]

## II.  INEFFECTIVE SERVICE OF PROCESS

A motion under Rule 12(b)(5) to dismiss for failure to

effect service of process may be granted when a plaintiff fails

to "demonstrate that the procedure employed satisfied the

requirements of Rule 4 and any other applicable provision of

law."  Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987).

### A.  Service on individual defendants

Cruz-Packer has submitted proofs of service that establish

that she attempted to serve the individual defendants by sending

the required papers by certified mail, return receipt requested,

to each individual's business address.  Each mailing was

delivered within 2 weeks after the action was filed, but the

receipts were returned signed by persons other than the

individual defendants to be served.  Cruz-Packer argues that this

manner of service satisfies the provisions of Federal Rule of

Civil Procedure 4(e) and D.C. Superior Court Civil Rules ("D.C.

Civ. R.") 4(c)(3) and 4(e)(2), and that the persons signing for

---

[2]    The remaining defendants make a different argument for
dismissing Cruz-Packer's common law defamation claim.  They
assert that supplemental jurisdiction over the claim does not
exist since the federal claims are insubstantial.  This argument
is purely conclusory and wholly unsubstantiated factually.  Since
these defendants have demonstrated no basis for dismissing all of
Cruz-Packer's federal claims on their merits, the defamation
claim will not be dismissed on this motion, either.

-8-

the mail were authorized to do so.  All of the individual
defendants except Robinson have submitted sworn affidavits that
they did not authorize anyone to accept service of process on
their behalf.

Federal Rule 4 provides that an individual in the United
States may be served "following state law for serving a summons
in an action brought . . . in the state where the district court
is located or where service is made . . . ."  Fed. R. Civ.
P. 4(e)(1).[3]  One of the ways in which service upon an individual
may be effected in the District is "by mailing a copy of the
summons, complaint, and initial order to the person to be served
by registered or certified mail, return receipt requested."  D.C.
Civ. R. 4(c)(3).

Here, Cruz-Packer mailed the required papers to each
individual defendant's business address, but she has not
presented any evidence that the papers were delivered to any of
the individual defendants.  Nor has she shown that the people who
signed for the mailings were authorized to receive service of
process, as distinct from authorized to receive mail.  Cruz-
Packer had 120 days within which to achieve proper service of
process, Fed. R. Civ. P. 4(m), and the receipts she received
bearing the wrong signatures were signed barely two weeks after

---

[3]  Federal Rule 4 was amended in 2007 but only to make
stylistic, not substantive, changes.  See Fed. R. Civ. P. 4,
advisory committee's note on 2007 amendment.

-9-

she filed the action.  However, she has made no showing as to why she did not act diligently within the remainder of her 120-day period to properly serve the individual defendants and secure proper proof of service bearing the right individual signatures.

Cruz-Packer, who bears the burden of proof of service, has not established that she has effected service on any of the individual defendants or that she is entitled to more time to do so.  Wilson-Green v. Dep't of Youth Rehab. Svcs., Civil Action No. 06-2262 (RJL), 2007 WL 2007557, at *2 (D.D.C. July 7, 2007) (concluding that service was not effective under federal or District law where the required papers were sent to the individual defendant's business address by certified mail and the requested return receipt was signed by someone other than the person to be served).  Accordingly, the court lacks personal jurisdiction over the individual defendants and they will be dimissed without prejudice.

B.    Service on the District

A local or state government may be served process in "the manner prescribed by the law of that state."  Fed. R. Civ. P. 4(j)(2).  District law provides that a plaintiff may serve process on the District by mailing -- either by registered or certified mail with return receipt requested -- a copy of the summons, complaint, and initial order to both the Mayor and the District's Attorney General.  See D.C. Civ. R. 4(c)(3) & (j).  If

-10-

the return receipt is not signed by the intended defendant, an affidavit accompanying the return receipt must include facts which would allow the court to determine that the signatory meets the qualifications for receipt of process, a requirement which can be met through a showing that the signatory is an agent authorized by appointment to receive service of process.  D.C. Civ. R. 4(e)(2) & (l)(2).

Cruz-Packer sent the required papers by certified mail with a return receipt requested to Tabatha Braxton and Darlene Fields. The receipts were returned, however, signed by persons other than those to whom the mail was addressed.  (See Opp'n, Jan. 31, 2007, Ex. 1 at 14, 23.)  Under District of Columbia law, service by certified mail is proper only if the return receipt is actually signed by the individual designated to receive service of process.  D.C. Civ. R. 4(l)(2); Eldridge v. Dist. of Columbia, 866 A.2d 786, 787-88 (D.C. 2004); Larry M. Rosen & Assoc., Inc. v. Hurwitz, 465 A.2d 1114, 1117 (D.C. 1983) (service invalid when receptionist authorized to receive mail, but not service of process, signed return receipts); see also Morfessis v. Marvins Credit, 77 A.2d 178, 179-80 (D.C. 1950) (same).  Cruz-Packer has not affirmatively shown that either of the persons signing the receipts were agents authorized to receive service of process for either the Mayor or the Attorney General.  Thus, Cruz-Packer has

-11-

not shown that service upon the District conformed to the requirements of Rule 4.  Fed. R. Civ. P. 4.

However, "pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings."  Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993); see generally, Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers").  The accommodation a court should provide a pro se litigant is not without limits.  See Moore, 994 F.2d at 876 (stating that information supplied by a district court to the pro se litigant need not rise to the level of "detailed guidance"); Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987) (explaining that assistance provided a pro se litigant by a district court "does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure").  Nonetheless, district courts should supply pro se litigants with at least "minimal notice of the consequences of not complying with procedural rules."  Moore, 994 F.2d at 876.

In accordance with these principles, pro se litigants have been afforded the opportunity to perfect otherwise defective service in a variety of circumstances.  See Moore, 994 F.2d at 876-77 (finding good cause to extend time for proper service when two attempts were made to serve defendants who had notice of

-12-

suit, and government response to complaint was delayed) (listing cases); Hilska v. Jones, 217 F.R.D. 16, 22 (D.D.C. 2003) (allowing opportunity to perfect service in spite of plaintiff's failure to provide return receipts or accompanying affidavits, or to address service issues in responding to motion to dismiss); Thompson v. Jasas Corp., 212 F. Supp. 2d 21, 29 (D.D.C. 2002) (finding that good faith efforts by plaintiff to serve defendants were sufficient to constitute good cause for extension of time to perfect service); Jarrell, 656 F. Supp. at 239 (deciding that dismissal for lack of proper service was not warranted where defendants had notice of suit and responded with a motion to dismiss).

Here, the District argues that service was ineffective, but does not dispute that Braxton and Fields were authorized agents. Braxton and Fields have been identified elsewhere as agents authorized to receive service of process on behalf of the District's Mayor and the Attorney General, respectively. See Tafler v. Dist. of Columbia, Civil Action No. 05-1653 (PLF), 2006 WL 3254491, at *6 n.2 (D.D.C. Nov. 8, 2006) (identifying Braxton and Fields as authorized agents). It appears that Cruz-Packer complied with the requirements of the District's rule for service by certified mail, but the District without justification did not honor the express request to deliver the mail to the specified addressees whom the District knew to be authorized agents for

-13-

accepting service of process.  These circumstances -- where a pro se plaintiff appears to have observed the requirements of the rule and a defendant appears to have unjustifiably thwarted service of process but has shown no prejudice -- warrant allowing Cruz-Packer additional time to cure the defect in her service.[4] Accordingly, the motion to dismiss the District for ineffective service of process will be denied without prejudice and the time to perfect service of process on the District will be extended for 30 days from the date of this Order.

III. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

A defendant may raise as an affirmative defense, and seek summary judgment on the basis of, a plaintiff's failure to exhaust mandatory administrative remedies.[5]  "[Where] untimely

---

[4]    The court trusts that the defendant District will take steps to assure that the plaintiff's mail is not similarly diverted again.

[5]    Alternatively, where "a particular statute requires the plaintiff to plead exhaustion and the plaintiff fails to do so," or where "the complaint somehow reveals the exhaustion defense on its face[,]" a defendant may move to "dismiss the complaint on a Rule 12(b)(6) motion . . . ."  Thompson v. Drug Enforcement Admin., 492 F.3d 428, 438 (D.C. Cir. 2007) (citations omitted). Although the District raised the exhaustion issue on a Rule 12(b)(6) motion, the alleged failure to exhaust will be treated as an affirmative defense raised in a motion brought under Rule 56(b) for summary judgment.  This case involves no statutory requirement to plead exhaustion, nothing in the complaint establishes that the claims are not exhausted, and matters outside the pleadings have been presented and not excluded.  See Fed. R. Civ. P. 12(d); Yates v. Dist. of Columbia, 324 F.3d 724, 725 (D.C. Cir. 2003) (holding that a Rule 12 motion converts to one for summary judgment where matters outside the pleadings are considered).

-14-

exhaustion of administrative remedies is an affirmative defense,
the defendant bears the burden of pleading and proving it."
<u>Bowden v. United States</u>, 106 F.3d 433, 437 (D.C. Cir. 1997)
(citing <u>Brown v. Marsh</u>, 777 F.2d 8, 13 (D.C. Cir. 1985)).
Summary judgment may be granted only when it is shown that there
is no genuine issue as to any material fact and that the moving
party is entitled to judgment as a matter of law.  Fed. R. Civ.
P. 56(c); <u>Burke v. Gould</u>, 286 F.3d 513, 517 (D.C. Cir. 2002).  In
considering a motion for summary judgment, all "justifiable
inferences" from the evidence are to be drawn in favor of the
nonmovant.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255
(1986).

    Title VII, the ADEA, and the DCHRA each required that Cruz-
Packer satisfy certain administrative prerequisites before filing
suit.  A Title VII plaintiff is obligated to file a formal charge
with the EEOC and receive a right to sue letter before filing a
civil action in federal court.  <u>See</u> 42 U.S.C. §§ 2000e-5(e)(1) &
(f)(1); <u>Williams v. Wash. Metro. Area Transit Auth.</u>, 721 F.2d
1412, 1418 n.12 (D.C. Cir. 1983).  An ADEA plaintiff who is not a
federal employee is obligated to file a formal charge with the
EEOC before filing a law suit, 29 U.S.C. § 626(d)(1), but does
not have to receive a right to sue letter before filing suit.[6]  A
plaintiff filing DCHRA claims against the District as her

---

    [6]  Federal employees are governed by a separate provision of
the ADEA, not applicable here.  <u>See</u> 29 U.S.C. §§ 633a et seq.

-15-

employer must exhaust her administrative remedies by filing a
formal charge with the District's Office of Human Rights ("OHR")
before seeking relief in the courts.  See D.C. Mun. Regs. tit.
IV, §§ 105-06 (prescribing the procedures an aggrieved must
follow); Dist. of Columbia Hous. Auth. v. Dist. of Columbia
Office of Human Rights, 881 A.2d 600, 609 (D.C. 2005); Armstrong
v. Dist. of Columbia Public Library, 154 F. Supp. 2d 67, 73
(D.D.C. 2001) (citing Williams v. Dist. of Columbia, 467 A.2d 140
(D.C. 1983); Fowler v. Dist. of Columbia, 122 F. Supp. 2d 37, 40
(D.D.C. 2000).  Under a formal work-sharing agreement, filing a
formal charge with the EEOC satisfies any requirement to file a
formal charge with the District's OHR, and vice-versa.  See
Worksharing Agreement Between the District of Columbia Office of
Human Rights (FEPA) and the U.S. Equal Employment Opportunity
Commission Washington Field Office for Fiscal Year 2006, § II;
see also Bowie v. Gonzales, 433 F. Supp. 2d 24, 34 (D.D.C. 2006)
(citing Fowler, 122 F. Supp. at 42).

     The administrative requirements of Title VII and the ADEA
are not jurisdictional, and a plaintiff's default on either may
be equitably excused.  See Zipes v. Trans World Airlines, Inc., 455
U.S. 385, 393 (1982) (Title VII); Kennedy v. Whitehurst, 690 F.2d
951, 961 (D.C. Cir. 1982) (ADEA).  The District of Columbia Court
of Appeals has not held that the DCHRA's administrative
requirements are jurisdictional, and that court looks to parallel

-16-

federal statutes and case law for guidance in interpreting the DCHRA.  Blackman v. Visiting Nurse Ass'n, 694 A.2d 865, 869 n.3 (D.C. 1997) (citing Arthur Young & Co. v. Sutherland, 631 A.2d 354, 361 n.17 (D.C. 1993)).  Therefore, the DCHRA's administrative requirements will also be treated as non-jurisdictional and subject to being equitably excused in accord with the parallel federal laws.  See Zipes, 455 U.S. at 393; Kennedy, 690 F.2d at 961.

The pro se plaintiff here prematurely filed her civil action.  Cruz-Packer should not have filed this lawsuit before filing her EEOC charges.  However, the defect of a prematurely filed lawsuit may be excused when it is cured by the issuance of a right to sue letter while the action is pending.  Williams v. Washington Metro. Area Transit Auth., 721 F.2d at 1418 n.12 (listing cases); Holmes v. Phi Serv. Co., 437 F. Supp. 2d 110, 118 (D.D.C. 2006) ("[P]laintiff's receipt of the right-to-sue letter issued by the EEOC after her suit was filed . . . cured her prior failure to exhaust her administrative remedies.").  Cruz-Packer's right to sue letter was issued while this case was pending, thus her initial defect has been cured.  Since the defect will be excused, the District is not entitled to judgment on these claims as a matter of law.

The FMLA and the Equal Pay Act do not require a plaintiff to first exhaust administrative remedies before proceeding to court.

-17-

See Simmons v. Dist. of Columbia, 977 F. Supp. 2d 62, 64 (D.D.C. 1997) (stating that the FMLA does not require exhaustion of administrative remedies); Krohn v. Forsting, 11 F. Supp. 2d 1082, 1085 (E.D. Mo. 1998) (same); Ososky v. Wick, 704 F.2d 1264, 1265 (D.C. Cir. 1983) ("'[T]he Equal Pay Act, unlike Title VII, has no requirement for filing administrative complaints and awaiting administrative conciliation efforts.'") (quoting County of Washington v. Gunther, 452 U.S. 161 (1981)).  Therefore, to the extent that defendants argue that Cruz-Packer's failure to exhaust administrative remedies bars the FMLA and Equal Pay Act claims, their argument fails.

## CONCLUSION AND ORDER

Because some of Cruz-Packer's claims do not contemplate liability for the individual defendants, those claims will be dismissed as to the individual defendants.  Because service of process on the individual defendants was not effective, they will be dismissed from this action without prejudice.  Because Cruz-Packer followed the prescribed method of serving the District, which was rendered ineffective because of the District's conduct, and the District has shown no prejudice, she will be allowed additional time to perfect service on the District.  Because Cruz-Packer has now received her right to sue letter, the prematurity of her filing this civil action has been cured and will be excused.  Accordingly, it is hereby

-18-

ORDERED that the individual defendants' motions under
Rule 12(b)(6) to dismiss for failure to state a claim be, and
hereby are, DENIED in part and GRANTED in part.  They are granted
as to all individual defendants with respect to the Title VII and
ADEA claims, granted as to defendant Robinson with respect to the
defamation claim, and denied in all other respects.  It is
further

ORDERED that defendant Robinson's motion [14] under
Rule 12(b)(5) to dismiss for ineffective service of process be,
and hereby is, GRANTED, and the remaining defendants'
Rule 12(b)(5) motion [13] be, and hereby is, GRANTED in part and
DENIED in part.  It is granted as to the individual defendants
and denied as to the District.  Vincent Schiraldi, David Brown,
Mark Schindler, LaVern Evans, Dexter Dunbar, D.J. Thomas,
Fitzgerald Fant, and Pili Robinson are hereby dismissed, without
prejudice, as defendants from this action.  Cruz-Packer will be
allowed 30 days from the date of this Order to perfect service of
process on the District.  It is further

ORDERED that the defendants' motions to dismiss, treated as
motions for summary judgment, on the ground that Cruz-Packer
failed to exhaust her mandatory administrative remedies be, and
hereby are, DENIED.

-19-

SIGNED this 20th day of March, 2008.

```
                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge
```